UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

                                       14 CR 399 (ENV)

    -v.-

ABRAXIS J. DISCALA,
   also known as "AJ Discala," and
KYLEEN CANE,

      Defendants.

- - - - - - - - - - - - - - - - - - -X

## DEFENDANT CANE'S REQUESTS TO CHARGE

   Defendant Kyleen Cane ("Cane") respectfully requests the Court to charge the jury as follows. Fed. R. Crim. P. § 30.  Cane reserves the right to request additional charges based on the proof adduced during the trial.

## General Requests

The Court should give its customary instructions to the jury on the following matters:

   a.      Function Of Court And Jury.
   b.      Jury's Recollection Governs.
   c.      Note-taking by Jurors.
   d.      Indictment Not Evidence.
   e.      Statements Of Court And Counsel Not Evidence.
   f.      Burden Of Proof And Presumption Of Innocence.
   g.      Reasonable Doubt.
   h.      Government Treated Like Any Other Party.
   i.      Definitions, Explanations And Example Of Direct And Circumstantial Evidence.
   j.      Credibility Of Witnesses.
   k.      Right To See Exhibits And Have Testimony Read During Deliberations.
   l.      Duty to Base Verdict on Evidence.
   m.    Guilt is Personal
   n.      Sympathy:  Oath Of Jurors.
   o.      Punishment Is Not To Be Considered By The Jury.
   p.      Verdict Of Guilty Or Not-Guilty Must Be Unanimous.

## **The Indictment**

The defendants, ABRAXIS J. DISCALA, and KYLEEN CANE, are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is simply a charge or accusation. It is not evidence.

The Indictment in this case contains a total of eleven counts. Each count charges one or more of the defendants with a separate crime. Although there may be facts in common to all of the defendants and the different counts, each defendant and each count must be considered separately. You must return a separate verdict as to each defendant on each count he or she is charged with.

Count One of the Indictment charges both defendants with a criminal conspiracy to commit securities fraud in connection with certain specified Public Companies. It alleges that this conspiracy existed from at least in or about Oct. 2012 until in or about July 2014. It alleges that the defendants conspired to use and employ manipulative and deceptive devices and contrivances by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in the Public Companies, in connection with the purchase and sale of investments in the Public Companies, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

As I will explain in more detail in a few moments, a conspiracy, such as the one charged in Count One here, is a criminal agreement to violate the law, coupled with overt acts in furtherance of that agreement. Counts Two also charges certain defendants with participating in a conspiracy. The other charges in the Indictment, which are set forth in Counts Three through Eleven, allege

2

what are called "substantive" violations.  Unlike a conspiracy charge, which is a charge of agreeing to commit certain offenses coupled with an overt act, the substantive counts allege the commission of specified offenses.

The remaining conspiracy charge is as follows. Count Two of the Indictment charges both defendants with conspiracy to commit mail and wire fraud in connection with certain public companies. It alleges that this conspiracy existed from at least in or about Oct. 2012 until in or about July 2014. It alleges that the defendants conspired to devise a scheme and artifice to defraud investors and potential investors in the Public Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises.  It alleges that in executing such scheme and artifice, the defendants caused things to be delivered by FedEx Corp. ("FedEx") and other private and commercial interstate carriers.  The conspiracy charge in Count Two also alleges that the defendants transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds in furtherance of their scheme to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises.

The substantive charges in the Indictment are as follows. Count Three charges DISCALA only, not CANE, with substantive securities fraud in connection with CodeSmart. Count Four of the Indictment charges both defendants with substantive securities fraud in connection with Cubed. Counts Five through Eleven charge DISCALA only, not CANE, with substantive wire fraud in connection with Codesmart, Cubed, and StarStream.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the conspiracy charged in Count One.

## Counts One and Two:  General Conspiracy Instructions

Counts One and Two both charge that the defendants violated Section 371 of Title 18 of the United States Code.  That section provides in relevant part:

> "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each. . ." is guilty of a crime.

The Indictment also lists the overt acts that are alleged to have been committed in furtherance of the conspiracy.

A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal statutes, which the law refers to as "substantive crimes."

Indeed, you may find the defendant you are considering guilty of the crime of conspiracy to violate federal law even though none of the substantive crimes which were the object of the conspiracy was actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS).]

[*See United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal").]

## Counts One and Two:  Conspiracy Elements

In order to sustain its burden of proof with respect to the conspiracy allegations, the Government must separately establish beyond a reasonable doubt each of the following three essential elements:

First, that the conspiracy charged existed – that is, the existence of an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that the defendant you are considering knowingly became a member of the conspiracy; and

Third, that any one of the conspirators - not necessarily one of the defendants you are considering, but any one of the parties involved in the conspiracy - knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy. The Southern District of New York includes Manhattan.

Now let us separately consider these elements.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS).]

[See *United States v. Maldonado-Rivera*, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy), cert. denied, 111 S. Ct. 2858 (1991).]

**Counts One and Two:**
**First Conspiracy Element – Existence of the Conspiracy**

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding of two or more persons to accomplish by joint action a criminal or unlawful purpose. The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not an essential element of that crime.

In order to prove this element, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and setting forth details of the plans or the part to be played by each conspirator. Indeed, it is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution. To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner, through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan.

The adage "actions speak louder than words" is applicable here. Sometimes the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken together and considered as a whole, however, such acts may show a conspiracy or agreement as conclusively as would direct proof.

So, in considering the first element of the crime of conspiracy as charged in Counts One and Two, - whether the conspiracy actually existed - you should consider all the evidence which

has been admitted with respect to the acts, conduct and declarations of each alleged coconspirator, and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of the alleged conspirators met in an understanding way, and that they agreed to work together, by the means alleged, to accomplish at least one object of the charged conspiracy.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS).

[See *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at crosspurposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the defendants acted together with others to realize a common goal.")(citations omitted); see also *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).]

## **Multiple Conspiracies**

In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy in connection with Counts One and Two.  Rather, they claim that there were actually several separate and independent conspiracies with various groups of members, which the government has charged in Counts One and Two.

Whether there existed a single unlawful agreement in connection with each charged conspiracy, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements amongst different persons to achieve distinct purposes at various different times.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the Indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the Indictment.

You may find that there was a single conspiracy despite the fact that there were changes in personnel or activities over time, or both, as long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purposes charged in the Indictment in connection with the conspiracies charged in Counts One and Two.  The fact that the members of the two conspiracies charged in Counts One and Two are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that a conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of that single conspiracy charged in the indictment.  This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership among the conspiracies.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit that defendant of the conspiracy charge.

Therefore, what you must do is determine whether each of the single conspiracies charged in Counts One and Two of the Indictment existed as they are described in the Indictment.  If the single conspiracy did exist as charged in the Indictment, you must then determine the nature of the conspiracy, and decide who were its members.  Your decisions on these issues must be unanimous.

[Adapted from Sand, Modern Federal Jury Instructions, Inst. 19-5]

**Counts One and Two:**
**Conspiracy – Objects of the Conspiracy**

As I mentioned a few moments ago, each of the conspiracy charges in the Indictment charges specific unlawful purposes - also referred to as "objects" - of the conspiracy. I will now review each of those objects.

**Securities Fraud**

The crime alleged to be an object of the conspiracy charged in Count One is securities fraud. The Indictment charges, in summary, regarding Count One, that it was an object of the conspiracy to use and employ manipulative and deceptive devices and contrivances in connection with the public companies. The relevant law here, with regard to the securities fraud object of Counts One is Title 15, United States Code, Section 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, which prohibits securities fraud. Later, when I explain counts pertaining to the substantive crime of securities fraud, I will give you more detailed instructions regarding the objective of securities fraud as charged in Count One.

**Mail and Wire Fraud**

With regard to Count Two, the Indictment charges that the objects of the conspiracy were to commit mail and wire fraud.

For **mail fraud**, the relevant law is Title 18, United States Code, Section 1341, which makes it a crime to use the U.S. mail system in connection with a scheme to defraud. The mail fraud statute provides, in pertinent part, as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, . . . knowingly causes to be delivered by mail or [commercial interstate] carrier according to the direction thereon, or at the place at

10

which it is directed to be delivered by the person to whom it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall [be guilty of a crime].

The elements of mail fraud are thus:

First, that at or around the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud, or that the defendant knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used, or caused the use of, the mails as specified in the Indictment.

For **wire fraud**, the relevant law here is Title 18, United States Code, Section 1343, which makes it a crime to use the wires in connection with a scheme to defraud. The wire fraud statute provides, in pertinent part, as follows:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice shall [be guilty of a crime].

The elements of mail fraud are thus:

First, that at or around the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud, or that

11

the defendant knowingly and intentionally aided and abetted others in the scheme; and

Third, that in execution of that scheme, the defendant used, or caused the use of, the wires as specified in the Indictment.

For Count Two, you need not find that the conspirators agreed to accomplish both of the two objects charged. An agreement to accomplish any one of these objects is sufficient. As I stated earlier, I will provide you more information on the elements of the objects charged as substantive offenses when I instruct you on those crimes.

Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you the jury must unanimously agree on which of the charged objects, if any, was the specific object or objects of the alleged conspiracy. If the Government fails to prove beyond a reasonable doubt that at least one of the objects alleged in Count Two was in fact an objective of the conspiracy, then you must find the defendant you are considering not guilty as to the conspiracy charge in Count Two.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS).]

[Mail Fraud Elements adapted from Sand, Modern Federal Jury Instructions, Instr. 44-3 (2005); from charge of the Honorable Jed S. Rakoff in *United States v. Steven Gray*, 05 Cr. 1054 (S.D.N.Y. Feb. 13, 2007); *United States v. Fountain*, 357 F.2d 250, 256 (2d Cir. 2004 citing *United States v. DiNome*, 86 F.3d 277, 283 (2d Cir. 1996).]

**Good Faith**

As to the alleged objects of the charged conspiracies – securities, mail, and wire fraud - each requires what is called a "specific intent" to commit the crime charged on the part of each defendant individually. A defendant who has the "specific intent" to commit a particular crime is someone who knows he or she is doing something illegal, and who engages in that illegal act knowingly, willfully, and with the specific intent to commit the crime charged.

A defendant's good faith is a complete and absolute defense to the charges in this case. A defendant acting in good faith cannot be acting knowingly, willfully, and with a specific intent to commit the crime charged.

Thus, if you find that the defendant you are considering had an honest or genuine belief that his or her actions were lawful, you must find him or her not guilty of all counts that require a specific intent. A defendant's honestly or genuinely held belief that his or her actions were lawful is a complete and absolute defense, no matter how misleading, or deceptive his or her actions turn out to be, and no matter how much harm ultimately results, because such a defendant is acting in good faith.

In considering each individual defendant's good faith, I instruct you that each defendant has no burden to prove his or her good faith or anything else.  Rather, the government has the burden of proving each defendant's specific intent to commit each of the charged crimes beyond a reasonable doubt. If, after hearing all the evidence, you are left with a reasonable doubt that the defendant whom you are then considering acted with the specific intent to commit the crime charged against him or her, it is your duty to acquit that defendant of that charge.


[Adapted from Sand, *Modern Federal Jury Instructions*, Instruction 8.01]

**Counts One and Two:**
**Second Conspiracy Element – Membership in the Conspiracy**

If you conclude, that the Government has proven beyond a reasonable doubt that the either of the conspiracies charged in Counts One and Two existed, you must next determine the second element, and that is whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose or purposes, and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, the agreement, with a criminal intent, that is, with a purpose to violate the law, and that the defendant agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

*"Unlawfully," "Willfully" and "Knowingly" Defined*

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, the defendant in question's actions must have been the product of his conscious objective, with a bad purpose either to disobey or to disregard the law.

"Unlawfully" simply means contrary to law. The defendant in question need not have known that he was breaking any particular law or any particular rule.  He need only have been aware of the generally unlawful nature of his acts.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant you are considering joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement charged in the

14

indictment.

Now, a defendant's knowledge is a matter of inference from the facts proved. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts and conversations alleged to have taken place with a defendant or in his presence. The Government contends that these acts and conversations show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the charged conspiracies. It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent existed on the part of the defendant you are considering.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a coconspirator.

Nor is it necessary that the defendant in question received any monetary benefit from participating in the conspiracy, but the fact of or lack of a monetary benefit is a fact you can consider. While proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant in question had such an interest, or a lack thereof, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it at any time during its progress, and that defendant will still be held

responsible for all that was foreseeably done before he joined and all that was foreseeably done during the conspiracy's existence while the defendant was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of a conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. Conversely, if a defendant acts without knowledge of the conspiracy and its unlawful objectives, the fact that the defendant's acts merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member of the conspiracy. What is necessary is that the defendant has participated in the conspiracy with knowledge of its unlawful purpose or purposes, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

In sum, the defendant you are considering, with an understanding of the unlawful character of the conspiracy charged in the Indictment, must have intentionally engaged, advised or participated in it for the purpose of furthering its illegal objectives.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement - that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in

the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew or disassociated himself from it.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ), the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS), and the Honorable Victor Marrero in *United States v. Robert Owens*, 10 Cr. 309(VM).]

[See *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.")(citations omitted). See also *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct.  347 (1991); and *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).]

**Counts One and Two:**
**Third Conspiracy Element – Overt Acts**

The third element is the requirement of an overt act. To sustain its burden of proof with respect to the conspiracies charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the coconspirators - not necessarily by one of the defendants - in the Eastern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

The Indictment sets forth numerous overt acts the Government alleges were taken by the conspirators in furtherance of the conspiracies charged in Counts One and Two. I will not read all of the overt acts listed in the Indictment because in order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment. Indeed, you may find that overt acts were committed which were not alleged at all in the Indictment. It is sufficient for the Government to show that a defendant, or one of his alleged co-conspirators, knowingly committed an overt act in furtherance of the conspiracy during the life of the conspiracy. However, I caution you that the government must prove at least one overt act taken in furtherance of each of the conspiracies charged in Counts One and Two.  And I remind you that you must be unanimous in agreeing on what the overt act is in connection with each conspiracy.

You should bear in mind that an overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting a conspiratorial scheme. You are therefore instructed

that the overt act does not have to be an act which in and of itself is criminal or constitutes an

objective of the conspiracy.

[Adapted from the charges of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ) and the Honorable Leonard B. Sand in *United States v. Rigas*, 02 Cr. 1236 (LBS).]

[See *United States v. Provenzano*, 615 F.2d 37 (2d Cir.)(discussing overt act requirement), cert. denied, 446 U.S. 953 (1980).]

## Counts One and Two: Time of Conspiracy

The indictment charges that the conspiracies existed from at least in or about Oct. 2012 until in or about July 2014. It is not essential that the Government prove that the conspiracy started and ended in any specific month. Indeed, it is sufficient if you find that in fact the charged conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the charged conspiracy within that period.

[Adapted from the charge of the Honorable Paul A. Crotty in United States v. Mandell, 09 Cr. 662 (PAC).]

## <u>Counts Three through Eleven: The Substantive Counts</u>

I will now instruct you regarding the substantive counts of the Indictment, but before I do so I would like to further clarify the difference between the conspiracy counts, as charged in Counts One and Two, and the substantive counts, as charged in Counts Three through Eleven of the Indictment.

A conspiracy, as I said, is a separate crime of agreeing to commit an unlawful objective, coupled with an overt act.  Here, the Government contends that the substantive violations alleged to be objects of the conspiracies charged in Counts One and Two actually occurred. Thus, the defendants are charged in the Indictment with committing the substantive offenses that are the objects of the conspiracies charged in Counts One and Two, as well as with the conspiracies themselves.

I will now instruct you on the substantive crimes charged in the Indictment.

## Counts Three and Four: Securities Fraud
## The Statute and Rule 10B-5

Counts Three and Four of the Indictment charge that the defendants committed fraud in connection with Codesmart and Cubed, respectively.

Count Three alleges the following:

[The Court is respectfully requested to read Count Three of the Indictment.]

Count Four alleges the following:

[The Court is respectfully requested to read Count Four of the Indictment.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is codified as Title 15, United States Code, Section 78j(b). Section 10(b) provides, in pertinent part, as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, ... , any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, including Rule 10b-5, which reads:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a)        to employ any device, scheme, or artifice to defraud,
>
> (b)        to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

22

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

[Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Section 240.10b-5.]

 [Adapted from the charge of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); Sand, et al., Modern Federal Jury Instructions, Instr. 57-18.]

**<u>Counts Three and Four: Securities Fraud Elements</u>**

To prove a violation of Section 10(b), the Government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of securities, the defendant you are considering did any one or more of the following:

(1)     employed a device, scheme or artifice to defraud, or

(2)     made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3)     engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that the defendant you are considering acted knowingly, willfully and with the intent to defraud; and

Third, that the defendant you are considering used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I will now explain these elements.

[Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 57-21; see *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979), cert. denied, 444 U.S. 1082 (1980).]

**Counts Three and Four: Securities Fraud**
**First Element – Fraudulent Act**

The first element that the Government must prove beyond a reasonable doubt is that in connection with the purchase or sale of securities, the defendant you are considering did any one or more of the following:

(1)     employed a device, scheme or artifice to defraud, or

(2)     made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3)     engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the Government to establish all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will be sufficient for a conviction if you so find. However, you must be unanimous as to which type of unlawful conduct two or more conspirators agreed upon.

<u>"Device, Scheme, Or Artifice To Defraud"</u>

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective.  Fraud is a general term which embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

<u>False Statements And Omissions</u>

A statement, representation, claim, or document is false and fraudulent if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. The

concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is knowing and intentional deception, the manner in which it is accomplished does not matter.

"In Connection With"

You need not find that the defendant you are considering actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities.

The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant you are considering was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. It is also no defense that the defendant or his coconspirators did not control any actual securities in the course of the fraud. Nor is it necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock. By the same token, the Government need not prove that a defendant personally made the misrepresentation or that he personally omitted the material fact. It is sufficient if the Government

establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

"Material Fact"

If you find that the Government has established beyond a reasonable doubt that a statement was false or an omitted statement rendered the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.

The word "material" is used to describe the kind of false statements or omissions that are wrongful under the fraud statutes. A material fact is one that would have been important to a reasonable investor in making an investment decision. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.

This is not to say that it is a defense to the crime if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the conspiracy involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant you are considering profited or would have received any benefit as a result of the alleged scheme. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. However, if you find that the defendant you are considering expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I

27

will discuss in a moment. Any lack of financial incentive may be similarly considered.

[Adapted from the charge of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and from Sand, et al., Modern Federal Jury Instructions, Instrs. 57-18, 57-22, 57-26.]

**Counts Three and Four: Securities Fraud**
**Second Element – Knowledge, Intent and Willfulness**

The second element that the Government must establish beyond a reasonable doubt is that the defendant you are considering participated in the scheme to defraud knowingly, willfully and with intent to defraud.

As I explained earlier, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently, while "willfully" means to act knowingly and purposely, with an intent to do something the law forbids. "Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of securities fraud is an intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. I remind you, however, that a defendant has no burden to establish a defense of good faith in a criminal case. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

29

Under the antifraud statutes, *even* false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, I instruct you that a belief by a defendant, if such belief existed, that ultimately everything would work out so that none of the investors would lose any money does not require a finding by you that he acted in good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to sustain the charges against the defendant you are considering, the Government must establish beyond a reasonable doubt that he or she knew that his or her conduct as a participant in the scheme was calculated to deceive and nonetheless, he or she associated himself with the alleged fraudulent scheme.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you must acquit the defendant.

On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant you are considering was a knowing participant and acted with intent to defraud, and if the Government also establishes the third element, as to which I am about to

instruct you, then you have a sufficient basis upon which to convict the defendant.

[Adapted from the charge of the Honorable Barbara S. Jones in *United States v. Ebbers*, 02 Cr. 1144 (BSJ); and Sand, et al., Modern Federal Jury Instructions, Instr. 57-25.]

**Counts Three and Four: Securities Fraud**
**Third Element – Instrumentality of Interstate Commerce**

The third and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, means and instrumentalities of interstate commerce and the mails in furtherance of the scheme to defraud or fraudulent conduct.

It is not necessary that a defendant be directly or personally involved in any use of the means and instrumentalities of interstate commerce or any particular mailing. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of the means and instrumentalities of interstate commerce and the mails, then you may find that the defendant caused the means and instrumentalities of interstate commerce and the mails to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes the means and instrumentalities of interstate commerce to be used.

Nor is it necessary that the items sent through the mails contain the fraudulent material, or anything criminal or objectionable. The matter mailed may be entirely innocent.  So long as the mailing in question furthers the charged scheme to defraud in some way, such a mailing is sufficient.

In fact, the actual purchase or sale of securites need not be accompanied or accomplished by the use of the mails or the means and instrumentalities of interstate commerce, so long as the defendant is still engaged in actions that are a part of a fraudulent scheme.

Each specific use of the mails or the means and instrumentalities of interstate commerce in furtherance of the scheme to defraud constitutes a separate and distinct criminal offense.  However, I remind you that you must agree unanimously on a particular use of the mail, or another particular use of the means and instrumentalities of interstate commerce to find that the government has proven this element as to the individual defendant whom you are considering.

[Adapted from Sand, Modern Federal Jury Instructions, Instr. 57-26.]

## Counts Five through Eleven: Wire Fraud

**[Kyleen Cane is not charged in these counts. Accordingly, we leave it to the Government and defendant Discala to propose language for these counts. We reserve the right to object to any proposed language.]**

## All Counts: Conscious Avoidance

The defendant objects to *any* conscious avoidance charge. Conscious avoidance charges improperly dilute the *mens rea* required to be proven in a criminal case. On the facts of this case, Defendant Cane such a charge is also unwarranted.

If the charge is given over objection, the defendant requests that the government identify "the factual predicate for the [conscious avoidance] charge" and the evidence that would permit "a rational jury [to] reach the conclusion 'beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'" *U.S. v. Quattrone*, 441 F3d 153, 181 (2d Cir. 2006) (quoting *U.S. v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). Any charge delivered to the jury should then be limited to those issues for which an "appropriate factual predicate . . . exists." *Id.*

Thus, in that instance such a charge would include the following language: "if you find that the defendant you are considering deliberately acted with a conscious purpose to avoid learning [about _____], then you may treat the defendant as though he knew that particular fact existed."

If the charge is given over objection, the defendant requests that the Court instruct that both recklessness and negligence – not just negligence – are insufficient to establish conscious avoidance. *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 769-70 (2011) (noting that willful blindness has "an appropriately limited scope that surpasses recklessness and negligence" and expressly contrasting willful blindness with "a negligent defendant . . . who should have known of a similar risk but, in fact, did not").

If the charge is given over objection, the instruction must not suggest that the 'blindness' can be passive. It must instead convey that deliberate action is required. "While the Courts of Appeals articulate the doctrine of willful blindness in slightly different ways, all appear to agree

on two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists; and (2) the defendant must take *deliberate* actions to avoid learning of that fact."  *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 769-70 (2011) (emphasis supplied).]

## Multiple Counts / Multiple Defendants

The Indictment contains multiple counts and there are two distinct defendants on trial – A.J. Discala and Kyleen Cane. You must consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each individual defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.

[Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Alberto Vilar*, 05 Cr. 621(RJS); Sand, et al., Modern Federal Jury Instructions, Instr. 3-8, and from the charge approved in *United States v. Sanzo*, 673 F.2d 64 (2d Cir.), cert. denied, 459 U.S. 858 (1982) (approving instruction that "jury must as a matter of law consider each count of the indictment and the individual defendant's involvement in that count separately").]

**Motive Evidence**

You have heard evidence about the defendants' motives for committing the crimes charged. Proof of motive is not a necessary element of the crimes with which the defendants are charged. Proof of motive does not establish guilt, nor does lack of motive establish that a defendant is innocent.

If the guilt of the defendant you are considering is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of the defendant you are considering.

[Sand, et al., Modern Federal Jury Instructions, Instr. 6-18 (citing *United States v. Simon*, 425 F.2d 796 (2d Cir. 1969)).]

**Accomplice Testimony**

You have heard from witnesses who testified that they were actually involved in carrying out aspects of the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

The Government frequently argues, as it may do, that it must rely on the testimony of witnesses who admit to participating in the alleged crimes at issue. It asserts that it must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, he is incapable of telling the truth about what happened. Like the testimony of any other witness, the testimony of an accomplice witness should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case. You may consider whether an accomplice witness - like any other witness called in this case - has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You have heard testimony about agreements between the Government and the accomplice or cooperating witnesses.  I caution you that it not your concern why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful or false testimony here in this courtroom before you.

In evaluating the testimony of witnesses who are accomplices, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it. That is a determination entirely

40

for you, the jury.

[Adapted from the charge of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 CR 616 (KBF), ECF No. 347-7 at p. 20;  the Honorable Paul A. Crotty in *United States v. Mandell*, 09 Cr. 662 (PAC); and Sand, et al., Modern Federal Jury Instructions, Instr. 7-5.  See also *United States v. Projansky*, 465 F.2d 123, 136-37 fn. 25 (2d Cir.) (specifically approving charge set forth in footnote), cert. denied, 409 U.S. 1006 (1972); *United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), cert. denied, 444 U.S. 1082(1980); *United States v. Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also *United States v. Swiderski*, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).]

## Accomplice Testimony – Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising in part out of the same facts that are at issue in this case. I instruct you that you are to draw no conclusions or inferences of any kind about the guilt of a defendant merely from the fact that a prosecution witness pleaded guilty to similar charges. The decision of that witness to plead guilty was a personal decision that witness made about that witness's own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

[Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-110.  See *United States v. Ramirez*, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give charge if requested, unless there is no significant prejudice to defendant).]

## **Defendant's Right Not to Testify**

[If applicable]

The defendant[s] [_____] did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent. You may not attach any significance to the fact that a defendant did not testify. No adverse inference against them may be drawn by you because they did not take the witness stand. You may not consider this against a defendant in any way in your deliberations in the jury room.

[Sand, et al., Modern Federal Jury Instructions, Instr. 5-21.]

## Charts and Summaries – Admitted as Evidence

[If applicable]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries. I decided to admit these charts and summaries in place of and, at times, along with the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

[Sand, et al., Modern Federal Jury Instructions, Instr. 5-12. See also Fed. R. Evid. 1006.]

## **Stipulations of Evidence**

[If applicable]

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the weight and effect to be given that testimony.

[Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-7.]

## Stipulations of Fact

In this case you have heard evidence in the form of stipulations that contained facts that were agreed to be true.  In such instances, you must accept those facts as true.

**<u>Venue</u>**

In addition to the elements of the Counts that I have described for you, you must decide whether the alleged criminal acts in this case occurred within the Eastern District of New York.

The Government has offered evidence that some of the events relevant to the charges in the Indictment occurred in Brooklyn, Nassau and Suffolk counties. I instruct you that Brooklyn, Nassau and Suffolk counties are all in the Eastern District of New York.

I should note that on this issue - and this alone - the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that criminal activity occurred in the Eastern District of New York.

If you find that the Government has failed to prove this venue requirement as to a particular charge, then you must acquit the defendant you are considering of that charge.

**<u>Expert Testimony</u>**

You have heard testimony from certain witnesses who were qualified to testify as experts in different areas. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe any other witness's testimony. You may give an expert's testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept an expert witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

[Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-21.]

## **Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, whether you find the defendant you are considering guilty or not, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if you are convinced it is erroneous. But do not surrender your honest belief as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do not report how the vote stands, and, if you have reached a verdict, do not report what it is until you are asked to do so in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without

prejudice or sympathy.

You are free to select any member of the jury as the foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Dated: New York, New York
        March 23, 2018

                                        Respectfully submitted,

                                        SERCARZ & RIOPELLE, LLP

                            By:    *Roland G. Riopelle*
                                        Roland G. Riopelle, Esq.
                                        Robert Caliendo, Esq.
                                        810 Seventh Avenue
                                        Suite 620
                                        New York, NY  10019
                                        (212) 586-4900

                                        *Attorneys for Defendant*
                                        *Kyleen Cane*