**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------- x
-------
UNITED STATES OF AMERICA,          :          <u>FINAL JURY CHARGE</u>
                                   :
    -against-                       :          **14-CR-399 (S-1) (ENV)**
                                   :
**ABRAXAS DISCALA AND**            :
**KYLEEN CANE,**                   :
                                   :
                **Defendants.** x

------------------------------------------------

-------

**VITALIANO, D.J.**


## <u>TABLE OF CONTENTS</u>

**PART I:  GENERAL RULES** ...............................................................**7**

  **PRELIMINARY INSTRUCTIONS** ......................................................**7**

  **THE DUTIES OF THE JURY** ...............................................................**9**

  **PARTIES ARE EQUAL BEFORE THE COURT** .........................**12**

  **PRESUMPTION OF INNOCENCE** ...............................................**15**

  **BURDEN OF PROOF** ...........................................................................**17**

**REASONABLE DOUBT** ....................................................................**18**

**EVIDENCE GENERALLY** ..............................................................**21**

**STIPULATIONS** .................................................................................**22**

**WHAT IS NOT EVIDENCE** ............................................................**23**

**WIRETAPS AND TRANSCRIPTS** ................................................**27**

**CHARTS AND SUMMARIES – ADMITTED AS EVIDENCE**...**30**

**CHARTS AND SUMMARIES (NOT ADMITTED AS**

**EVIDENCE) (IF APPLICABLE)**.......................................................**31**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**........................**33**

**INFERENCES** ....................................................................................**38**

**IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION 40**

**NUMBER OF WITNESSES AND UNCONTRADICTED**

**TESTIMONY**......................................................................................**41**

**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED** ..**44**

**INTERVIEWED WITNESSES** ........................................................**45**

**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED**

.............................................................................................................**46**

ii

**OTHER INDIVIDUALS NOT ON TRIAL** ..................................... **48**

**WEIGHING CREDIBILITY INCLUDING *FALSUS IN UNO*** .... **51**

**TESTIMONY OF COOPERATING ACCOMPLICES** ................ **55**

**TESTIMONY OF IMMUNIZED WITNESSES (IF APPLICABLE)** ........................................................................ **59**

**SIMILAR ACTS EVIDENCE** ................................................ **62**

**CHARACTER EVIDENCE** ..................................................... **65**

**ADMISSION OF DEFENDANT (IF APPLICABLE)** .................. **67**

**DEFENDANTS' RIGHT NOT TO TESTIFY (IF APPLICABLE)** ................................................................................................ **68**

**TESTIMONY OF DEFENDANT (IF APPLICABLE)** ................. **70**

**EXPERT WITNESS** .............................................................. **71**

**LAW ENFORCEMENT EMPLOYEE TESTIMONY** ................. **73**

**PRIOR INCONSISTENT STATEMENTS** ................................ **75**

**II. LEGAL ELEMENTS OF THE CRIMES CHARGED** ............... **77**

**INTRODUCTION TO INDICTMENT** ..................................... **77**

**DATES APPROXIMATE** ........................................................ **80**

iii

**USE OF CONJUNCTIVE AND DISJUNCTIVE IN INDICTMENT**................................................................81

**KNOWINGLY AND INTENTIONALLY**.......................................82

**WILLFULLY**.................................................................85

**COUNT TWO: CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD**.....................................................................86

**ELEMENTS OF CONSPIRACY**........................................92

**THE SUBSTANTIVE OFFENSES OF MAIL AND WIRE FRAUD**...................................................................103

**COUNT ONE: CONSPIRACY TO COMMIT SECURITIES FRAUD**...................................................................139

**THE SUBSTANTIVE OFFENSE OF SECURITIES FRAUD**...148

**ELEMENTS OF CONSPIRACY REVIEWED**.........................159

**VENUE – CONSPIRACY TO COMMIT SECURITIES FRAUD**..................................................................175

**COUNT THREE – SECURITIES FRAUD (CODESMART)**.....179

**COUNT FOUR – SECURITIES FRAUD (CUBED)**....................185

iv

**VENUE – SECURITIES FRAUD** ...................................................**191**

**COUNTS FIVE THROUGH TEN - WIRE FRAUD**...................**196**

**GOOD FAITH** .................................................................................**205**

**FRAUD REQUIRES MORE THAN DECEIT** .............................**207**

**USING MOTIVE FOR INTENT**...................................................**209**

**III. RULES GOVERNING JURY DELIBERATIONS** ..................**210**

**INTRO.  TO DELIBERATIONS AND SELECTING**

**FOREPERSON**...................................................................................**210**

**DELIBERATIONS**...........................................................................**211**

**UNANIMOUS VERDICT** ...............................................................**213**

**TIME AND PLACE OF DELIBERATIONS**................................**214**

**NO CONSIDERATION OF PUNISHMENT**...............................**215**

**NO COMMUNICATIONS RULE** .................................................**217**

**JURY RECOLLECTION AND JURY NOTES** ...........................**219**

**COMPLETION OF VERDICT SHEET** ........................................**221**

**BIAS**...................................................................................................**223**

**JUROR'S OATH OF DUTY**...........................................................**224**

**DISMISSAL OF ALTERNATE JURORS** ....................................225

**PAUSE FOR EXCEPTIONS TO CHARGE**.................................226

## PART I:  GENERAL RULES

## PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY, NOW THAT THE EVIDENCE

IN THIS CASE HAS BEEN PRESENTED AND THE

ATTORNEYS FOR THE GOVERNMENT AND EACH

DEFENDANT HAS CONCLUDED THEIR CLOSING

ARGUMENTS, IT IS MY RESPONSIBILITY TO INSTRUCT

YOU AS TO THE LAW THAT GOVERNS THIS CASE.  BEFORE

I DO SO, I WANT TO THANK YOU FOR YOUR PATIENCE

AND COOPERATION.

MY INSTRUCTIONS WILL BE IN THREE PARTS:

FIRST:  I WILL INSTRUCT YOU REGARDING THE

GENERAL RULES THAT DEFINE AND GOVERN THE DUTIES

OF A JURY IN A CRIMINAL CASE;

**SECOND:  I WILL INSTRUCT YOU AS TO THE LEGAL ELEMENTS OF THE CRIMES CHARGED IN THE INDICTMENT, THAT IS, THE SPECIFIC ELEMENTS THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO WARRANT A FINDING OF GUILT; AND**

**THIRD:  I WILL GIVE YOU SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.**

## THE DUTIES OF THE JURY

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THIS CASE.  YOU ARE THE SOLE JUDGES OF THE FACTS, AND IT IS, THEREFORE, FOR YOU AND YOU ALONE TO PASS UPON THE WEIGHT OF THE EVIDENCE; TO RESOLVE SUCH CONFLICTS AS MAY HAVE APPEARED IN THE EVIDENCE; AND TO DRAW SUCH INFERENCES AS YOU DEEM TO BE REASONABLE AND WARRANTED FROM THE EVIDENCE OR LACK OF EVIDENCE IN THIS CASE.

WITH RESPECT TO ANY QUESTION CONCERNING THE FACTS, IT IS YOUR RECOLLECTION OF THE EVIDENCE

THAT CONTROLS.

TO THE FACTS AS YOU FIND THEM, YOU MUST APPLY

THE LAW IN ACCORDANCE WITH MY INSTRUCTIONS.

WHILE THE LAWYERS MAY HAVE COMMENTED ON SOME

OF THESE LEGAL RULES, YOU MUST BE GUIDED ONLY BY

WHAT I INSTRUCT YOU ABOUT THEM.  YOU MUST

FOLLOW ALL THE RULES AS I EXPLAIN THEM TO YOU.

YOU MAY NOT FOLLOW SOME AND IGNORE OTHERS;

EVEN IF YOU DISAGREE WITH OR DO NOT UNDERSTAND

THE REASONS FOR SOME OF THE RULES, YOU ARE BOUND

TO FOLLOW THEM.

I EXPRESS NO VIEW WHETHER A DEFENDANT IS

GUILTY OR NOT GUILTY OR AS TO ANY FACT.  YOU

SHOULD NOT DRAW ANY INFERENCE OR REACH ANY

**CONCLUSION AS TO WHETHER A DEFENDANT IS GUILTY OR NOT GUILTY FROM ANYTHING I MAY HAVE SAID OR DONE.  YOU WILL DECIDE THE CASE SOLELY ON THE FACTS YOU FIND AND THE LAW AS I GIVE IT TO YOU.**

## PARTIES ARE EQUAL BEFORE THE COURT

IN REACHING YOUR VERDICT, YOU ARE TO

PERFORM THE DUTY OF FINDING THE FACTS WITHOUT

BIAS OR PREJUDICE AS TO ANY PARTY.  YOU MUST

REMEMBER THAT ALL PARTIES STAND EQUAL BEFORE A

JURY IN THE COURTS OF THE UNITED STATES.  THE FACT

THAT THE GOVERNMENT IS A PARTY AND THE

PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED

STATES DOES NOT ENTITLE THE GOVERNMENT OR ITS

WITNESSES TO ANY GREATER CONSIDERATION THAN

THAT ACCORDED TO ANY OTHER PARTY.  BY THE SAME

TOKEN, YOU MUST GIVE IT NO LESS CONSIDERATION.

YOUR VERDICT MUST BE BASED SOLELY ON THE

EVIDENCE OR LACK OF EVIDENCE.

FOR THE SAME REASONS, THE PERSONALITIES AND THE CONDUCT OF COUNSEL ARE NOT IN ANY WAY IN ISSUE.  IF YOU FORMED REACTIONS OF ANY KIND TO ANY OF THE LAWYERS IN THE CASE, FAVORABLE OR UNFAVORABLE, WHETHER YOU APPROVED OR DISAPPROVED OF THEIR BEHAVIOR, THOSE REACTIONS MUST NOT ENTER INTO YOUR DELIBERATIONS.

DURING THE COURSE OF THE TRIAL, I MAY HAVE ADMONISHED AN ATTORNEY. YOU SHOULD DRAW NO INFERENCE AGAINST THE ATTORNEY OR THE CLIENT. IT IS THE DUTY OF THE ATTORNEYS TO OFFER EVIDENCE AND PRESS OBJECTIONS ON BEHALF OF THEIR SIDE. IT IS MY FUNCTION TO CUT OFF COUNSEL FROM AN IMPROPER LINE OF ARGUMENT OR QUESTIONING, AND

13

**TO STRIKE ANSWERS WHEN I THINK IT IS NECESSARY.**

**BUT YOU SHOULD DRAW NO INFERENCE FROM THAT.**

## PRESUMPTION OF INNOCENCE

THE INDICTMENT THAT WAS FILED AGAINST THE

DEFENDANTS IS THE MEANS BY WHICH THE

GOVERNMENT GIVES THE DEFENDANTS NOTICE OF THE

CHARGES AGAINST THEM AND BRINGS THEM BEFORE

THE COURT.  THE INDICTMENT IS AN ACCUSATION AND

NOTHING MORE.  THE INDICTMENT IS NOT EVIDENCE

AND YOU ARE TO GIVE IT NO WEIGHT IN ARRIVING AT

YOUR VERDICT.

THE DEFENDANTS, IN RESPONSE TO THE

INDICTMENT, PLEADED "NOT GUILTY."  A DEFENDANT IS

PRESUMED TO BE INNOCENT UNLESS HIS OR HER GUILT

HAS BEEN PROVEN BEYOND A REASONABLE DOUBT, AND

THAT PRESUMPTION ALONE, UNLESS OVERCOME, IS

SUFFICIENT TO ACQUIT HIM OR HER.  EACH DEFENDANT

IS ON TRIAL FOR THE CRIMES CHARGED AGAINST HIM

AND HER IN THE INDICTMENT AND NOT FOR ANYTHING

ELSE.

## <u>BURDEN OF PROOF</u>

THE GOVERNMENT HAS THE BURDEN – THAT IS, THE

OBLIGATION – OF PROVING GUILT BEYOND A

REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A

DEFENDANT.  A DEFENDANT DOES NOT HAVE TO PROVE

HIS OR HER INNOCENCE; HE OR SHE NEED NOT SUBMIT

ANY EVIDENCE AT ALL.

## REASONABLE DOUBT

SINCE, IN ORDER TO CONVICT A DEFENDANT OF A GIVEN CHARGE, THE GOVERNMENT IS REQUIRED TO PROVE THAT CHARGE BEYOND A REASONABLE DOUBT, THE QUESTION THEN IS:  WHAT IS REASONABLE DOUBT? THE WORDS ALMOST DEFINE THEMSELVES.  IT IS A DOUBT BASED UPON REASON.  IT IS A DOUBT THAT A REASONABLE PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE EVIDENCE OR LACK OF EVIDENCE.  IT IS A DOUBT THAT WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF IMPORTANCE IN HIS OR HER PERSONAL LIFE.  PROOF BEYOND A REASONABLE DOUBT MUST, THEREFORE, BE PROOF OF A CONVINCING CHARACTER

THAT A REASONABLE PERSON WOULD NOT HESITATE TO

RELY UPON IN MAKING AN IMPORTANT DECISION.

A REASONABLE DOUBT IS NOT CAPRICE OR WHIM.

IT IS NOT SPECULATION OR SUSPICION.  IT IS NOT AN

EXCUSE TO AVOID THE PERFORMANCE OF AN

UNPLEASANT DUTY.  THE LAW DOES NOT REQUIRE THAT

THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE

DOUBT:  PROOF BEYOND A REASONABLE DOUBT IS

SUFFICIENT TO CONVICT.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF

THE EVIDENCE, YOU HAVE A REASONABLE DOUBT AS TO

A DEFENDANT'S GUILT WITH RESPECT TO A PARTICULAR

CHARGE AGAINST HIM OR HER, YOU MUST FIND THAT

DEFENDANT NOT GUILTY OF THAT CHARGE.  ON THE

OTHER HAND, IF AFTER FAIR AND IMPARTIAL

CONSIDERATION OF ALL THE EVIDENCE, YOU ARE

SATISFIED BEYOND A REASONABLE DOUBT OF A

DEFENDANT'S GUILT WITH RESPECT TO A PARTICULAR

CHARGE AGAINST HIM OR HER, YOU SHOULD FIND THAT

DEFENDANT GUILTY OF THAT CHARGE.

## EVIDENCE GENERALLY

I WISH TO EXPAND NOW ON THE INSTRUCTIONS I

GAVE YOU AT THE BEGINNING OF THE TRIAL AS TO

WHAT IS EVIDENCE AND HOW YOU SHOULD CONSIDER IT.

EVIDENCE COMES IN SEVERAL FORMS, INCLUDING:

      A.  SWORN TESTIMONY OF WITNESSES, BOTH ON

DIRECT AND CROSS-EXAMINATION, AND REGARDLESS OF

WHO CALLED THE WITNESS;

      B.  EXHIBITS THAT HAVE BEEN RECEIVED IN

EVIDENCE BY THE COURT; AND

      C.  FACTS TO WHICH ALL THE LAWYERS HAVE

AGREED OR STIPULATED.

## <u>STIPULATIONS</u>

THE PARTIES HAVE STIPULATED TO CERTAIN FACTS

IN THIS CASE.  SUCH A STIPULATION IS AN AGREEMENT

AMONG THE PARTIES THAT A CERTAIN FACT IS TRUE.

YOU MUST CONSIDER SUCH STIPULATED FACTS AS TRUE.

## <u>WHAT IS NOT EVIDENCE</u>

CERTAIN THINGS ARE NOT EVIDENCE AND ARE TO

BE DISREGARDED BY YOU IN DECIDING WHAT THE FACTS

ARE.  THEY ARE AS FOLLOWS:

FIRST, ARGUMENTS OR STATEMENTS BY LAWYERS

ARE NOT EVIDENCE.

QUESTIONS PUT TO THE WITNESSES ARE NOT

EVIDENCE.  IT IS THE QUESTION COMBINED WITH THE

ANSWER THAT IS EVIDENCE.

IN ADDITION TO THE LAWYERS' QUESTIONS, I

OCCASIONALLY MAY HAVE ASKED QUESTIONS FOR

PURPOSES OF CLARIFICATION.  PLEASE DO NOT ASSUME

THAT THE QUESTIONS ARE EVIDENCE OR THAT I HOLD

ANY OPINION ON THE MATTERS TO WHICH ANY

QUESTIONS MAY HAVE RELATED.  I DO NOT.  THOSE

QUESTIONS WERE ASKED SOLELY IN AN EFFORT OR

ATTEMPT TO MAKE SOMETHING CLEARER.

SIMILARLY, OBJECTIONS TO QUESTIONS OR TO

OFFERED EXHIBITS ARE NOT EVIDENCE.  IN THIS

REGARD, ATTORNEYS HAVE A DUTY TO THEIR CLIENTS

TO OBJECT WHEN THEY BELIEVE EVIDENCE SHOULD

NOT BE RECEIVED.  YOU SHOULD NOT BE INFLUENCED BY

THE OBJECTION OR BY THE COURT'S RULING ON IT.  IF

THE OBJECTION WAS SUSTAINED, IGNORE THE

QUESTION.  IF THE OBJECTION WAS OVERRULED, TREAT

THE ANSWER LIKE ANY OTHER ANSWER.

OF COURSE, TESTIMONY THAT HAS BEEN STRICKEN

OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD IS

NOT EVIDENCE, AND MUST BE DISREGARDED.

EQUALLY OBVIOUS, ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE.

FINALLY, IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT A DEFENDANT'S RACE, RELIGION, NATIONAL ORIGIN, ETHNIC BACKGROUND, SEX, OR AGE.  ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT HAS THE SAME BURDEN OF PROOF. IN ADDITION, IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE GOVERNMENT OF THE UNITED STATES OR THE

NATURE OF THE CRIME CHARGED TO INTERFERE WITH

YOUR DECISION-MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED

EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF

EVIDENCE IN THE CASE.

## WIRETAPS AND TRANSCRIPTS

THE GOVERNMENT HAS OFFERED EVIDENCE IN THE

FORM OF RECORDINGS OF TELEPHONE CALLS AND

TRANSMITTED TEXT MESSAGES INVOLVING THE

DEFENDANTS.  SOME OF THOSE WERE OBTAINED

WITHOUT THE KNOWLEDGE OF THE PARTIES TO THESE

COMMUNICATIONS, BUT WITH THE CONSENT AND

AUTHORIZATION OF THE COURT OF THE EASTERN

DISTRICT OF NEW YORK.  THESE SO CALLED WIRETAPS

WERE LAWFULLY OBTAINED.  THE USE OF THIS

PROCEDURE TO GATHER EVIDENCE IS PERFECTLY

LAWFUL AND THE GOVERNMENT HAS THE RIGHT TO USE

SUCH "WIRETAPS" IN THIS CASE.

WITH RESPECT TO THESE RECORDINGS, THE
GOVERNMENT WAS PERMITTED TO PROVIDE
TRANSCRIPTS CONTAINING ITS INTERPRETATION OF
WHAT WAS SAID ON ENGLISH LANGUAGE RECORDINGS
THAT WERE RECEIVED INTO EVIDENCE.  THE
TRANSCRIPTS WERE PROVIDED TO YOU AS AIDS OR
GUIDES TO ASSIST YOU IN LISTENING TO THE
RECORDINGS.  HOWEVER, THEY ARE NOT, IN AND OF
THEMSELVES, EVIDENCE.  THEY WERE NOT ADMITTED
INTO EVIDENCE.  THE RECORDINGS ARE THE PRIMARY
AND BEST SOURCE OF EVIDENCE.

WHEN THE RECORDINGS WERE PLAYED, I ADVISED
YOU TO LISTEN VERY CAREFULLY TO THE RECORDINGS
THEMSELVES.  FOR RECORDINGS IN ENGLISH, YOU

**SHOULD MAKE YOUR OWN INTERPRETATION OF WHAT**

**APPEARS ON THE RECORDING BASED ON WHAT YOU**

**HEARD.  IF YOU THINK YOU HEARD SOMETHING**

**DIFFERENTLY THAN THE WAY IT APPEARED ON THE**

**TRANSCRIPT, WHAT YOU HEARD IS CONTROLLING.  YOU,**

**THE JURY, ARE THE SOLE JUDGES OF THE FACTS.**

## <u>CHARTS AND SUMMARIES – ADMITTED AS EVIDENCE</u>

SOME OF THE EXHIBITS THAT WERE ADMITTED INTO EVIDENCE WERE IN THE FORM OF CHARTS AND SUMMARIES.  I DECIDED TO ADMIT THESE CHARTS AND SUMMARIES IN PLACE OF AND, AT TIMES, ALONG WITH THE UNDERLYING DOCUMENTS THAT THEY REPRESENT IN ORDER TO SAVE TIME AND AVOID UNNECESSARY INCONVENIENCE.  YOU SHOULD CONSIDER THESE CHARTS AND SUMMARIES AS YOU WOULD ANY OTHER EVIDENCE.

# **CHARTS AND SUMMARIES (NOT ADMITTED AS EVIDENCE)**

# **(IF APPLICABLE)**

DURING THE COURSE OF TRIAL, THERE WERE CERTAIN OTHER CHARTS AND SUMMARIES SHOWN TO YOU IN ORDER TO MAKE THE OTHER EVIDENCE MORE MEANINGFUL AND TO AID YOU IN CONSIDERING THAT EVIDENCE. THEY ARE NOT DIRECT, INDEPENDENT EVIDENCE; THEY ARE SUMMARIES OF THE EVIDENCE. THEY WERE ADMITTED AS AIDS TO YOU.

IT IS FOR YOU TO DECIDE WHETHER THE CHARTS AND SUMMARIES CORRECTLY PRESENT INFORMATION CONTAINED IN THE TESTIMONY AND IN THE EXHIBITS ON WHICH THEY ARE BASED. TO THE EXTENT THAT THE CHARTS CONFORM WITH WHAT YOU DETERMINE THE UNDERLYING EVIDENCE TO BE, YOU MAY CONSIDER THEM IF YOU FIND THAT THEY ARE OF ASSISTANCE TO YOU IN ANALYZING AND UNDERSTANDING THE

**EVIDENCE.**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I TOLD YOU THAT EVIDENCE COMES IN VARIOUS

FORMS SUCH AS THE SWORN TESTIMONY OF WITNESSES,

EXHIBITS, AND STIPULATIONS.

THERE ARE, IN ADDITION, DIFFERENT KINDS OF

EVIDENCE -- DIRECT AND CIRCUMSTANTIAL.

DIRECT EVIDENCE IS THE COMMUNICATION OF A

FACT BY A WITNESS, WHO TESTIFIED TO THE

KNOWLEDGE OF THAT FACT AS HAVING BEEN OBTAINED

THROUGH ONE OF THE FIVE SENSES.  SO, FOR EXAMPLE,

A WITNESS WHO TESTIFIED TO KNOWLEDGE OF A FACT

BECAUSE SHE OR HE SAW IT, HEARD IT, SMELLED IT,

TASTED IT, OR TOUCHED IT IS GIVING EVIDENCE WHICH

IS DIRECT.  WHAT REMAINS IS YOUR RESPONSIBILITY TO

PASS UPON THE CREDIBILITY OF THE TESTIMONY THAT WITNESS GAVE.

CIRCUMSTANTIAL EVIDENCE IS EVIDENCE WHICH TENDS TO PROVE A FACT IN ISSUE BY PROOF OF OTHER FACTS FROM WHICH THE FACT IN ISSUE MAY BE INFERRED.

THE WORD "INFER" – OR THE EXPRESSION "TO DRAW AN INFERENCE" -- MEANS TO FIND THAT A FACT EXISTS FROM PROOF OF ANOTHER FACT.  FOR EXAMPLE, IF A FACT IN ISSUE IS WHETHER IT IS RAINING AT THE MOMENT, NONE OF US CAN TESTIFY DIRECTLY TO THAT FACT SITTING AS WE ARE IN WHAT IS AN ESSENTIALLY WINDOWLESS COURTROOM.  ASSUME, HOWEVER, THAT AS WE ARE SITTING HERE, A PERSON WALKS INTO THE

COURTROOM WEARING A RAINCOAT THAT IS DRIPPING

WET AND CARRYING AN UMBRELLA THAT IS DRIPPING

WATER.  WE MAY INFER FROM THOSE FACTS THAT IT IS

RAINING OUTSIDE.  IN OTHER WORDS, THE FACT OF RAIN

IS AN INFERENCE THAT COULD BE DRAWN FROM THE

WET RAINCOAT AND THE DRIPPING UMBRELLA.

HOWEVER, FROM THE DIRECT EVIDENCE OF YOUR

OBSERVATION OF A PERSON ENTERING THE

COURTROOM WEARING A WET RAINCOAT AND

CARRYING A WET UMBRELLA ALONE, YOU COULD NOT

INFER EXACTLY WHEN THE RAIN HAD STARTED OR FOR

HOW LONG IT HAD RAINED.

AN INFERENCE IS TO BE DRAWN ONLY IF IT IS

LOGICAL AND REASONABLE TO DO SO.  IN DECIDING

WHETHER TO DRAW AN INFERENCE, YOU MUST LOOK AT

AND CONSIDER ALL THE FACTS IN THE LIGHT OF

REASON, COMMON SENSE, AND EXPERIENCE.  WHETHER

A GIVEN INFERENCE IS OR IS NOT TO BE DRAWN IS

ENTIRELY A MATTER FOR YOU, THE JURY, TO DECIDE.

PLEASE BEAR IN MIND, HOWEVER, THAT AN INFERENCE

IS NOT TO BE DRAWN BY GUESSWORK OR SPECULATION.

I REMIND YOU ONCE AGAIN THAT YOU MAY NOT

CONVICT A DEFENDANT UNLESS YOU ARE SATISFIED OF

HIS OR HER GUILT BEYOND A REASONABLE DOUBT,

WHETHER BASED ON DIRECT EVIDENCE,

CIRCUMSTANTIAL EVIDENCE, OR THE LOGICAL

INFERENCES TO BE DRAWN FROM SUCH EVIDENCE.

CIRCUMSTANTIAL EVIDENCE DOES NOT

NECESSARILY PROVE LESS THAN DIRECT EVIDENCE, NOR

DOES IT NECESSARILY PROVE MORE.  YOU ARE TO

CONSIDER ALL THE EVIDENCE IN THE CASE, DIRECT AND

CIRCUMSTANTIAL, IN DETERMINING WHAT THE FACTS

ARE AND IN ARRIVING AT YOUR VERDICT.

## INFERENCES

I WILL NOW INSTRUCT YOU FURTHER ABOUT

INFERENCES.  DURING THE TRIAL, YOU MAY HAVE

HEARD THE ATTORNEYS USE THE TERM "INFERENCE,"

AND IN THEIR ARGUMENTS THEY MAY HAVE ASKED YOU

TO INFER, ON THE BASIS OF YOUR REASON, EXPERIENCE

AND COMMON SENSE, FROM ONE OR MORE PROVEN

FACTS, THE EXISTENCE OF SOME OTHER FACTS.

AN INFERENCE IS NOT A SUSPICION OR A GUESS.  IT

IS A LOGICAL CONCLUSION THAT A DISPUTED FACT

EXISTS THAT WE REACH IN LIGHT OF ANOTHER FACT

WHICH HAS BEEN SHOWN TO EXIST.  THERE ARE TIMES

WHEN DIFFERENT INFERENCES MAY BE DRAWN FROM

FACTS, WHETHER PROVED BY DIRECT OR

CIRCUMSTANTIAL EVIDENCE.  IT IS FOR YOU, AND YOU

ALONE, TO DECIDE WHAT INFERENCES YOU WILL DRAW.

KEEP IN MIND THAT THE MERE EXISTENCE OF AN

INFERENCE AGAINST A DEFENDANT DOES NOT RELIEVE

THE GOVERNMENT OF THE BURDEN OF ESTABLISHING

ITS CASE BEYOND A REASONABLE DOUBT.

# **IMPERMISSIBLE TO INFER GUILT FROM ASSOCIATION**

**IN CONSIDERING INFERENCES, KEEP IN MIND THAT YOU MAY NOT INFER THAT A DEFENDANT IS GUILTY OF CRIMINAL CONDUCT MERELY FROM THE FACT THAT HE OR SHE ASSOCIATED WITH OTHER PEOPLE WHO WERE GUILTY OF WRONGDOING, OR THAT HE OR SHE WAS PRESENT AT THE TIME THAT CRIMINAL CONDUCT WAS BEING COMMITTED, OR THAT HE OR SHE HAD KNOWLEDGE THAT IT WAS BEING COMMITTED.**

# NUMBER OF WITNESSES

# AND UNCONTRADICTED TESTIMONY

THE FACT THAT ONE SIDE OR THE OTHER CALLED

MORE WITNESSES OR INTRODUCED MORE EVIDENCE

DOES NOT MEAN THAT YOU SHOULD FIND THE FACTS IN

FAVOR OF THE SIDE WHO CALLED MORE

WITNESSES.  YOU MUST NOT PERMIT THE NUMBER OF

WITNESSES OR DOCUMENTS SUPPLIED OR THE AMOUNT

OF TIME TAKEN IN EXAMINING A WITNESS TO

OVERWHELM YOUR JUDGMENT.  THE WEIGHT OF THE

EVIDENCE IS BY NO MEANS DETERMINED BY THE

NUMBER OF WITNESSES OR THE LENGTH OF THEIR

TESTIMONY OR THE QUANTITY OF DOCUMENTS.  YOU

MUST KEEP IN MIND THAT THE BURDEN OF PROOF IS

ALWAYS ON THE GOVERNMENT AND A DEFENDANT IS
NOT REQUIRED TO CALL ANY WITNESS OR OFFER ANY
EVIDENCE BECAUSE A DEFENDANT IS PRESUMED TO BE
INNOCENT.

BY THE SAME TOKEN, YOU DO NOT HAVE TO ACCEPT
THE TESTIMONY OF ANY WITNESS WHO HAS NOT BEEN
CONTRADICTED OR IMPEACHED, IF YOU FIND THE
WITNESS NOT TO BE CREDIBLE.  YOU ALSO HAVE TO
DECIDE WHICH WITNESSES TO BELIEVE AND WHICH
FACTS ARE TRUE.  TO DO THIS YOU MUST LOOK AT ALL
THE EVIDENCE, DRAWING UPON YOUR OWN COMMON
SENSE AND PERSONAL EXPERIENCE.  BUT, AGAIN, YOU
MUST KEEP IN MIND THAT THE BURDEN OF PROOF IS
ALWAYS ON THE GOVERNMENT AND A DEFENDANT IS

**NOT REQUIRED TO CALL ANY WITNESSES OR OFFER ANY**

**EVIDENCE, BECAUSE THEY ARE PRESUMED TO BE**

**INNOCENT.**

## <u>ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED</u>

THE LAW DOES NOT REQUIRE ANY PARTY TO CALL

AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN

PRESENT AT ANY TIME OR PLACE INVOLVED IN THE

CASE, OR WHO MAY APPEAR TO HAVE SOME

KNOWLEDGE OF THE MATTER IN ISSUE AT THIS TRIAL.

NOR DOES THE LAW REQUIRE ANY PARTY TO PRODUCE

AS EXHIBITS ALL PAPERS AND THINGS MENTIONED

DURING THE COURSE OF THE TRIAL.  AND, OF COURSE, A

DEFENDANT IN A CRIMINAL CASE IS NOT REQUIRED TO

CALL ANY WITNESSES OR PRODUCE ANY EVIDENCE AT

ALL.

## INTERVIEWED WITNESSES

DURING THE COURSE OF TRIAL YOU HEARD

TESTIMONY THAT ATTORNEYS INTERVIEWED

WITNESSES WHEN PREPARING FOR AND DURING THE

TRIAL.  YOU MUST NOT DRAW ANY UNFAVORABLE

INFERENCE FROM THAT FACT.

ON THE CONTRARY, ATTORNEYS ARE OBLIGED TO

PREPARE THEIR CASE AS THOROUGHLY AS POSSIBLE,

AND IN THE DISCHARGE OF THAT RESPONSIBILITY,

PROPERLY INTERVIEW WITNESSES IN PREPARATION FOR

THE TRIAL AND FROM TIME TO TIME AS MAY BE

REQUIRED DURING THE COURSE OF TRIAL.

## SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED

DURING THE TRIAL YOU HAVE HEARD TESTIMONY

OF WITNESSES AND ARGUMENT BY COUNSEL THAT THE

GOVERNMENT DID NOT UTILIZE SPECIFIC

INVESTIGATIVE TECHNIQUES OR EXHAUSTIVELY PURSUE

EVERY PIECE OF INFORMATION.  YOU MAY CONSIDER

THESE FACTS IN DECIDING WHETHER THE GOVERNMENT

HAS MET ITS BURDEN OF PROOF, BECAUSE, AS I TOLD

YOU, YOU SHOULD LOOK AT ALL OF THE EVIDENCE OR

LACK OF EVIDENCE IN DECIDING WHETHER THE

GOVERNMENT HAS PROVEN A PARTICULAR CHARGE

BEYOND A REASONABLE DOUBT.

HOWEVER, YOU ARE ALSO INSTRUCTED THAT

THERE IS NO LEGAL REQUIREMENT THAT THE

GOVERNMENT USE ANY SPECIFIC INVESTIGATIVE

TECHNIQUES OR PURSUE EVERY INVESTIGATIVE LEAD

TO PROVE ITS CASE.  LAW ENFORCEMENT TECHNIQUES

ARE NOT YOUR CONCERN.  YOUR CONCERN IS TO

DETERMINE WHETHER OR NOT, BASED UPON ALL THE

EVIDENCE PRESENTED IN THE CASE, THE GOVERNMENT

HAS PROVEN THAT THE DEFENDANT IS GUILTY BEYOND

A REASONABLE DOUBT.

## OTHER INDIVIDUALS NOT ON TRIAL

IN ADDITION TO THE EVIDENCE ABOUT THE

INVOLVEMENT OF COOPERATING ACCOMPLICES WHO

TESTIFIED AT TRIAL, EVIDENCE HAS ALSO BEEN

INTRODUCED AS TO THE INVOLVEMENT OF CERTAIN

OTHER INDIVIDUALS IN THE CRIMES CHARGED IN THE

INDICTMENT.  YOU MAY NOT DRAW ANY INFERENCE,

FAVORABLE OR UNFAVORABLE, TOWARD THE

GOVERNMENT OR THE DEFENDANT ON TRIAL FROM THE

FACT THAT CERTAIN PERSONS WERE NOT NAMED AS

DEFENDANTS IN THIS INDICTMENT.  YOU SHOULD DRAW

NO INFERENCE FROM THE FACT THAT ANY OTHER

PERSON IS NOT PRESENT AT THIS TRIAL.  YOUR CONCERN

IS SOLELY THE DEFENDANTS ON TRIAL BEFORE YOU.

**THAT OTHER INDIVIDUALS ARE NOT ON TRIAL**

**BEFORE YOU IS NOT A MATTER OF CONCERN TO YOU.**

**YOU SHOULD NOT SPECULATE AS TO THE REASONS**

**THESE INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU.**

**THE FACT THAT THESE INDIVIDUALS ARE NOT ON TRIAL**

**BEFORE YOU SHOULD NOT CONTROL OR INFLUENCE**

**YOUR VERDICT WITH REFERENCE TO THE DEFENDANTS**

**WHO ARE ON TRIAL.  YOU MUST ONLY CONSIDER**

**WHETHER THE GOVERNMENT HAS PROVED, BEYOND A**

**REASONABLE DOUBT, THAT EITHER OF THE DEFENDANTS**

**IS GUILTY OF A CRIME.  THE FACT THAT THESE**

**INDIVIDUALS ARE NOT ON TRIAL BEFORE YOU SHOULD**

**NOT CONTROL OR INFLUENCE IN ANY WAY YOUR**

**VERDICT WITH REFERENCE TO EITHER OF THE**

**DEFENDANTS.**

## WEIGHING CREDIBILITY INCLUDING *FALSUS IN UNO*

IN DECIDING WHAT THE FACTS ARE, YOU MUST

DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH

TESTIMONY NOT TO BELIEVE.  IN MAKING THAT

DECISION, YOU SHOULD USE THE SAME REASON YOU

WOULD EMPLOY IN MAKING DETERMINATIONS

IMPORTANT IN YOUR OWN AFFAIRS THAT ARE BASED ON

INFORMATION GIVEN TO YOU BY OTHERS.  THERE ARE A

NUMBER OF FACTORS YOU MAY TAKE INTO ACCOUNT IN

DETERMINING WHETHER THE TESTIMONY OF A WITNESS

IS BELIEVABLE, INCLUDING THE FOLLOWING:

(1)  DID THE WITNESS IMPRESS YOU AS HONEST?

(2)  DID THE WITNESS HAVE ANY PARTICULAR

REASON NOT TO TELL THE TRUTH?

(3)  DID THE WITNESS HAVE A PERSONAL INTEREST

IN THE OUTCOME OF THE CASE?

(4)  DID THE WITNESS SEEM TO HAVE A GOOD

MEMORY?

(5)  DID THE WITNESS HAVE THE OPPORTUNITY AND

ABILITY TO OBSERVE ACCURATELY THE THINGS HE

TESTIFIED ABOUT?

(6)  DID THE WITNESS APPEAR TO UNDERSTAND THE

QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?

(7)  DID THE WITNESS'S TESTIMONY DIFFER FROM

THE TESTIMONY OF OTHER WITNESSES?

PEOPLE SOMETIMES FORGET THINGS.  A

CONTRADICTION MAY BE AN INNOCENT LAPSE OF

MEMORY OR IT MAY BE AN INTENTIONAL FALSEHOOD.

CONSIDER, THEREFORE, WHETHER THE

CONTRADICTION, IF THERE WAS ONE, HAS TO DO WITH

AN IMPORTANT FACT, OR ONLY A SMALL DETAIL.

DIFFERENT PEOPLE OBSERVING AN EVENT MAY

REMEMBER IT DIFFERENTLY AND THEREFORE TESTIFY

ABOUT IT DIFFERENTLY.

BUT, IF ANY WITNESS IS SHOWN TO HAVE

WILLFULLY LIED ABOUT ANY MATERIAL MATTER, YOU

HAVE THE RIGHT TO CONCLUDE THAT THE WITNESS

ALSO LIED ABOUT OTHER MATTERS.  YOU MAY EITHER

DISREGARD ALL OF THAT WITNESS'S TESTIMONY, OR

YOU MAY ACCEPT WHATEVER PART OF IT YOU THINK

DESERVES TO BE BELIEVED.

YOU MAY CONSIDER THE FACTORS I HAVE JUST

**DISCUSSED WITH YOU IN DECIDING HOW MUCH WEIGHT**

**TO GIVE TO TESTIMONY.**

## TESTIMONY OF COOPERATING ACCOMPLICES

YOU HAVE HEARD FROM WITNESSES WHO EACH TESTIFIED THAT THEY WERE ACTUALLY INVOLVED IN PLANNING AND CARRYING OUT THE CRIMES CHARGED IN THE INDICTMENT.

INDEED, IT IS THE LAW IN FEDERAL COURTS THAT THE TESTIMONY OF AN ACCOMPLICE MAY BE ENOUGH IN ITSELF FOR CONVICTION, IF THE JURY FINDS THAT THE TESTIMONY IS CREDIBLE AND ESTABLISHES GUILT BEYOND A REASONABLE DOUBT.

HOWEVER, IT IS ALSO THE CASE THAT ACCOMPLICE TESTIMONY IS OF SUCH NATURE THAT IT MUST BE SCRUTINIZED WITH GREAT CARE AND VIEWED WITH PARTICULAR CAUTION WHEN YOU DECIDE HOW MUCH

OF THAT TESTIMONY TO BELIEVE.

I HAVE GIVEN YOU SOME GENERAL

CONSIDERATIONS ON CREDIBILITY AND I WILL NOT

REPEAT THEM ALL HERE.  NOR WILL I REPEAT ALL OF

THE ARGUMENTS MADE ON BOTH SIDES.

HOWEVER, LET ME SAY A FEW THINGS THAT YOU

MAY WANT TO CONSIDER DURING YOUR DELIBERATIONS

ON THE SUBJECT OF ACCOMPLICES.

YOU SHOULD ASK YOURSELVES WHETHER ANY OF

THESE SO-CALLED ACCOMPLICES WOULD BENEFIT

MORE BY LYING, OR BY TELLING THE TRUTH.

WAS THE TESTIMONY OF ANY MADE UP IN ANY WAY

BECAUSE HE OR SHE BELIEVED OR HOPED THAT HE OR

SHE WOULD SOMEHOW RECEIVE FAVORABLE

TREATMENT BY TESTIFYING FALSELY?

OR DID ANY BELIEVE THAT HIS OR HER INTERESTS WOULD BE BEST SERVED BY TESTIFYING TRUTHFULLY?

IF YOU BELIEVE THAT ANY OF THE WITNESSES WAS MOTIVATED BY HOPES OF PERSONAL GAIN, WAS THE MOTIVATION ONE WHICH WOULD CAUSE HIM OR HER TO LIE, OR WAS IT ONE WHICH WOULD CAUSE HIM OR HER TO TELL THE TRUTH?

DID THIS MOTIVATION COLOR HIS OR HER TESTIMONY?

IN SUM, YOU SHOULD LOOK AT ALL OF THE EVIDENCE IN DECIDING WHAT CREDENCE AND WHAT WEIGHT, IF ANY, YOU WILL WANT TO GIVE TO ANY OF THE COOPERATING ACCOMPLICE WITNESSES.

FINALLY, THE COOPERATING WITNESSES HAVE

PLED GUILTY TO CHARGES ARISING OUT OF THE SAME

FACTS AS THIS CASE.  YOU ARE INSTRUCTED THAT YOU

ARE TO DRAW NO CONCLUSIONS OR INFERENCES OF ANY

KIND ABOUT THE GUILT OF A DEFENDANT ON TRIAL

FROM THE FACT THAT A PROSECUTION WITNESS PLED

GUILTY TO SIMILAR CHARGES.  THAT WITNESS'S

DECISION TO PLEAD GUILTY WAS A PERSONAL DECISION

ABOUT HIS OR HER OWN GUILT.  THE FACT THAT A

COOPERATING WITNESS PLEADED GUILTY MAY NOT BE

USED BY YOU IN ANY WAY AS EVIDENCE AGAINST OR

UNFAVORABLE TO A DEFENDANT ON TRIAL HERE.

## TESTIMONY OF IMMUNIZED WITNESSES (IF APPLICABLE)

AS YOU WERE INFORMED DURING THE TRIAL, SOME OF THE TESTIMONY BEFORE YOU CAME FROM WITNESSES WHO WERE ASSURED BY THE GOVERNMENT THAT, IN EXCHANGE FOR TESTIFYING TRUTHFULLY, COMPLETELY, AND FULLY, THEY WOULD NOT BE PROSECUTED BASED ON THEIR TESTIMONY FOR ANY CRIMES THAT THEY MAY HAVE ADMITTED HERE IN COURT.

LIKE THE TESTIMONY OF COOPERATING WITNESSES, YOU MAY CONVICT THE DEFENDANT ON THE BASIS OF SUCH WITNESSES' TESTIMONY ALONE, IF YOU FIND THAT THE TESTIMONY PROVES THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.  HOWEVER, THE TESTIMONY OF A WITNESS WHO HAS BEEN PROMISED THAT HE WILL NOT BE PROSECUTED SHOULD BE EXAMINED BY YOU WITH GREATER CARE THAN THE TESTIMONY OF AN ORDINARY WITNESS.  YOU SHOULD

SCRUTINIZE IT CLOSELY TO DETERMINE WHETHER OR NOT IT IS COLORED IN SUCH A WAY AS TO PLACE GUILT UPON THE DEFENDANT IN ORDER TO FURTHER THE WITNESS'S OWN INTEREST.

YOU MUST CONSIDER WHETHER SUCH WITNESS WAS MOTIVATED TO MAKE UP TESTIMONY IN THE HOPE OR BELIEF THAT SUCH WAS MORE LIKELY TO ENSURE THE WITNESS'S OWN FREEDOM FROM PROSECUTION.  OR, ASK YOURSELVES, DID THE WITNESS BELIEVE HIS INTERESTS WOULD BE BEST SERVED BY TESTIFYING TRUTHFULLY?  IT IS FOR YOU TO DECIDE, BASED ON YOUR OWN PERCEPTIONS AND COMMON SENSE, TO WHAT EXTENT, IF AT ALL, THE WITNESS'S INTEREST HAS AFFECTED OR COLORED HIS TESTIMONY.  YOU SHOULD CAREFULLY SCRUTINIZE ALL THE EVIDENCE IN

**DECIDING WHETHER YOU BELIEVE AN IMMUNIZED WITNESS AND WHAT WEIGHT, IF ANY, HIS TESTIMONY DESERVES.**

## SIMILAR ACTS EVIDENCE

DURING THIS TRIAL, YOU HAVE HEARD EVIDENCE
THAT, ON OTHER OCCASIONS, A DEFENDANT ENGAGED
IN CONDUCT THAT WAS SIMILAR IN NATURE TO THE
CONDUCT CHARGED IN THE INDICTMENT. EVIDENCE OF
PRIOR SIMILAR ACTS WAS ADMITTED AS BACKGROUND
EVIDENCE TO SHOW THE DEVELOPMENT OF
RELATIONSHIPS OF TRUST BETWEEN A DEFENDANT AND
THE GOVERNMENT'S WITNESSES AND TO PROVIDE
BACKGROUND EVIDENCE OF THE CHARGED CRIMES. IN
ADDITION, IF YOU DETERMINE THAT A DEFENDANT
COMMITTED THE ACTS CHARGED IN THE INDICTMENT
AND THE SIMILAR ACTS AS WELL, THEN YOU MAY, BUT
NEED NOT, DRAW AN INFERENCE THAT, IN DOING THE

ACTS CHARGED IN THE INDICTMENT, A DEFENDANT

ACTED KNOWINGLY AND INTENTIONALLY AND NOT

BECAUSE OF SOME MISTAKE, ACCIDENT, CARELESSNESS,

OR OTHER INNOCENT REASONS.

HOWEVER, A DEFENDANT IS ON TRIAL ONLY FOR

COMMITTING THE ACTS ALLEGED IN THE INDICTMENT.

YOU MAY NOT CONSIDER EVIDENCE OF ANY SIMILAR

ACTS AS A SUBSTITUTE FOR PROOF THAT ANY

DEFENDANT COMMITTED THE CRIMES CHARGED IN THIS

CASE. NOR MAY YOU CONSIDER THIS EVIDENCE AS

PROOF THAT ANY DEFENDANT HAS A CRIMINAL

PROPENSITY OR BAD CHARACTER. THE EVIDENCE OF

OTHER SIMILAR ACTS WAS ADMITTED FOR LIMITED

**PURPOSES AND YOU MAY CONSIDER IT ONLY FOR THOSE**

**LIMITED PURPOSES.**

# CHARACTER EVIDENCE

THE DEFENDANTS CALLED WITNESSES, WHO GAVE
THEIR OPINIONS OF THE DEFENDANTS' GOOD
CHARACTER. THIS TESTIMONY IS NOT TO BE TAKEN BY
YOU AS THE WITNESS'S OPINION AS TO WHETHER ANY
DEFENDANT IS GUILTY OR NOT GUILTY. THAT QUESTION
IS FOR YOU ALONE TO DETERMINE. YOU SHOULD,
HOWEVER, CONSIDER THIS CHARACTER EVIDENCE
TOGETHER WITH ALL THE OTHER FACTS AND ALL THE
OTHER EVIDENCE IN THE CASE IN DETERMINING
WHETHER A DEFENDANT IS GUILTY OR NOT GUILTY OF
THE CHARGES.

ACCORDINGLY, IF AFTER CONSIDERING ALL THE
EVIDENCE, INCLUDING TESTIMONY ABOUT A

DEFENDANT'S GOOD CHARACTER, YOU FIND A

REASONABLE DOUBT HAS BEEN CREATED, YOU MUST

ACQUIT HIM OR HER OF ALL THE CHARGES.

ON THE OTHER HAND IF, AFTER CONSIDERING ALL

THE EVIDENCE, INCLUDING THAT OF A DEFENDANT'S

CHARACTER, YOU ARE SATISFIED BEYOND A

REASONABLE DOUBT THAT ANY DEFENDANT IS GUILTY,

YOU MUST NOT ACQUIT HIM OR HER MERELY BECAUSE

YOU BELIEVE HIM OR HER TO BE A PERSON OF GOOD

CHARACTER.

## ADMISSION OF DEFENDANT (IF APPLICABLE)

THERE HAS BEEN EVIDENCE THAT A DEFENDANT MADE CERTAIN STATEMENTS TO THE SECURITIES AND EXCHANGE COMMISSION (ALSO REFERRED TO AS THE SEC) IN WHICH THE GOVERNMENT CLAIMS THE DEFENDANT ADMITTED CERTAIN FACTS CHARGED IN THE SUPERSEDING INDICTMENT.  I INSTRUCT YOU THAT YOU ARE TO GIVE THE STATEMENTS SUCH WEIGHT AS YOU FEEL THEY DESERVE IN LIGHT OF ALL THE EVIDENCE.

## DEFENDANTS' RIGHT NOT TO TESTIFY (IF APPLICABLE)

[NEITHER/ONE OF THE] DEFENDANT[S] DID NOT

[TESTIFY/TESTIFIED] IN THIS CASE.  UNDER OUR

CONSTITUTION, THE DEFENDANTS HAVE NO OBLIGATION

TO TESTIFY OR TO PRESENT ANY OTHER EVIDENCE

BECAUSE IT IS THE PROSECUTION'S BURDEN TO PROVE A

DEFENDANT GUILTY BEYOND A REASONABLE

DOUBT.  THAT BURDEN REMAINS WITH THE

PROSECUTION THROUGHOUT THE ENTIRE TRIAL AND

NEVER SHIFTS TO A DEFENDANT.  A DEFENDANT IS

NEVER REQUIRED TO PROVE THAT HE OR SHE IS

INNOCENT.

YOU MAY NOT ATTACH ANY SIGNIFICANCE TO THE

FACT THAT A DEFENDANT DID NOT TESTIFY.  NO

ADVERSE INFERENCE AGAINST HIM OR HER MAY BE

DRAWN BY YOU BECAUSE HE OR SHE DID NOT TAKE THE

WITNESS STAND.  YOU MAY NOT CONSIDER THIS AGAINST

A DEFENDANT IN ANY WAY IN YOUR DELIBERATIONS IN

THE JURY ROOM.

## **TESTIMONY OF DEFENDANT (IF APPLICABLE)**

IN A CRIMINAL CASE, THE DEFENDANT CANNOT BE REQUIRED TO TESTIFY, BUT, IF THE DEFENDANT CHOOSES TO TESTIFY, HE OR SHE IS, OF COURSE, PERMITTED TO TAKE THE WITNESS STAND ON HIS OWN BEHALF. YOU SHOULD EXAMINE AND EVALUATE THE DEFENDANT'S TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY WITNESS WITH AN INTEREST IN THE OUTCOME OF THIS CASE. YOU SHOULD NOT DISREGARD OR DISBELIEVE THE DEFENDANT'S TESTIMONY SIMPLY BECAUSE HE OR SHE IS CHARGED AS THE DEFENDANT IN THIS CASE.

## EXPERT WITNESS

IN THIS CASE, I HAVE PERMITTED A WITNESS,

DEBORAH OREMLAND, TO EXPRESS OPINIONS ABOUT

CERTAIN MATTERS THAT ARE IN ISSUE.  A WITNESS MAY

BE PERMITTED TO TESTIFY TO AN OPINION ON THOSE

MATTERS ABOUT WHICH SHE HAS SPECIAL KNOWLEDGE,

SKILL, EXPERIENCE AND TRAINING.  SUCH TESTIMONY IS

PRESENTED TO YOU ON THE THEORY THAT SOMEONE

WHO IS EXPERIENCED AND KNOWLEDGEABLE IN THE

FIELD CAN ASSIST YOU IN UNDERSTANDING THE

EVIDENCE OR IN REACHING AN INDEPENDENT DECISION

ON THE FACTS.

IN WEIGHING THIS OPINION TESTIMONY, YOU MAY

CONSIDER THE WITNESS'S QUALIFICATIONS, OPINIONS,

THE REASONS FOR TESTIFYING, AS WELL AS ALL OF THE

OTHER CONSIDERATIONS THAT ORDINARILY APPLY

WHEN YOU ARE DECIDING WHETHER OR NOT TO

BELIEVE A WITNESS'S TESTIMONY.  YOU MAY GIVE THE

OPINION WHATEVER WEIGHT, IF ANY, YOU FIND IT

DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE.

YOU SHOULD NOT, HOWEVER, ACCEPT OPINION

TESTIMONY MERELY BECAUSE I ALLOWED THESE

WITNESSES TO TESTIFY CONCERNING THAT OPINION.

NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN

REASON, JUDGMENT, AND COMMON SENSE.  THE

DETERMINATION OF THE FACTS IN THIS CASE RESTS

SOLELY WITH YOU.

## LAW ENFORCEMENT EMPLOYEE TESTIMONY

DURING THIS TRIAL, YOU HAVE HEARD THE

TESTIMONY OF ACTIVE LAW ENFORCEMENT

EMPLOYEES.  THE FACT THAT A WITNESS IS A LAW

ENFORCEMENT EMPLOYEE DOES NOT MEAN THAT HIS

OR HER TESTIMONY IS ENTITLED TO ANY GREATER

WEIGHT.  BY THE SAME TOKEN, THE TESTIMONY OF

SUCH A WITNESS IS NOT ENTITLED TO LESS

CONSIDERATION FOR THAT REASON.

AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR

DEFENSE COUNSEL TO TRY TO ATTACK THE

CREDIBILITY OF A LAW ENFORCEMENT WITNESS ON THE

GROUNDS THAT HIS OR HER TESTIMONY MAY BE

COLORED BY A PERSONAL OR PROFESSIONAL INTEREST

IN THE OUTCOME OF THE CASE.

YOU SHOULD CONSIDER THE TESTIMONY OF A LAW ENFORCEMENT EMPLOYEE JUST AS YOU WOULD ANY OTHER EVIDENCE IN THE CASE AND EVALUATE HIS OR HER CREDIBILITY JUST AS YOU WOULD THAT OF ANY OTHER WITNESS.  AFTER REVIEWING ALL THE EVIDENCE, YOU WILL DECIDE WHETHER TO ACCEPT THE TESTIMONY OF A LAW ENFORCEMENT EMPLOYEE, AND WHAT WEIGHT, IF ANY, THAT TESTIMONY DESERVES.

## PRIOR INCONSISTENT STATEMENTS

YOU HAVE HEARD EVIDENCE THAT A WITNESS MADE A STATEMENT ON AN EARLIER OCCASION WHICH COUNSEL ARGUES IS INCONSISTENT WITH THE WITNESS'S TRIAL TESTIMONY.  EVIDENCE OF WHAT IS ARGUABLY A PRIOR INCONSISTENT STATEMENT WAS PLACED BEFORE YOU FOR THE LIMITED PURPOSE OF HELPING YOU DECIDE WHETHER TO BELIEVE THE TRIAL TESTIMONY WHO CONTRADICTED HIMSELF OR HERSELF. IF YOU FIND THAT THE WITNESS MADE AN EARLIER STATEMENT THAT CONFLICTS WITH HIS OR HER TRIAL TESTIMONY, YOU MAY CONSIDER THAT FACT IN DECIDING HOW MUCH OF HIS OR HER TRIAL TESTIMONY, IF ANY, TO BELIEVE.

IN MAKING THIS DETERMINATION, YOU MAY CONSIDER WHETHER THE WITNESS PURPOSELY MADE A FALSE STATEMENT OR WHETHER IT WAS AN INNOCENT

MISTAKE; WHETHER THE INCONSISTENCY CONCERNS AN
IMPORTANT FACT, OR WHETHER IT HAD TO DO WITH A
SMALL DETAIL; WHETHER THE WITNESS HAD AN
EXPLANATION FOR THE INCONSISTENCY, AND WHETHER
THAT EXPLANATION APPEALED TO YOUR COMMON
SENSE.

IT IS EXCLUSIVELY YOUR DUTY, BASED UPON ALL
THE EVIDENCE AND YOUR OWN GOOD JUDGMENT, TO
DETERMINE WHETHER THE PRIOR STATEMENT WAS
INCONSISTENT, AND IF SO HOW MUCH, IF ANY, WEIGHT
TO BE GIVEN TO THE INCONSISTENT STATEMENT IN
DETERMINING WHETHER TO BELIEVE ALL, PART, OR
NONE OF THE WITNESS'S TESTIMONY.

## II. LEGAL ELEMENTS OF THE CRIMES CHARGED

## INTRODUCTION TO INDICTMENT

I WILL NOW TURN TO THE SECOND PART OF THIS
CHARGE -- AND WILL, AS I INDICATED AT THE OUTSET,
INSTRUCT YOU AS TO THE SPECIFIC ELEMENTS OF THE
CRIMES CHARGED THAT THE GOVERNMENT MUST
PROVE BEYOND A REASONABLE DOUBT TO WARRANT
FINDINGS OF GUILT IN THIS CASE.

THE DEFENDANTS ARE FORMALLY CHARGED IN AN
INDICTMENT.  AS I INSTRUCTED YOU AT THE BEGINNING
OF THIS CASE, AN INDICTMENT IS A CHARGE OR
ACCUSATION.  THE INDICTMENT IN THIS CASE CONTAINS
A TOTAL OF 10 COUNTS.

THERE ARE TWO DEFENDANTS ON TRIAL BEFORE

YOU.  YOU MUST, AS A MATTER OF LAW, CONSIDER EACH

COUNT OF THE INDICTMENT AND EACH DEFENDANT'S

INVOLVEMENT IN THAT COUNT SEPARATELY, AND YOU

MUST RETURN A SEPARATE VERDICT ON EACH

DEFENDANT FOR EACH COUNT ON WHICH HE OR SHE IS

CHARGED.

IN REACHING YOUR VERDICT, BEAR IN MIND THAT

GUILT IS PERSONAL AND INDIVIDUAL.  YOUR VERDICT OF

GUILTY OR NOT GUILTY MUST BE BASED SOLELY UPON

THE EVIDENCE ABOUT EACH DEFENDANT.  THE CASE

AGAINST EACH DEFENDANT, ON EACH COUNT, STANDS

OR FALLS UPON THE PROOF OR LACK OF PROOF

AGAINST THAT DEFENDANT ALONE, AND YOUR VERDICT

AS TO ANY DEFENDANT ON ANY COUNT SHOULD NOT

CONTROL YOUR DECISION AS TO ANY OTHER

DEFENDANT OR ANY OTHER COUNT.  NO OTHER

CONSIDERATIONS ARE PROPER.

THE INDICTMENT CHARGES THREE COUNTS AS TO

BOTH DEFENDANTS:  ONE COUNT OF CONSPIRACY TO

COMMIT SECURITIES FRAUD, ONE COUNT OF

CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD, AND

ONE COUNT OF SECURITIES FRAUD.  IN ADDITION, THE

INDICTMENT CHARGES ABRAXAS DISCALA WITH ONE

COUNT OF SECURITIES FRAUD AND SIX COUNTS OF WIRE

FRAUD.

## **DATES APPROXIMATE**

**THE INDICTMENT CHARGES "ON OR ABOUT"**

**CERTAIN DATES.  IT DOES NOT MATTER IF THE**

**INDICTMENT CHARGES THAT A SPECIFIC ACT OCCURRED**

**ON OR ABOUT A CERTAIN DATE, AND THE EVIDENCE**

**INDICATES THAT, IN FACT, IT WAS ON ANOTHER DATE.**

**THE LAW ONLY REQUIRES SUBSTANTIAL SIMILARITY**

**BETWEEN THE DATES ALLEGED IN THE INDICTMENT AND**

**THE DATE ESTABLISHED BY TESTIMONY OR EXHIBITS.**

## USE OF CONJUNCTIVE AND DISJUNCTIVE IN INDICTMENT

ONE OR MORE COUNTS OF THE INDICTMENT MAY ACCUSE A DEFENDANT OF VIOLATING THE SAME STATUTE IN MORE THAN ONE WAY.  IN OTHER WORDS, THE INDICTMENT MAY ALLEGE THAT THE STATUTE IN QUESTION WAS VIOLATED BY VARIOUS ACTS WHICH ARE IN THE INDICTMENT JOINED BY THE CONJUNCTIVE "AND," WHILE THE STATUTE AND THE ELEMENTS OF THE OFFENSE ARE STATED IN THE DISJUNCTIVE, USING THE WORD "OR."  IN THESE INSTANCES, IT IS SUFFICIENT FOR A FINDING OF GUILT IF THE EVIDENCE ESTABLISHED BEYOND A REASONABLE DOUBT THE VIOLATION OF THE STATUTE BY ANY ONE OF THE ACTS CHARGED.

## KNOWINGLY AND INTENTIONALLY

DURING THESE INSTRUCTIONS ON THE ELEMENTS

OF THE CRIMES CHARGED, YOU WILL HEAR ME USE THE

WORDS "KNOWINGLY," AND "INTENTIONALLY" FROM

TIME TO TIME.  BEFORE YOU CAN FIND A DEFENDANT

GUILTY, YOU MUST BE SATISFIED THAT THE DEFENDANT

WAS ACTING KNOWINGLY AND INTENTIONALLY.

A PERSON ACTS "KNOWINGLY" IF HE OR SHE ACTS

INTENTIONALLY AND VOLUNTARILY, AND NOT BECAUSE

OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS.

WHETHER A DEFENDANT ACTED KNOWINGLY MAY BE

PROVEN BY HIS OR HER CONDUCT AND BY ALL OF THE

FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

A PERSON ACTS "INTENTIONALLY" IF HE OR SHE

ACTS DELIBERATELY AND PURPOSEFULLY.  THAT IS, THE

ACTS MUST HAVE BEEN THE PRODUCT OF HIS OR HER

CONSCIOUS, OBJECTIVE DECISION RATHER THAN THE

PRODUCT OF A MISTAKE OR ACCIDENT.

THESE ISSUES OF KNOWLEDGE AND INTENT

REQUIRE YOU TO MAKE A DETERMINATION ABOUT A

DEFENDANT'S STATE OF MIND, SOMETHING THAT CAN

RARELY BE PROVED DIRECTLY.  A WISE AND CAREFUL

CONSIDERATION OF ALL THE CIRCUMSTANCES BEFORE

YOU MAY, HOWEVER, PERMIT YOU TO MAKE A

DETERMINATION AS TO A DEFENDANT'S STATE OF MIND.

INDEED, IN YOUR EVERYDAY AFFAIRS, YOU ARE

FREQUENTLY CALLED UPON TO DETERMINE A PERSON'S

STATE OF MIND FROM HIS OR HER WORDS AND ACTIONS

IN GIVEN CIRCUMSTANCES.  YOU ARE ASKED TO DO THE

SAME HERE.

## **WILLFULLY**

TO ACT "WILLFULLY" MEANS TO ACT

KNOWINGLY AND PURPOSELY, WITH AN INTENT TO DO

SOMETHING THE LAW FORBIDS, THAT IS TO SAY, WITH

BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD

THE LAW.

## COUNT TWO: CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD

FOR THE SAKE OF CLARITY, I WILL FIRST ADDRESS COUNT TWO OF THE INDICTMENT, THEN COUNT ONE, AND THEN THE REMAINING COUNTS.  COUNT TWO OF THE INDICTMENT CHARGES BOTH DEFENDANTS WITH CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD. SPECIFICALLY, COUNT TWO STATES, IN PERTINENT PART:

IN OR ABOUT AND BETWEEN OCTOBER 2012 AND JULY 2014, BOTH DATES BEING APPROXIMATE AND INCLUSIVE, WITHIN THE EASTERN DISTRICT OF NEW YORK AND ELSEWHERE, THE DEFENDANTS ABRAXAS J. DISCALA AND KYLEEN

CANE, TOGETHER WITH OTHERS, DID

KNOWINGLY AND INTENTIONALLY CONSPIRE:

TO DEVISE A SCHEME AND ARTIFICE TO

DEFRAUD INVESTORS AND POTENTIAL

INVESTORS IN THE MANIPULATED PUBLIC

COMPANIES, AND TO OBTAIN MONEY AND

PROPERTY FROM THEM BY MEANS OF

MATERIALLY FALSE AND FRAUDULENT

PRETENSES, REPRESENTATIONS AND PROMISES,

AND, FOR THE PURPOSE OF EXECUTING SUCH

SCHEME AND ARTIFICE, TO CAUSE TO BE

DELIVERED MATTER AND THINGS BY FEDEX

CORP. ("FEDEX") AND OTHER PRIVATE AND

COMMERCIAL INTERSTATE CARRIERS

ACCORDING TO THE DIRECTION THEREON,

CONTRARY TO TITLE 18, UNITED STATES CODE,

SECTION 1341; AND

TO DEVISE A SCHEME AND ARTIFICE TO

DEFRAUD INVESTORS AND POTENTIAL

INVESTORS IN THE MANIPULATED PUBLIC

COMPANIES, AND TO OBTAIN MONEY AND

PROPERTY FROM THEM BY MEANS OF

MATERIALLY FALSE AND FRAUDULENT

PRETENSES, REPRESENTATIONS AND PROMISES,

AND, FOR THE PURPOSE OF EXECUTING SUCH

SCHEME AND ARTIFICE,

TO TRANSMIT AND CAUSE TO BE TRANSMITTED

BY MEANS OF WIRE COMMUNICATION IN

INTERSTATE AND FOREIGN COMMERCE WRITINGS, SIGNS, SIGNALS, PICTURES AND SOUNDS, CONTRARY TO TITLE 18, UNITED STATES CODE, SECTION 1343.

I WILL FIRST EXPLAIN THE CRIME OF CONSPIRACY GENERALLY BEFORE TURNING TO THE ALLEGED OBJECTS OF THE CHARGED CONSPIRACY – THAT IS, OF WIRE FRAUD.

A CONSPIRACY IS AN OFFENSE SEPARATE FROM THE COMMISSION OF ANY OFFENSE THAT MAY HAVE BEEN COMMITTED PURSUANT TO THE CONSPIRACY.  THAT IS BECAUSE THE FORMATION OF A CONSPIRACY, OF A PARTNERSHIP FOR CRIMINAL PURPOSES, IS IN AND OF ITSELF A CRIME.  THUS, IF A CONSPIRACY EXISTS, EVEN

IF IT SHOULD FAIL IN ACHIEVING ITS UNLAWFUL

PURPOSE, IT IS STILL PUNISHABLE AS A CRIME.  THE

ESSENCE OF THE CHARGE OF CONSPIRACY IS AN

UNDERSTANDING BETWEEN OR AMONG TWO OR MORE

PERSONS, THAT THEY WILL ACT TOGETHER TO

ACCOMPLISH A COMMON OBJECTIVE THAT THEY KNOW

IS UNLAWFUL.

IN ORDER TO PROVE THE CRIME OF CONSPIRACY,

THE GOVERNMENT MUST PROVE TWO ELEMENTS

BEYOND A REASONABLE DOUBT:

**FIRST**, THE FIRST ELEMENT IS THAT TWO OR MORE

PERSONS ENTERED INTO THE CHARGED CONSPIRACY;

**SECOND**, THE SECOND ELEMENT IS THAT THE

DEFENDANTS BECAME MEMBERS OF THE CONSPIRACY

**WITH KNOWLEDGE OF ITS CRIMINAL GOAL OR GOALS**

**AND INTENDING BY THEIR ACTIONS TO HELP IT**

**SUCCEED.**

# ELEMENTS OF CONSPIRACY

## FIRST ELEMENT – EXISTENCE OF AGREEMENT

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT TO ESTABLISH THE OFFENSE OF CONSPIRACY IS THAT TWO OR MORE PERSONS ENTERED INTO THE CHARGED CONSPIRACY. ONE PERSON CANNOT COMMIT THE CRIME OF CONSPIRACY ALONE.

IN ORDER FOR THE GOVERNMENT TO SATISFY THIS ELEMENT, YOU NEED NOT FIND THAT THE ALLEGED MEMBERS OF THE CONSPIRACY MET TOGETHER AND ENTERED INTO ANY EXPRESS OR FORMAL AGREEMENT. SIMILARLY, YOU NEED NOT FIND THAT THE ALLEGED CONSPIRATORS STATED, IN WORDS OR WRITING, WHAT

THE SCHEME WAS, ITS OBJECT OR PURPOSE, OR EVERY

PRECISE DETAIL OF THE SCHEME OR THE MEANS BY

WHICH ITS OBJECT OR PURPOSE WAS TO BE

ACCOMPLISHED. INDEED, IT IS SUFFICIENT FOR THE

GOVERNMENT TO SHOW THAT THE CONSPIRATORS

CAME TO A MUTUAL UNDERSTANDING, EITHER SPOKEN

OR UNSPOKEN, BETWEEN TWO OR MORE PEOPLE TO

COOPERATE WITH EACH OTHER TO ACCOMPLISH AN

UNLAWFUL ACT.

YOU MAY, OF COURSE, FIND THAT THE EXISTENCE

OF AN AGREEMENT TO DISOBEY OR DISREGARD THE

LAW HAS BEEN ESTABLISHED BY DIRECT PROOF.

HOWEVER, SINCE CONSPIRACY IS, BY ITS VERY NATURE,

CHARACTERIZED BY SECRECY, YOU MAY ALSO INFER ITS

EXISTENCE FROM THE CIRCUMSTANCES OF A GIVEN CASE AND THE CONDUCT OF THE PARTIES INVOLVED.

IN THE CONTEXT OF CONSPIRACY CASES, ACTIONS OFTEN SPEAK LOUDER THAN WORDS. IN DETERMINING WHETHER AN AGREEMENT EXISTED HERE, CONSIDER THE ACTIONS AND STATEMENTS OF ALL OF THOSE YOU FIND TO BE PARTICIPANTS AS PROOF THAT A COMMON DESIGN EXISTED ON THE PART OF THE PERSONS CHARGED TO ACT TOGETHER TO ACCOMPLISH AN UNLAWFUL PURPOSE.

## SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY

THE SECOND ELEMENT THAT THE GOVERNMENT

MUST PROVE BEYOND A REASONABLE DOUBT TO

ESTABLISH THE OFFENSE OF CONSPIRACY, IS THAT A

DEFENDANT BECAME A MEMBER IN THE CHARGED

CONSPIRACY WITH KNOWLEDGE OF ITS CRIMINAL GOAL

OR GOALS AND INTENDING BY HIS OR HER ACTIONS TO

HELP IT SUCCEED.

IF YOU ARE SATISFIED THAT THE CONSPIRACY

CHARGED IN THE INDICTMENT EXISTED, YOU MUST NEXT

ASK YOURSELVES WHO THE MEMBERS OF THAT

CONSPIRACY WERE.  IN DECIDING WHETHER EITHER

DEFENDANT WAS, IN FACT, A MEMBER OF THE

CONSPIRACY, YOU SHOULD CONSIDER WHETHER, BASED

UPON ALL OF THE EVIDENCE, IT APPEARS THAT A

DEFENDANT KNOWINGLY AND WILLFULLY JOINED THE

CONSPIRACY.  DID A DEFENDANT PARTICIPATE IN IT

WITH KNOWLEDGE OF ITS UNLAWFUL PURPOSE AND

WITH THE SPECIFIC INTENTION OF FURTHERING ITS

BUSINESS OR OBJECTIVE AS AN ASSOCIATE OR WORKER?

NOW, IT HAS BEEN SAID THAT IN ORDER FOR EITHER

DEFENDANT TO BE DEEMED A PARTICIPANT IN A

CONSPIRACY, HE OR SHE MUST HAVE HAD A STAKE IN

THE VENTURE OR ITS OUTCOME.  YOU ARE INSTRUCTED

THAT, WHILE PROOF OF A FINANCIAL INTEREST IN THE

OUTCOME OF A SCHEME IS NOT ESSENTIAL, IF YOU FIND

THAT A DEFENDANT HAD SUCH AN INTEREST, THAT IS A

FACTOR THAT YOU MAY PROPERLY CONSIDER IN

DETERMINING WHETHER OR NOT A DEFENDANT WAS A
MEMBER OF THE CONSPIRACY CHARGED IN THE
INDICTMENT.

AS I MENTIONED A MOMENT AGO, BEFORE EITHER
DEFENDANT CAN BE FOUND TO HAVE BEEN A
CONSPIRATOR, YOU MUST FIRST FIND THAT HE OR SHE
KNOWINGLY JOINED IN THE UNLAWFUL AGREEMENT OR
PLAN.  THE KEY QUESTION, THEREFORE, IS WHETHER
EITHER DEFENDANT JOINED THE CONSPIRACY WITH AN
AWARENESS OF AT LEAST SOME OF THE BASIC AIMS AND
PURPOSES OF THE UNLAWFUL AGREEMENT.

IT IS IMPORTANT FOR YOU TO NOTE THAT A
DEFENDANT'S PARTICIPATION IN THE CONSPIRACY
MUST BE ESTABLISHED BY INDEPENDENT EVIDENCE OF

HIS OR HER OWN ACTS OR STATEMENTS, AS WELL AS

THOSE OF THE OTHER ALLEGED CO-CONSPIRATORS, AND

THE REASONABLE INFERENCES WHICH MAY BE DRAWN

FROM THEM.

A DEFENDANT'S KNOWLEDGE IS A MATTER OF

INFERENCE FROM THE FACTS PROVED.  IN THAT

CONNECTION, I INSTRUCT YOU THAT TO BECOME A

MEMBER OF THE CONSPIRACY, A DEFENDANT NEED NOT

HAVE KNOWN THE IDENTITIES OF EACH AND EVERY

OTHER MEMBER, NOR NEED HE OR SHE HAVE BEEN

APPRISED OF ALL OF THEIR ACTIVITIES.  MOREOVER, A

DEFENDANT NEED NOT HAVE BEEN FULLY INFORMED AS

TO ALL OF THE DETAILS, OR THE SCOPE, OF THE

CONSPIRACY IN ORDER TO JUSTIFY AN INFERENCE OF

KNOWLEDGE ON HIS OR HER PART.  FURTHERMORE, A

DEFENDANT NEED NOT HAVE JOINED IN ALL OF THE

CONSPIRACY'S UNLAWFUL OBJECTIVES.

THE EXTENT OF A DEFENDANT'S PARTICIPATION

HAS NO BEARING ON THE ISSUE OF THAT DEFENDANT'S

GUILT.  A CONSPIRATOR'S LIABILITY IS NOT MEASURED

BY THE EXTENT OR DURATION OF HIS PARTICIPATION.

INDEED, EACH MEMBER MAY PERFORM SEPARATE AND

DISTINCT ACTS AND MAY PERFORM THEM AT DIFFERENT

TIMES.  SOME CONSPIRATORS PLAY MAJOR ROLES,

WHILE OTHERS PLAY MINOR PARTS IN THE SCHEME.  AN

EQUAL ROLE IS NOT WHAT THE LAW REQUIRES.  IN FACT,

EVEN A SINGLE ACT MAY BE SUFFICIENT TO DRAW A

DEFENDANT WITHIN THE AMBIT OF THE CONSPIRACY.

I WANT TO CAUTION YOU, HOWEVER, THAT A

DEFENDANT'S MERE PRESENCE AT THE SCENE OF AN

ALLEGED CRIME DOES NOT, BY ITSELF, MAKE HIM OR

HER A MEMBER OF THE CONSPIRACY.  SIMILARLY, MERE

ASSOCIATION WITH ONE OR MORE MEMBERS OF THE

CONSPIRACY DOES NOT AUTOMATICALLY MAKE A

DEFENDANT A MEMBER.  A PERSON MAY KNOW, OR BE

FRIENDLY WITH, A CRIMINAL, WITHOUT BEING A

CRIMINAL HIMSELF OR HERSELF.  MERE SIMILARITY OF

CONDUCT OR THE FACT THAT THEY MAY HAVE

ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS

AND INTERESTS DOES NOT NECESSARILY ESTABLISH

PROOF OF THE EXISTENCE OF A CONSPIRACY.

I ALSO WANT TO CAUTION YOU THAT MERE

KNOWLEDGE OR ACQUIESCENCE, WITHOUT

PARTICIPATION, IN THE UNLAWFUL PLAN IS NOT

SUFFICIENT.  MOREOVER, THE FACT THAT THE ACTS OF

A DEFENDANT, WITHOUT KNOWLEDGE, MERELY HAPPEN

TO FURTHER THE PURPOSES OR OBJECTIVES OF THE

CONSPIRACY, DOES NOT MAKE THE DEFENDANT A

MEMBER.  MORE IS REQUIRED UNDER THE LAW.  WHAT IS

NECESSARY IS THAT A DEFENDANT MUST HAVE

PARTICIPATED WITH KNOWLEDGE OF AT LEAST SOME

OF THE PURPOSES OR OBJECTIVES OF THE CONSPIRACY

AND WITH THE INTENTION OF AIDING IN THE

ACCOMPLISHMENT OF THOSE UNLAWFUL ENDS.

IN SUM, A DEFENDANT, WITH AN UNDERSTANDING

OF THE UNLAWFUL CHARACTER OF THE CONSPIRACY,

MUST HAVE INTENTIONALLY ENGAGED, ADVISED OR

ASSISTED IN IT FOR THE PURPOSE OF FURTHERING THE

ILLEGAL UNDERTAKING.  HE OR SHE THEREBY BECAME

A KNOWING AND WILLING PARTICIPANT IN THE

UNLAWFUL AGREEMENT – THAT IS TO SAY, A

CONSPIRATOR.  AGAIN, AN ACT IS DONE "WILLFULLY" IF

DONE VOLUNTARILY AND INTENTIONALLY, AND WITH

THE SPECIFIC INTENT TO DO SOMETHING THE LAW

FORBIDS – THAT IS TO SAY, WITH A BAD PURPOSE EITHER

TO DISOBEY OR DISREGARD THE LAW.

## THE SUBSTANTIVE OFFENSES OF MAIL AND WIRE FRAUD

TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT EITHER DEFENDANT ENGAGED IN AN ILLEGAL CONSPIRACY, YOU MUST ALSO UNDERSTAND THE CRIMES THAT COUNT TWO CHARGES THEM WITH AGREEING TO COMMIT.

THE CRIMES ALLEGED TO BE THE OBJECTS OR PURPOSES OF THE CONSPIRACY – THE THING THAT COUNT TWO CHARGES THE DEFENDANTS WITH AGREEING TO COMMIT – ARE MAIL AND WIRE FRAUD.  I WILL FIRST DISCUSS MAIL FRAUD, AND THEN TURN TO WIRE FRAUD.

## **MAIL FRAUD**

**FIRST**, THAT THERE WAS A SCHEME OR ARTIFICE TO

DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY

MATERIALLY FALSE AND FRAUDULENT PRETENSES,

REPRESENTATIONS OR PROMISES;

**SECOND**, THAT THE DEFENDANTS KNOWINGLY AND

WILLFULLY PARTICIPATED IN THE SCHEME OR ARTIFICE

TO DEFRAUD, WITH KNOWLEDGE OF ITS FRAUDULENT

NATURE AND WITH SPECIFIC INTENT TO DEFRAUD; AND

**THIRD**, THAT, IN EXECUTION OR IN FURTHERANCE

OF THAT SCHEME, THE USE OF THE MAILS OCCURRED.

I WILL NOW EXPLAIN EACH OF THESE ELEMENTS

FURTHER.

## FIRST ELEMENT – SCHEME TO DEFRAUD

THE FIRST ELEMENT THE GOVERNMENT MUST

PROVE BEYOND A REASONABLE DOUBT IS THE

EXISTENCE OF A SCHEME OR ARTIFICE TO DEFRAUD OR

TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE

OR FRAUDULENT PRETENSES, REPRESENTATIONS OR

PROMISES.

A "SCHEME OR ARTIFICE" IS MERELY A PLAN FOR

THE ACCOMPLISHMENT OF AN OBJECTIVE.  "FRAUD" IS A

GENERAL TERM WHICH EMBRACES ALL THE VARIOUS

MEANS THAT AN INDIVIDUAL CAN DEVISE AND THAT ARE

USED BY AN INDIVIDUAL TO GAIN AN ADVANTAGE OVER

ANOTHER BY FALSE REPRESENTATIONS, SUGGESTIONS,

OR DELIBERATE DISREGARD FOR THE TRUTH.

A "SCHEME TO DEFRAUD" IS ANY PATTERN OR

COURSE OF CONDUCT DESIGNED TO OBTAIN MONEY OR

PROPERTY BY MEANS OF TRICK, DECEIT, DECEPTION OR

BY FALSE OR FRAUDULENT REPRESENTATIONS OR

PROMISES.  A REPRESENTATION OR STATEMENT IS

FRAUDULENT IF IT WAS FALSELY MADE WITH THE

INTENT TO DECEIVE.  HALF-TRUTHS, THE CONCEALMENT

OR OMISSION OF MATERIAL FACTS, OR THE EXPRESSION

OF AN OPINION NOT HONESTLY ENTERTAINED MAY ALSO

CONSTITUTE FALSE OR FRAUDULENT STATEMENTS

UNDER THE STATUTE.  THE FRAUDULENT

REPRESENTATION MUST RELATE TO A MATERIAL FACT

OR MATTER.  A MATERIAL FACT IS ONE WHICH WOULD

REASONABLY BE EXPECTED TO BE OF CONCERN TO A

REASONABLE AND PRUDENT PERSON IN RELYING UPON

THE REPRESENTATION OR STATEMENT IN MAKING A

DECISION.

THE DECEPTION NEED NOT BE PREMISED UPON

SPOKEN OR WRITTEN WORDS ALONE.  THE

ARRANGEMENT OF THE WORDS, OR THE

CIRCUMSTANCES IN WHICH THEY ARE USED MAY

CONVEY A FALSE AND DECEPTIVE APPEARANCE.  IF

THERE IS INTENTIONAL DECEPTION, THE MANNER IN

WHICH IT IS ACCOMPLISHED DOES NOT MATTER.

THE GOVERNMENT IS NOT REQUIRED TO ESTABLISH

THAT EITHER DEFENDANT HIMSELF OR HERSELF

ORIGINATED THE SCHEME TO DEFRAUD.  NOR IS IT

NECESSARY THAT EITHER DEFENDANT ACTUALLY

REALIZED ANY GAIN FROM THE SCHEME, OR THAT THE

INTENDED VICTIM ACTUALLY SUFFERED ANY LOSS.

SUCCESS IS NOT AN ELEMENT OF THE CRIME CHARGED.

THAT IS BECAUSE ONLY A SCHEME TO DEFRAUD, AND

NOT ACTUAL FRAUD, MUST BE PROVED TO SUSTAIN A

CONVICTION.

A SCHEME TO DEFRAUD NEED NOT BE SHOWN BY

DIRECT EVIDENCE, BUT MAY BE ESTABLISHED BY ALL OF

THE CIRCUMSTANCES AND FACTS IN THE CASE.

IT IS ALSO NOT NECESSARY THAT THE

GOVERNMENT PROVE EACH AND EVERY

MISREPRESENTATION OR FALSE PROMISE THAT THE

GOVERNMENT ALLEGES.  IT IS SUFFICIENT IF THE

GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT,

THAT ONE OR MORE OF THE MATERIAL

MISREPRESENTATIONS WAS MADE IN FURTHERANCE OF

THE SCHEME TO DEFRAUD.  YOU MUST, HOWEVER, ALL

AGREE ON AT LEAST ONE MISREPRESENTATION THAT IS

PROVED TO BE FALSE.  THAT IS, YOU CANNOT FIND A

DEFENDANT GUILTY IF ONLY SOME OF YOU THINK THAT

MISREPRESENTATION "A" IS FALSE, WHILE OTHERS

THINK THAT ONLY MISREPRESENTATION "B" IS FALSE.

THERE MUST BE AT LEAST ONE SPECIFIC PRETENSE,

REPRESENTATION OR PROMISE ABOUT A MATERIAL

FACT THAT ALL OF YOU FIND TO BE FALSE IN ORDER TO

FIND A DEFENDANT GUILTY.

IF YOU FIND THAT THE GOVERNMENT HAS

SUSTAINED ITS BURDEN OF PROOF THAT A SCHEME TO

**DEFRAUD, AS CHARGED, DID EXIST, YOU NEXT SHOULD**

**CONSIDER THE SECOND ELEMENT OF THE OFFENSE OF**

**MAIL FRAUD.**

## SECOND ELEMENT - INTENT TO DEFRAUD

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT A DEFENDANT EXECUTED THE SCHEME KNOWINGLY, WILLFULLY, AND WITH SPECIFIC INTENT TO DEFRAUD A VICTIM.

AGAIN, TO ACT "KNOWINGLY" MEANS TO ACT VOLUNTARILY AND DELIBERATELY, RATHER THAN MISTAKENLY OR BECAUSE OF IGNORANCE OR ACCIDENT.

TO ACT "WILLFULLY" MEANS TO ACT KNOWINGLY AND PURPOSELY, WITH AN INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS TO SAY, WITH A BAD PURPOSE TO DISOBEY OR DISREGARD THE LAW.

TO ACT WITH "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE SPECIFIC INTENT TO DECEIVE, FOR THE PURPOSE OF OBTAINING MONEY OR PROPERTY FROM ANOTHER.

HOW SOMEONE ACTED – HIS OR HER STATE OF MIND – IS A QUESTION OF FACT FOR YOU TO DETERMINE. DIRECT PROOF OF KNOWLEDGE AND FRAUDULENT INTENT IS NOT ALWAYS AVAILABLE, NOR IS IT REQUIRED.  THE ULTIMATE FACTS OF KNOWLEDGE AND CRIMINAL INTENT MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, WHICH I EXPLAINED TO YOU EARLIER.  CIRCUMSTANTIAL EVIDENCE, IF BELIEVED, IS OF NO LESS VALUE THAN DIRECT EVIDENCE.

SINCE AN ESSENTIAL ELEMENT OF THE MAIL FRAUD

CRIME CHARGED IS INTENT TO DEFRAUD, IT FOLLOWS

THAT GOOD FAITH ON THE PART OF A DEFENDANT IS A

COMPLETE DEFENSE TO A CHARGE OF WIRE FRAUD.  A

DEFENDANT, HOWEVER, HAS NO BURDEN TO ESTABLISH

A DEFENSE OF GOOD FAITH.  THE BURDEN IS ON THE

GOVERNMENT TO PROVE FRAUDULENT INTENT AND

CONSEQUENT LACK OF GOOD FAITH BEYOND A

REASONABLE DOUBT.

UNDER THE MAIL FRAUD STATUTE, EVEN FALSE

REPRESENTATIONS OR STATEMENTS, OR OMISSIONS OF

MATERIAL FACTS, DO NOT AMOUNT TO A FRAUD UNLESS

DONE WITH FRAUDULENT INTENT.  HOWEVER

MISLEADING OR DECEPTIVE A PLAN MAY BE, IT IS NOT

FRAUDULENT IF IT WAS DEVISED OR CARRIED OUT IN

GOOD FAITH.  AN HONEST BELIEF IN THE TRUTH OF THE

REPRESENTATIONS MADE BY OR ON BEHALF OF THE

DEFENDANT IS A COMPLETE DEFENSE, HOWEVER

INACCURATE THE STATEMENTS MAY TURN OUT TO BE.

IN DETERMINING WHETHER A DEFENDANT ACTED

KNOWINGLY, YOU MAY CONSIDER WHETHER THAT

DEFENDANT DELIBERATELY CLOSED HIS OR HER EYES

TO WHAT OTHERWISE WOULD HAVE BEEN OBVIOUS TO

HIM OR HER.  YOU MAY ONLY INFER KNOWLEDGE OF

THE EXISTENCE OF A PARTICULAR FACT IF A

DEFENDANT WAS AWARE OF A HIGH PROBABILITY OF ITS

EXISTENCE, UNLESS THAT DEFENDANT ACTUALLY

BELIEVED THAT IT DID NOT EXIST.  IF YOU FIND BEYOND

A REASONABLE DOUBT THAT A DEFENDANT ACTED WITH

A CONSCIOUS PURPOSE TO AVOID LEARNING A HIGHLY

PROBABLE TRUTH, THEN THIS ELEMENT MAY BE

SATISFIED.  HOWEVER, GUILTY KNOWLEDGE MAY NOT

BE ESTABLISHED BY DEMONSTRATING THAT A

DEFENDANT WAS MERELY NEGLIGENT, FOOLISH,

CARELESS, OR MISTAKEN.

THERE IS ANOTHER CONSIDERATION TO BEAR IN

MIND IN DECIDING WHETHER OR NOT THE DEFENDANT

ACTED IN GOOD FAITH.  YOU ARE INSTRUCTED THAT IF A

DEFENDANT PARTICIPATED IN THE SCHEME TO

DEFRAUD, THEN A BELIEF BY THAT DEFENDANT, IF SUCH

A BELIEF EXISTED, THAT ULTIMATELY EVERYTHING

WOULD WORK OUT SO THAT NO ONE WOULD LOSE ANY

MONEY DOES NOT REQUIRE YOU TO FIND THAT THAT

DEFENDANT ACTED IN GOOD FAITH.  NO AMOUNT OF

HONEST BELIEF ON THE PART OF A DEFENDANT THAT

THE SCHEME WOULD, FOR EXAMPLE, ULTIMATELY

MAKE A PROFIT FOR INVESTORS, WILL EXCUSE

FRAUDULENT ACTIONS OR FALSE REPRESENTATIONS

CAUSED BY HIM OR HER.

AS A PRACTICAL MATTER, THEN, IN ORDER TO

SUSTAIN A CHARGE OF MAIL FRAUD, THE GOVERNMENT

MUST ESTABLISH BEYOND A REASONABLE DOUBT THAT

A DEFENDANT KNEW THAT HIS OR HER CONDUCT AS A

PARTICIPANT IN THE SCHEME WAS CALCULATED TO

DECEIVE AND, NONETHELESS, HE OR SHE ASSOCIATED

HIMSELF OR HERSELF WITH THE ALLEGED FRAUDULENT

SCHEME FOR THE PURPOSE OF CAUSING SOME

FINANCIAL LOSS TO ANOTHER OR TO DEPRIVE ANOTHER

OF THEIR INTEREST IN PROPERTY.

TO CONCLUDE WITH THIS ELEMENT, IF YOU FIND

THE GOVERNMENT HAS ESTABLISHED BEYOND A

REASONABLE DOUBT THAT A DEFENDANT WAS A

KNOWING PARTICIPANT AND ACTED WITH INTENT TO

DEFRAUD, YOU SHOULD CONSIDER THE THIRD ELEMENT

OF THE MAIL FRAUD CHARGE.

## THIRD ELEMENT – USE OF THE MAILS

THE THIRD AND FINAL ELEMENT THAT THE

GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE

DOUBT IS THE USE OF THE MAILS IN FURTHERANCE OF

THE SCHEME TO DEFRAUD.  THE USE OF THE MAILS AS I

HAVE USED IT HERE INCLUDES MATERIAL SENT

THROUGH EITHER THE UNITED STATES POSTAL SERVICE

OR A PRIVATE OR COMMERCIAL INTERSTATE CARRIER.

THE MAILED MATTER NEED NOT CONTAIN A

FRAUDULENT REPRESENTATION OR PURPOSE OR

REQUEST FOR MONEY.  IT MUST, HOWEVER, FURTHER OR

ASSIST IN THE CARRYING OUT OF THE SCHEME TO

DEFRAUD.  IT IS NOT NECESSARY FOR A DEFENDANT TO

BE DIRECTLY OR PERSONALLY INVOLVED IN THE

118

MAILING, AS LONG AS THE MAILING WAS REASONABLY FORESEEABLE IN THE EXECUTION OF THE ALLEGED SCHEME TO DEFRAUD IN WHICH THAT DEFENDANT IS ACCUSED OF PARTICIPATING.

IN THIS REGARD, IT IS SUFFICIENT TO ESTABLISH THIS ELEMENT OF THE CRIME IF THE EVIDENCE JUSTIFIES A FINDING THAT A DEFENDANT CAUSED THE MAILING BY OTHERS.  THIS DOES NOT MEAN THAT THAT DEFENDANT MUST SPECIFICALLY HAVE AUTHORIZED OTHERS TO DO THE MAILING.

WHEN ONE DOES AN ACT WITH KNOWLEDGE THAT THE USE OF THE MAILS WILL FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR WHERE SUCH USE OF THE MAILS REASONABLY CAN BE FORESEEN, EVEN THOUGH

NOT ACTUALLY INTENDED, THEN HE OR SHE CAUSES THE

MAILS TO BE USED.

WITH RESPECT TO THE USE OF THE MAILS, THE

GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE

DOUBT THE PARTICULAR MAILING CHARGED IN THE

INDICTMENT.  HOWEVER, THE GOVERNMENT DOES NOT

HAVE TO PROVE THAT THE MAILINGS WERE MADE ON

THE EXACT DATE CHARGED IN THE INDICTMENT.  IT IS

SUFFICIENT IF THE EVIDENCE ESTABLISHES BEYOND A

REASONABLE DOUBT THAT THE MAILING WAS MADE ON

A DATE SUBSTANTIALLY SIMILAR TO THE DATE

CHARGED IN THE INDICTMENT.

## WIRE FRAUD

**THE ELEMENTS OF WIRE FRAUD ARE AS FOLLOWS:**

**FIRST**, THAT THERE WAS A SCHEME OR ARTIFICE TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY BY MATERIALLY FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS OR PROMISES;

**SECOND**, THAT THE DEFENDANTS KNOWINGLY AND WILLFULLY PARTICIPATED IN THE SCHEME OR ARTIFICE TO DEFRAUD, WITH KNOWLEDGE OF ITS FRAUDULENT NATURE AND WITH SPECIFIC INTENT TO DEFRAUD; AND

**THIRD**, THAT, IN EXECUTION OR IN FURTHERANCE OF THAT SCHEME, THE USE OF AN INTERSTATE OR FOREIGN WIRE OCCURRED.  THIS WOULD INCLUDE THE USE OF A LANDLINE TELEPHONE OR CELL PHONE OR A

FAX MACHINE, OR THE TRANSMISSION OF ELECTRONIC

DATA VIA THE RADIO, TELEVISION OR THE INTERNET.

I WILL NOW EXPLAIN EACH OF THESE ELEMENTS

FURTHER.

# FIRST ELEMENT – SCHEME TO DEFRAUD

THE FIRST ELEMENT THE GOVERNMENT MUST

PROVE BEYOND A REASONABLE DOUBT IS THE

EXISTENCE OF A SCHEME OR ARTIFICE TO DEFRAUD OR

TO OBTAIN MONEY OR PROPERTY BY MEANS OF FALSE

OR FRAUDULENT PRETENSES, REPRESENTATIONS OR

PROMISES.

A "SCHEME OR ARTIFICE" IS MERELY A PLAN FOR

THE ACCOMPLISHMENT OF AN OBJECTIVE.  "FRAUD" IS A

GENERAL TERM WHICH EMBRACES ALL THE VARIOUS

MEANS THAT AN INDIVIDUAL CAN DEVISE AND THAT ARE

USED BY AN INDIVIDUAL TO GAIN AN ADVANTAGE OVER

ANOTHER BY FALSE REPRESENTATIONS, SUGGESTIONS,

OR DELIBERATE DISREGARD FOR THE TRUTH.

A "SCHEME TO DEFRAUD" IS ANY PATTERN OR

COURSE OF CONDUCT DESIGNED TO OBTAIN MONEY OR

PROPERTY BY MEANS OF TRICK, DECEIT, DECEPTION OR

BY FALSE OR FRAUDULENT REPRESENTATIONS OR

PROMISES.  A REPRESENTATION OR STATEMENT IS

FRAUDULENT IF IT WAS FALSELY MADE WITH THE

INTENT TO DECEIVE.  HALF-TRUTHS, THE CONCEALMENT

OR OMISSION OF MATERIAL FACTS, OR THE EXPRESSION

OF AN OPINION NOT HONESTLY ENTERTAINED MAY ALSO

CONSTITUTE FALSE OR FRAUDULENT STATEMENTS

UNDER THE STATUTE.  THE FRAUDULENT

REPRESENTATION MUST RELATE TO A MATERIAL FACT

OR MATTER.  A MATERIAL FACT IS ONE WHICH WOULD

REASONABLY BE EXPECTED TO BE OF CONCERN TO A

REASONABLE AND PRUDENT PERSON IN RELYING UPON

THE REPRESENTATION OR STATEMENT IN MAKING A

DECISION.

THE DECEPTION NEED NOT BE PREMISED UPON

SPOKEN OR WRITTEN WORDS ALONE.  THE

ARRANGEMENT OF THE WORDS, OR THE

CIRCUMSTANCES IN WHICH THEY ARE USED MAY

CONVEY A FALSE AND DECEPTIVE APPEARANCE.  IF

THERE IS INTENTIONAL DECEPTION, THE MANNER IN

WHICH IT IS ACCOMPLISHED DOES NOT MATTER.

THE GOVERNMENT IS NOT REQUIRED TO ESTABLISH

THAT EITHER DEFENDANT HIMSELF OR HERSELF

ORIGINATED THE SCHEME TO DEFRAUD.  NOR IS IT

NECESSARY THAT EITHER DEFENDANT ACTUALLY

REALIZED ANY GAIN FROM THE SCHEME, OR THAT THE

INTENDED VICTIM ACTUALLY SUFFERED ANY LOSS.

SUCCESS IS NOT AN ELEMENT OF THE CRIME CHARGED.

THAT IS BECAUSE ONLY A SCHEME TO DEFRAUD, AND

NOT ACTUAL FRAUD, MUST BE PROVED TO SUSTAIN A

CONVICTION.

A SCHEME TO DEFRAUD NEED NOT BE SHOWN BY

DIRECT EVIDENCE, BUT MAY BE ESTABLISHED BY ALL OF

THE CIRCUMSTANCES AND FACTS IN THE CASE.

IT IS ALSO NOT NECESSARY THAT THE

GOVERNMENT PROVE EACH AND EVERY

MISREPRESENTATION OR FALSE PROMISE THAT THE

GOVERNMENT ALLEGES.  IT IS SUFFICIENT IF THE

GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT,

THAT ONE OR MORE OF THE MATERIAL

MISREPRESENTATIONS WAS MADE IN FURTHERANCE OF

THE SCHEME TO DEFRAUD.  YOU MUST, HOWEVER, ALL

AGREE ON AT LEAST ONE MISREPRESENTATION THAT IS

PROVED TO BE FALSE.  THAT IS, YOU CANNOT FIND A

DEFENDANT GUILTY IF ONLY SOME OF YOU THINK THAT

MISREPRESENTATION "A" IS FALSE, WHILE OTHERS

THINK THAT ONLY MISREPRESENTATION "B" IS FALSE.

THERE MUST BE AT LEAST ONE SPECIFIC PRETENSE,

REPRESENTATION OR PROMISE ABOUT A MATERIAL

FACT THAT ALL OF YOU FIND TO BE FALSE IN ORDER TO

FIND A DEFENDANT GUILTY.

IF YOU FIND THAT THE GOVERNMENT HAS

SUSTAINED ITS BURDEN OF PROOF THAT A SCHEME TO

**DEFRAUD, AS CHARGED, DID EXIST, YOU NEXT SHOULD CONSIDER THE SECOND ELEMENT OF THE OFFENSE OF WIRE FRAUD.**

## SECOND ELEMENT - INTENT TO DEFRAUD

THE SECOND ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT A DEFENDANT EXECUTED THE SCHEME KNOWINGLY, WILLFULLY, AND WITH SPECIFIC INTENT TO DEFRAUD A VICTIM.

TO REPEAT, TO ACT "KNOWINGLY" MEANS TO ACT VOLUNTARILY AND DELIBERATELY, RATHER THAN MISTAKENLY OR BECAUSE OF IGNORANCE OR ACCIDENT.

TO ACT "WILLFULLY" MEANS TO ACT KNOWINGLY AND PURPOSELY, WITH AN INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS TO SAY, WITH A BAD PURPOSE TO DISOBEY OR DISREGARD THE LAW.

TO ACT WITH "INTENT TO DEFRAUD" MEANS TO ACT KNOWINGLY AND WITH THE SPECIFIC INTENT TO DECEIVE, FOR THE PURPOSE OF OBTAINING MONEY OR PROPERTY FROM ANOTHER.

HOW SOMEONE ACTED – HIS OR HER STATE OF MIND – IS A QUESTION OF FACT FOR YOU TO DETERMINE. DIRECT PROOF OF KNOWLEDGE AND FRAUDULENT INTENT IS NOT ALWAYS AVAILABLE, NOR IS IT REQUIRED.  THE ULTIMATE FACTS OF KNOWLEDGE AND CRIMINAL INTENT MAY BE ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE, WHICH I EXPLAINED TO YOU EARLIER.  CIRCUMSTANTIAL EVIDENCE, IF BELIEVED, IS OF NO LESS VALUE THAN DIRECT EVIDENCE.

SINCE AN ESSENTIAL ELEMENT OF THE WIRE FRAUD CRIME CHARGED IS INTENT TO DEFRAUD, IT FOLLOWS THAT GOOD FAITH ON THE PART OF A DEFENDANT IS A COMPLETE DEFENSE TO A CHARGE OF WIRE FRAUD.  A DEFENDANT, HOWEVER, HAS NO BURDEN TO ESTABLISH A DEFENSE OF GOOD FAITH.  THE BURDEN IS ON THE GOVERNMENT TO PROVE FRAUDULENT INTENT AND CONSEQUENT LACK OF GOOD FAITH BEYOND A REASONABLE DOUBT.

UNDER THE WIRE FRAUD STATUTE, EVEN FALSE REPRESENTATIONS OR STATEMENTS, OR OMISSIONS OF MATERIAL FACTS, DO NOT AMOUNT TO A FRAUD UNLESS DONE WITH FRAUDULENT INTENT.  HOWEVER MISLEADING OR DECEPTIVE A PLAN MAY BE, IT IS NOT

FRAUDULENT IF IT WAS DEVISED OR CARRIED OUT IN

GOOD FAITH. AN HONEST BELIEF IN THE TRUTH OF THE

REPRESENTATIONS MADE BY OR ON BEHALF OF THE

DEFENDANT IS A COMPLETE DEFENSE, HOWEVER

INACCURATE THE STATEMENTS MAY TURN OUT TO BE.

IN DETERMINING WHETHER A DEFENDANT ACTED

KNOWINGLY, YOU MAY CONSIDER WHETHER THAT

DEFENDANT DELIBERATELY CLOSED HIS OR HER EYES

TO WHAT OTHERWISE WOULD HAVE BEEN OBVIOUS TO

HIM OR HER. YOU MAY ONLY INFER KNOWLEDGE OF

THE EXISTENCE OF A PARTICULAR FACT IF A

DEFENDANT WAS AWARE OF A HIGH PROBABILITY OF ITS

EXISTENCE, UNLESS THAT DEFENDANT ACTUALLY

BELIEVED THAT IT DID NOT EXIST. IF YOU FIND BEYOND

A REASONABLE DOUBT THAT A DEFENDANT ACTED WITH

A CONSCIOUS PURPOSE TO AVOID LEARNING A HIGHLY

PROBABLE TRUTH, THEN THIS ELEMENT MAY BE

SATISFIED.  HOWEVER, GUILTY KNOWLEDGE MAY NOT

BE ESTABLISHED BY DEMONSTRATING THAT A

DEFENDANT WAS MERELY NEGLIGENT, FOOLISH,

CARELESS, OR MISTAKEN.

THERE IS ANOTHER CONSIDERATION TO BEAR IN

MIND IN DECIDING WHETHER OR NOT THE DEFENDANT

ACTED IN GOOD FAITH.  YOU ARE INSTRUCTED THAT IF A

DEFENDANT PARTICIPATED IN THE SCHEME TO

DEFRAUD, THEN A BELIEF BY THAT DEFENDANT, IF SUCH

A BELIEF EXISTED, THAT ULTIMATELY EVERYTHING

WOULD WORK OUT SO THAT NO ONE WOULD LOSE ANY

MONEY DOES NOT REQUIRE YOU TO FIND THAT THAT

DEFENDANT ACTED IN GOOD FAITH.  NO AMOUNT OF

HONEST BELIEF ON THE PART OF A DEFENDANT THAT

THE SCHEME WOULD, FOR EXAMPLE, ULTIMATELY

MAKE A PROFIT FOR INVESTORS, WILL EXCUSE

FRAUDULENT ACTIONS OR FALSE REPRESENTATIONS

CAUSED BY HIM OR HER.

AS A PRACTICAL MATTER, THEN, IN ORDER TO

SUSTAIN A CHARGE OF WIRE FRAUD, THE GOVERNMENT

MUST ESTABLISH BEYOND A REASONABLE DOUBT THAT

A DEFENDANT KNEW THAT HIS OR HER CONDUCT AS A

PARTICIPANT IN THE SCHEME WAS CALCULATED TO

DECEIVE AND, NONETHELESS, HE OR SHE ASSOCIATED

HIMSELF OR HERSELF WITH THE ALLEGED FRAUDULENT

SCHEME FOR THE PURPOSE OF CAUSING SOME

FINANCIAL LOSS TO ANOTHER OR TO DEPRIVE ANOTHER

OF THEIR INTEREST IN PROPERTY.

TO CONCLUDE WITH THIS ELEMENT, IF YOU FIND

THE GOVERNMENT HAS ESTABLISHED BEYOND A

REASONABLE DOUBT THAT A DEFENDANT WAS A

KNOWING PARTICIPANT AND ACTED WITH INTENT TO

DEFRAUD, YOU SHOULD CONSIDER THE THIRD ELEMENT

OF THE WIRE FRAUD CHARGE.

## THIRD ELEMENT – USE OF INTERSTATE WIRES

THE THIRD AND FINAL ELEMENT THAT THE

GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE

DOUBT IS THE USE OF AN INTERSTATE WIRE

COMMUNICATION IN FURTHERANCE OF THE SCHEME TO

DEFRAUD.  THE WIRE COMMUNICATION MUST PASS

BETWEEN TWO OR MORE STATES, OR IT MUST PASS

BETWEEN THE UNITED STATES AND A FOREIGN

COUNTRY.  A WIRE COMMUNICATION INCLUDES A WIRE

TRANSFER OF FUNDS BETWEEN BANKS IN DIFFERENT

STATES, AND TELEPHONE CALLS, EMAILS, AND

FACSIMILES BETWEEN TWO DIFFERENT STATES.

THE USE OF THE WIRES NEED NOT ITSELF BE A

FRAUDULENT REPRESENTATION.  IT MUST, HOWEVER,

FURTHER OR ASSIST IN THE CARRYING OUT OF THE SCHEME TO DEFRAUD.  IT IS NOT NECESSARY FOR A DEFENDANT TO BE DIRECTLY OR PERSONALLY INVOLVED IN THE WIRE COMMUNICATION, AS LONG AS THE COMMUNICATION WAS REASONABLY FORESEEABLE IN THE EXECUTION OF THE ALLEGED SCHEME TO DEFRAUD IN WHICH THAT DEFENDANT IS ACCUSED OF PARTICIPATING.

IN THIS REGARD, IT IS SUFFICIENT TO ESTABLISH THIS ELEMENT OF THE CRIME IF THE EVIDENCE JUSTIFIES A FINDING THAT A DEFENDANT CAUSED THE WIRES TO BE USED BY OTHERS.  THIS DOES NOT MEAN THAT THAT DEFENDANT MUST SPECIFICALLY HAVE AUTHORIZED OTHERS TO MAKE THE CALL.

**WHEN ONE DOES AN ACT WITH KNOWLEDGE THAT THE USE OF THE WIRES WILL FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR WHERE SUCH USE OF THE WIRES REASONABLY CAN BE FORESEEN, EVEN THOUGH NOT ACTUALLY INTENDED, THEN HE OR SHE CAUSES THE WIRES TO BE USED.**

## COUNT ONE: CONSPIRACY TO COMMIT SECURITIES FRAUD

COUNT ONE ALSO CHARGES A CONSPIRACY, THOUGH OF A DIFFERENT TYPE.  COUNT ONE OF THE INDICTMENT CHARGES BOTH DEFENDANTS WITH CONSPIRACY TO COMMIT SECURITIES FRAUD.

SPECIFICALLY, COUNT ONE STATES, IN PERTINENT PART:

IN OR ABOUT AND BETWEEN OCTOBER 2012 AND JULY 2014, BOTH DATES BEING APPROXIMATE AND INCLUSIVE, WITHIN THE EASTERN DISTRICT OF NEW YORK AND ELSEWHERE, THE DEFENDANTS

**ABRAXAS J. DISCALA, ALSO KNOWN AS**

**"AJ DISCALA," AND KYLEEN CANE,**

**TOGETHER WITH OTHERS, DID**

**KNOWINGLY AND WILLFULLY**

**CONSPIRE TO USE AND EMPLOY**

**MANIPULATIVE AND DECEPTIVE**

**DEVICES AND CONTRIVANCES,**

**CONTRARY TO RULE 10B-5 OF THE**

**RULES AND REGULATIONS OF THE**

**UNITED STATES SECURITIES AND**

**EXCHANGE COMMISSION, TITLE 17,**

**CODE OF FEDERAL REGULATIONS,**

**SECTION 240.10B-5, BY (A) EMPLOYING**

**DEVICES, SCHEMES AND ARTIFICES TO**

DEFRAUD; (B) MAKING UNTRUE

STATEMENTS OF MATERIAL FACT AND

OMITTING TO STATE MATERIAL FACTS

NECESSARY IN ORDER TO MAKE THE

STATEMENTS MADE, IN LIGHT OF THE

CIRCUMSTANCES UNDER WHICH THEY

WERE MADE, NOT MISLEADING; AND (C)

ENGAGING IN ACTS, PRACTICES AND

COURSES OF BUSINESS WHICH WOULD

AND DID OPERATE AS A FRAUD AND

DECEIT UPON INVESTORS AND

POTENTIAL INVESTORS IN THE

MANIPULATED PUBLIC COMPANIES, IN

CONNECTION WITH THE PURCHASE

AND SALE OF INVESTMENTS IN THE

MANIPULATED PUBLIC COMPANIES,

DIRECTLY AND INDIRECTLY, BY USE OF

MEANS AND INSTRUMENTALITIES OF

INTERSTATE COMMERCE AND THE

MAILS, CONTRARY TO TITLE 15, UNITED

STATES CODE, SECTIONS 78J(B) AND

78FF.

THE RELEVANT STATUTES FOR THIS CHARGE ARE 18

U.S.C. § 371, WHICH PROVIDES, IN RELEVANT PART:

IF TWO OR MORE PERSONS

CONSPIRE EITHER TO COMMIT ANY

OFFENSE AGAINST THE UNITED STATES

. . . AND ONE OR MORE OF SUCH

PERSONS DO ANY ACT TO EFFECT THE

OBJECT OF THE CONSPIRACY, EACH

SHALL BE [PUNISHED].

AND, 15 U.S.C. § 78J, WHICH PROVIDES IN RELEVANT

PART THAT:

IT SHALL BE UNLAWFUL FOR ANY

PERSON, DIRECTLY OR INDIRECTLY, BY

THE USE OF ANY MEANS OR

INSTRUMENTALITY OF INTERSTATE

COMMERCE OR OF THE MAILS, OR OF

ANY FACILITY OF ANY NATIONAL

SECURITIES EXCHANGE—

TO USE OR EMPLOY, IN

CONNECTION WITH THE PURCHASE OR

SALE OF ANY SECURITY . . . ANY

MANIPULATIVE OR DECEPTIVE DEVICE

OR CONTRIVANCE IN CONTRAVENTION

OF SUCH RULES AND REGULATIONS AS

THE COMMISSION MAY PRESCRIBE AS

NECESSARY OR APPROPRIATE IN THE

PUBLIC INTEREST OR FOR THE

PROTECTION OF INVESTORS.

I HAVE ALREADY INSTRUCTED YOU AS TO THE

ELEMENTS THE GOVERNMENT MUST ESTABLISH TO

PROVE EITHER DEFENDANT'S PARTICIPATION IN A

CONSPIRACY.  HOWEVER, AS WITH COUNT TWO, TO

DETERMINE WHETHER THE GOVERNMENT HAS PROVED

BEYOND A REASONABLE DOUBT THAT EITHER

DEFENDANT ENGAGED IN AN ILLEGAL CONSPIRACY, YOU

MUST ALSO UNDERSTAND THE CRIMES THAT COUNT ONE

CHARGES HIM OR HER WITH AGREEING TO COMMIT.

AS I NOTED, THE ALLEGED OBJECT OF THE

CONSPIRACY CHARGED IN COUNT ONE IS SECURITIES

FRAUD.  THE ELEMENTS OF SECURITIES FRAUD ARE AS

FOLLOWS:

**FIRST**, THAT IN CONNECTION WITH THE PURCHASE

OR SALE OF A SECURITY, THE DEFENDANT DID ANY ONE

OR MORE OF THE FOLLOWING:

(1) EMPLOYED A DEVICE, SCHEME OR ARTIFICE

TO DEFRAUD, OR

(2) MADE AN UNTRUE STATEMENT OF A

MATERIAL FACT OR OMITTED TO STATE A MATERIAL

FACT WHICH MADE WHAT WAS SAID, UNDER THE

CIRCUMSTANCES, MISLEADING, OR

      (3) ENGAGED IN AN ACT, PRACTICE OR COURSE

OF BUSINESS THAT OPERATED, OR WOULD OPERATE, AS

A FRAUD OR DECEIT UPON A PURCHASER OR SELLER;

    **SECOND**, THAT THE DEFENDANT ACTED WILLFULLY,

KNOWINGLY AND WITH THE INTENT TO DEFRAUD;

    AND **THIRD**, THAT THE DEFENDANT KNOWINGLY

USED, OR CAUSED TO BE USED, ANY MEANS OR

INSTRUMENTS OF TRANSPORTATION OR

COMMUNICATION IN INTERSTATE COMMERCE OR THE

USE OF THE MAILS IN FURTHERANCE OF THE

FRAUDULENT CONDUCT.

    I WILL NOW GO THROUGH THESE ELEMENTS IN

**GREATER DETAIL.**

## THE SUBSTANTIVE OFFENSE OF SECURITIES FRAUD

## FIRST ELEMENT– FRAUDULENT ACT

THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT, IN CONNECTION WITH THE PURCHASE OR SALE OF A SECURITY, THE DEFENDANT DID ONE OR MORE OF THE FOLLOWING:

(1) EMPLOYED A DEVICE, SCHEME OR ARTIFICE TO DEFRAUD, OR

(2) MADE AN UNTRUE STATEMENT OF A MATERIAL FACT OR OMITTED TO STATE A MATERIAL FACT NECESSARY IN ORDER TO MAKE THE STATEMENTS MADE, IN THE LIGHT OF THE CIRCUMSTANCES UNDER WHICH THEY WERE MADE, NOT MISLEADING, OR

(3) ENGAGED IN AN ACT, PRACTICE OR COURSE OF BUSINESS THAT OPERATED, OR WOULD OPERATE, AS A FRAUD OR DECEIT UPON A PURCHASER OR SELLER.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO ESTABLISH ALL THREE TYPES OF UNLAWFUL CONDUCT IN CONNECTION WITH THE SALE OR PURCHASE OF A SECURITY.  ANY ONE WILL BE SUFFICIENT FOR A CONVICTION, IF YOU SO FIND, BUT YOU MUST BE UNANIMOUS AS TO WHICH TYPE OF UNLAWFUL CONDUCT YOU FIND TO HAVE BEEN PROVEN.

A DEVICE, SCHEME OR ARTIFICE TO DEFRAUD IS MERELY A PLAN FOR THE ACCOMPLISHMENT OF ANY OBJECTIVE.  FRAUD IS A GENERAL TERM WHICH EMBRACES ALL EFFORTS AND MEANS THAT INDIVIDUALS DEVISE TO TAKE ADVANTAGE OF OTHERS.  THIS INCLUDES TECHNIQUES, SUCH AS WASH TRADES OR MATCH TRADES, THAT ARE INTENDED TO MISLEAD INVESTORS BY ARTIFICIALLY AFFECTING MARKET ACTIVITY.  WASH TRADES ARE PREARRANGED PURCHASES AND SALES OF SECURITIES THAT MATCH EACH OTHER AT A SPECIFIED PRICE, VOLUME AND TIME

OF EXECUTION, SO AS TO INVOLVE NO CHANGE IN

BENEFICIAL OWNERSHIP.  MATCH TRADES ARE SIMILAR

TO WASH TRADES BUT INVOLVE A RELATED THIRD

PERSON OR PARTY WHO PLACES ONE SIDE OF THE

TRADE.  THE LAW WHICH THE DEFENDANTS ARE

ALLEGED TO HAVE VIOLATED GENERALLY PROHIBITS

PRACTICES SUCH AS WASH SALES, MATCHED ORDERS OR

RIGGED PRICES THAT ARE INTENDED TO MISLEAD

INVESTORS BY ARTIFICIALLY AFFECTING MARKET

ACTIVITY.

THE FRAUDULENT OR DECEITFUL CONDUCT

ALLEGED NEED NOT RELATE TO THE INVESTMENT

VALUE OF THE SECURITIES INVOLVED IN THIS CASE.

YOU NEED NOT FIND THAT THE DEFENDANT

ACTUALLY PARTICIPATED IN ANY SECURITIES

TRANSACTION IF THE DEFENDANT WAS ENGAGED IN

FRAUDULENT CONDUCT THAT WAS "IN CONNECTION

WITH" A PURCHASE OR SALE.  THE "IN CONNECTION

150

WITH" ASPECT OF THIS ELEMENT IS SATISFIED IF YOU FIND THAT THERE WAS SOME NEXUS OR RELATION BETWEEN THE ALLEGEDLY FRAUDULENT CONDUCT AND THE SALE OR PURCHASE OF SECURITIES. FRAUDULENT CONDUCT MAY BE "IN CONNECTION WITH" THE PURCHASE OR SALE OF SECURITIES IF YOU FIND THAT THE ALLEGED FRAUDULENT CONDUCT "TOUCHED UPON" A SECURITIES TRANSACTION.

IT IS NO DEFENSE TO AN OVERALL SCHEME TO DEFRAUD THAT THE DEFENDANT WAS NOT INVOLVED IN THE SCHEME FROM ITS INCEPTION OR PLAYED ONLY A MINOR ROLE WITH NO CONTACT WITH THE INVESTORS AND PURCHASERS OF THE SECURITIES IN QUESTION. NOR IS IT NECESSARY FOR YOU TO FIND THAT THE DEFENDANT WAS THE ACTUAL SELLER OR OFFEROR OF THE SECURITIES. IT IS SUFFICIENT IF THE DEFENDANT PARTICIPATED IN THE SCHEME OR FRAUDULENT CONDUCT THAT INVOLVED THE PURCHASE OR SALE OF

STOCK.  BY THE SAME TOKEN, THE GOVERNMENT NEED

NOT PROVE THAT THE DEFENDANT PERSONALLY MADE

THE MISREPRESENTATION OR THAT HE OR SHE OMITTED

THE MATERIAL FACT.  IT IS SUFFICIENT IF THE

GOVERNMENT ESTABLISHES THAT THE DEFENDANT

CAUSED THE STATEMENT TO BE MADE OR THE FACT TO

BE OMITTED.  WITH REGARD TO THE ALLEGED

MISREPRESENTATIONS AND OMISSIONS, YOU MUST

DETERMINE WHETHER THE STATEMENT WAS TRUE OR

FALSE WHEN IT WAS MADE, AND, IN THE CASE OF

ALLEGED OMISSIONS, WHETHER THE OMISSION WAS

MISLEADING.

IF YOU FIND THAT THE GOVERNMENT HAS

ESTABLISHED BEYOND A REASONABLE DOUBT THAT A

STATEMENT WAS FALSE OR OMITTED, YOU MUST NEXT

DETERMINE WHETHER THE FACT MISSTATED WAS

MATERIAL UNDER THE CIRCUMSTANCES.  A MATERIAL

FACT IS ONE THAT WOULD HAVE BEEN SIGNIFICANT TO

A REASONABLE INVESTOR'S INVESTMENT DECISION.
THIS IS NOT TO SAY THAT THE GOVERNMENT MUST
PROVE THAT THE MISREPRESENTATION WOULD HAVE
DECEIVED A PERSON OF ORDINARY INTELLIGENCE.
ONCE YOU FIND THAT THERE WAS A MATERIAL
MISREPRESENTATION OR OMISSION OF A MATERIAL
FACT, IT DOES NOT MATTER WHETHER THE INTENDED
VICTIMS WERE GULLIBLE BUYERS OR SOPHISTICATED
INVESTORS, BECAUSE THE SECURITIES LAWS PROTECT
THE GULLIBLE AND UNSOPHISTICATED AS WELL AS THE
EXPERIENCED INVESTOR.

NOR DOES IT MATTER WHETHER THE ALLEGED
UNLAWFUL CONDUCT WAS SUCCESSFUL OR NOT, OR
THAT THE DEFENDANT PROFITED OR RECEIVED ANY
BENEFITS AS A RESULT OF THE ALLEGED SCHEME.
SUCCESS IS NOT AN ELEMENT OF THE CRIME CHARGED.
HOWEVER, IF YOU FIND THAT THE DEFENDANT DID
PROFIT FROM THE ALLEGED SCHEME, YOU MAY

CONSIDER THAT IN RELATION TO THE THIRD ELEMENT

OF INTENT, WHICH I WILL DISCUSS IN A MOMENT.

## SECOND ELEMENT – KNOWLEDGE AND INTENT

THE SECOND ELEMENT THAT THE GOVERNMENT MUST ESTABLISH BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT PARTICIPATED IN THE SCHEME TO DEFRAUD KNOWINGLY, WILLFULLY AND WITH INTENT TO DEFRAUD.

THOSE TERMS HAVE THE SAME MEANINGS THAT I PREVIOUSLY PROVIDED TO YOU.

# THIRD ELEMENT – INTERSTATE COMMERCE

THE THIRD AND FINAL ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY USED, OR CAUSED TO BE USED, THE MAILS OR ANY MEANS OR INSTRUMENTALITIES OF TRANSPORTATION OR COMMUNICATION IN INTERSTATE COMMERCE, INCLUDING TELEPHONES, IN FURTHERANCE OF THE SCHEME TO DEFRAUD.

IT IS NOT NECESSARY THAT A DEFENDANT BE DIRECTLY OR PERSONALLY INVOLVED IN ANY MAILING OR TELEPHONE CALLS.  IF THE DEFENDANT WAS AN ACTIVE PARTICIPANT IN THE SCHEME AND TOOK STEPS OR ENGAGED IN CONDUCT WHICH HE OR SHE KNEW OR REASONABLY COULD FORESEE WOULD NATURALLY AND PROBABLY RESULT IN THE USE OF THE MAILS OR TELEPHONE LINES, THEN YOU MAY FIND THAT HE

CAUSED THE MAILS OR INSTRUMENTALITY OF

INTERSTATE COMMERCE TO BE USED.

WHEN ONE DOES AN ACT WITH THE KNOWLEDGE

THAT THE USE OF INTERSTATE MEANS OF

COMMUNICATION WILL FOLLOW IN THE ORDINARY

COURSE OF BUSINESS, OR WHERE SUCH USE

REASONABLY CAN BE FORESEEN, EVEN THOUGH NOT

ACTUALLY INTENDED, THEN HE CAUSES SUCH MEANS TO

BE USED.

NOR IS IT NECESSARY THAT THE ITEMS SENT

THROUGH THE MAILS OR COMMUNICATED BY

TELEPHONE CONTAIN THE FRAUDULENT MATERIAL, OR

ANYTHING CRIMINAL OR OBJECTIONABLE.  THE MATTER

MAILED OR COMMUNICATED BY TELEPHONE MAY BE

ENTIRELY INNOCENT.

THE USE OF TELEPHONES OR THE MAIL NEED NOT

BE CENTRAL TO THE EXECUTION OF THE SCHEME, AND

MAY EVEN BE INCIDENTAL TO IT.  ALL THAT IS

REQUIRED IS THAT THE USE OF TELEPHONES OR THE

MAIL BEAR SOME RELATION TO THE OBJECT OF THE

SCHEME OR FRAUDULENT CONDUCT.

IN FACT, THE ACTUAL OFFER OR SALE NEED NOT BE

ACCOMPANIED OR ACCOMPLISHED BY THE USE OF

TELEPHONES OR THE MAIL, SO LONG AS THE

DEFENDANT IS STILL ENGAGED IN ACTIONS THAT ARE A

PART OF A FRAUDULENT SCHEME.

EACH SPECIFIC USE OF A TELEPHONE OR THE MAIL

IN FURTHERANCE OF THE SCHEME TO DEFRAUD

CONSTITUTES A SEPARATE AND DISTINCT CRIMINAL

OFFENSE

## ELEMENTS OF CONSPIRACY REVIEWED

I HAVE ALREADY INSTRUCTED YOU ON CONSPIRACY GENERALLY.  THOSE SAME INSTRUCTIONS APPLY TO COUNT ONE.  AS A REMINDER, THE GOVERNMENT NEED NOT PROVE THAT A DEFENDANT ACTUALLY COMMITTED THE UNLAWFUL ACTS CHARGED AS THE OBJECTS OF THE CONSPIRACY IN COUNT ONE, THAT IS, SECURITIES FRAUD.  RATHER, THE GOVERNMENT MUST PROVE, BEYOND A REASONABLE DOUBT, THE FOLLOWING:

FIRST, THAT TWO OR MORE PERSONS ENTERED INTO AN AGREEMENT TO COMMIT SECURITIES FRAUD; AND

SECOND, THAT A DEFENDANT KNOWINGLY AND INTENTIONALLY BECAME A MEMBER OF THE CONSPIRACY.

THERE ARE TWO ADDITIONAL ELEMENTS THAT THE
GOVERNMENT MUST PROVE BEYOND A REASONABLE
DOUBT IN ORDER TO ESTABLISH THAT A DEFENDANT IS
GUILTY OF THE CONSPIRACY ALLEGED IN COUNT ONE.

THE FIRST ADDITIONAL ELEMENT THE
GOVERNMENT MUST PROVE IS THAT ONE OF THE
MEMBERS OF THE CONSPIRACY KNOWINGLY
COMMITTED AT LEAST ONE OF THE OVERT ACTS
CHARGED IN THE INDICTMENT.

THE INDICTMENT ALLEGES:

IN FURTHERANCE OF THE
CONSPIRACY AND TO EFFECT ITS
OBJECTS, WITHIN THE EASTERN
DISTRICT OF NEW YORK AND

160

ELSEWHERE, THE DEFENDANTS,

TOGETHER WITH OTHERS, COMMITTED

AND CAUSED TO BE COMMITTED,

AMONG OTHERS, THE FOLLOWING:

<u>OVERT ACTS</u>

A.  ON OR ABOUT JUNE 4, 2013,

SHAPIRO SENT AN E-MAIL TO JOHN DOE

3, A REPRESENTATIVE OF RAMAPO

COLLEGE OF NEW JERSEY WHOSE

IDENTITY IS KNOWN TO THE GRAND

JURY, COPYING TWO OF SHAPIRO'S

COLLEAGUES, WHOSE IDENTITIES ARE

KNOWN TO THE GRAND JURY, AND

STATED, IN PART, "MY APOLOGIES ON

BEHALF OF CODESMART.  WE DID NOT

KNOW ABOUT THAT LANGUAGE YOU

[SIC] WERE ALLOWED TO USE AND

CERTAINLY WILL CONSULT WITH YOU

NEXT TIME WE DO A PROMOTION.  THIS

IS ALL DONE IN A SPIRIT OF

PROMOTING BUSINESS OPPORTUNITIES

FOR YOU AS A PARTNER."

B.  ON OR ABOUT AUGUST 15, 2013,

DISCALA SIGNED A PURCHASE

AGREEMENT ON BEHALF OF FIDELIS

WHEREBY HE SOLD 25,000 SHARES OF

CODESMART COMMON STOCK TO

VICTIM 1, AN INDIVIDUAL WHOSE

IDENTITY IS KNOWN TO THE GRAND

JURY, FOR $3,500 AT A PURCHASE PRICE

OF $0.14 PER SHARE.

C.  ON OR ABOUT AUGUST 27, 2013,

SHAPIRO FILED WITH THE SEC A FORM

8-K ON BEHALF OF CODESMART AND

STATED THAT HE HAD PURCHASED

25,000 SHARES OF THE COMPANY'S

STOCK FROM THE PUBLIC MARKET AT

THE MARKET VALUE OF $3.21 PER

SHARE FOR A COST OF $80,250.

D.  ON OR ABOUT OCTOBER 17, 2013,

OFSINK CAUSED AN E-MAIL TO BE SENT

TO SHAPIRO, WHICH E-MAIL

ATTACHED A SHAM CONSULTING

AGREEMENT, A CODESMART BOARD

CONSENT FORM APPROVING THE

CONSULTING AGREEMENT IN

EXCHANGE FOR 750,000 SHARES, AND

AN INSTRUCTION LETTER TO

TRANSFER 750,000 SHARES OF

CODESMART TO A SHELL COMPANY.

E.  ON OR ABOUT MAY 6, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND GOODRICH DISCUSSING

THE TRADING OF CUBED SHARES,

DISCALA INQUIRED, IN PART, "CAN YOU

GET [YOUR TRADER] OFF THAT 451?

164

HE'S KILLING THE BOX," ADDING, "IT'S

526, HE'S IN THE MIDDLE OF THE 5'S AT

451[.]" AND GOODRICH RESPONDED, IN

PART, "WHERE DO YOU WANT HIM?

I'LL CALL HIM RIGHT NOW."

   F.  ON OR ABOUT MAY 12, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND CO-CONSPIRATOR 2, CO-

CONSPIRATOR 2 STATED, IN PART, "WE

SHOULD START SENDING

[JOSEPHBERG] MORONS BY THE WAY.

WE COULD TRADE FOR FREE, YOU

KNOW, SEND HIM A MORON, YOU

KNOW, A GUY YOU DON'T KNOW AND

THEN WE'LL JUST BUY STOCKS AND IF

THEY DON'T GO UP BY THE END, WE'LL

BUY, LIKE, OPTIONS – TWITTER

OPTIONS – THAT EXPIRE IN, LIKE, A

DAY.  EITHER WE'LL MAKE LIKE

TWENTY TIMES OR WE'LL JUST GIVE

HIM THE STOCK."

G.  ON OR ABOUT MAY 17, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND CO-CONSPIRATOR 3,

DISCALA STATED, IN PART, "SO OUR

DEAL IS GOING TO PAY THE CUBE TWO-

FIFTY, CAUSE THESE GUYS CAN'T

166

GENERATE REVENUE, SO I'M GOING TO

GENERATE IT MYSELF."

H.  ON OR ABOUT MAY 20, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND GOODRICH ABOUT THE

ESCROW ACCOUNT AND CUBED

TRADING, GOODRICH STATED, IN PART,

"[Y]OU DID A PERFECT JOB.  HEARING

IT OUT OF [CANE'S] MOUTH, THAT

MAKES SENSE."

I.  ON OR ABOUT MAY 20, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND CO-CONSPIRATOR 2,

DISCALA STATED, IN PART, "RIGHT,

BECAUSE I'M THE [EXPLETIVE] BRAKE

AND THE GAS, [EXPLETIVE].  IF I TAKE

MY FOOT OFF THE BRAKE IT'S 55

[DOLLARS] TOMORROW (LAUGHTER)."

J.  ON OR ABOUT MAY 21, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND CANE, CANE STATED, IN

PART, "YOU KNOW [THE INVESTOR

RELATIONS/PUBLIC RELATIONS GUYS

ARE] GOING TO BE DOING IT AND I

ALSO JUST TALKED TO TWO PEOPLE

THAT ARE GONNA PROBABLY GOING

TO PUT IN ANOTHER HALF A MILLION

INTO CUBED FOR SOME INTERIM,

INTERIM MONEY."

K. ON OR ABOUT MAY 22, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND JOSEPHBERG,

JOSEPHBERG STATED IN PART, "I DON'T

WANT TO BE THE ONLY ONE BUYING

TODAY.  I HEARD IT LOOKS VERY BAD

FOR A BROKER TO BE THE ONLY ONE

BUYING, THAT'S WHAT I HEARD."

L.  ON OR ABOUT MAY 27, 2014,

DURING A TELEPHONE CALL BETWEEN

DISCALA AND CANE, CANE STATED, IN

PART, "WELL, IT'S UM, IT'S GONNA

START HAPPENING . . . I DON'T KNOW IF

THE PRESS HAS EVEN COME OUT YET.

THERE'S GONNA BE A RELEASE TODAY .

. . ON THE . . . ACQUISITION . . . WE'RE

HAVING A CONFERENCE CALL IN

ABOUT 30 MINUTES WITH THE FIRST PR

THAT'S GONNA GO OUT – THE PR

GROUP."

M. ON OR ABOUT MAY 29, 2014, DURING A

TELEPHONE CALL BETWEEN DISCALA AND

GOODRICH, DISCALA STATED, IN PART, "NO,

JUST BUY 100 AND STAY UNDER 43.  I'LL

HAVE THE OTHER GUYS MOVE UP."

**N. ON OR ABOUT JUNE 6, 2014, DURING A TELEPHONE CALL BETWEEN DISCALA AND CO-CONSPIRATOR 3, CO-CONSPIRATOR 3 STATED, IN PART, "WE DON'T NEED TO GO UP EVERY [EXPLETIVE] DAY, BUT THE BOTTOM LINE IS, YOU KNOW, WE'RE [EXPLETIVE] SUPPORTING THE STOCK[.]"**

IN ORDER FOR THE GOVERNMENT TO SATISFY THIS ELEMENT, IT IS NOT REQUIRED THAT ALL OF THE OVERT ACTS ALLEGED IN THE INDICTMENT BE PROVEN OR THAT THE OVERT ACT WAS COMMITTED AT PRECISELY THE TIME ALLEGED IN THE INDICTMENT.  IT IS SUFFICIENT IF YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT IT OCCURRED AT OR ABOUT

171

THE TIME AND PLACE STATED.  SIMILARLY, YOU NEED NOT FIND THAT EITHER DEFENDANT HIMSELF OR HERSELF COMMITTED THE OVERT ACT.  IT IS SUFFICIENT FOR THE GOVERNMENT TO SHOW THAT ONE OF THE CONSPIRATORS KNOWINGLY COMMITTED AN OVERT ACT IN FURTHERANCE OF THE CONSPIRACY, SINCE, IN THE EYES OF THE LAW, SUCH AN ACT BECOMES THE ACT OF ALL OF THE MEMBERS OF THE CONSPIRACY.

THE SECOND ADDITIONAL ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE OVERT ACT OR ACTS YOU FIND WERE COMMITTED, WERE DONE SPECIFICALLY TO FURTHER SOME OBJECTIVE OF THE CONSPIRACY.

IN ORDER FOR THE GOVERNMENT TO SATISFY THIS

ELEMENT, IT MUST PROVE, BEYOND A REASONABLE

DOUBT, THAT AT LEAST ONE OVERT ACT WAS

KNOWINGLY AND WILLFULLY DONE, BY AT LEAST ONE

CONSPIRATOR, IN FURTHERANCE OF SOME OBJECT OR

PURPOSE OF THE CONSPIRACY AS CHARGED IN THE

INDICTMENT.  IN THIS REGARD, YOU SHOULD BEAR IN

MIND THAT THE OVERT ACT, STANDING ALONE, MAY BE

AN INNOCENT, LAWFUL ACT.  FREQUENTLY, HOWEVER,

AN APPARENTLY INNOCENT ACT SHEDS ITS HARMLESS

CHARACTER IF IT IS A STEP IN CARRYING OUT,

PROMOTING, AIDING OR ASSISTING THE

CONSPIRATORIAL SCHEME.  THEREFORE, YOU ARE

INSTRUCTED THAT THE OVERT ACT DOES NOT HAVE TO

BE AN ACT WHICH, IN AND OF ITSELF, IS CRIMINAL OR

CONSTITUTES AN OBJECTIVE OF THE CONSPIRACY.

IN SUM, IN ORDER TO PROVE THAT EITHER

DEFENDANT IS GUILTY OF COUNT ONE, THE

GOVERNMENT MUST PROVE, BEYOND A REASONABLE

DOUBT: 1) THAT THE PURPOSE OF THE CONSPIRACY WAS

TO COMMIT SECURITIES FRAUD; 2) THAT THAT

DEFENDANT KNOWINGLY AND INTENTIONALLY JOINED

THE CONSPIRACY; 3) THAT AT LEAST ONE OF THE OVERT

ACTS ALLEGED IN THE INDICTMENT WAS COMMITTED

BY AT LEAST ONE MEMBER OF THE CONSPIRACY; AND 4)

THAT THE OVERT ACT WAS COMMITTED SPECIFICALLY

TO FURTHER SOME OBJECTIVE OF THE CONSPIRACY.

# VENUE – CONSPIRACY TO COMMIT SECURITIES FRAUD

I HAVE EXPLAINED TO YOU THE ELEMENTS THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT AS TO COUNT ONE.  THE GOVERNMENT MUST ALSO PROVE VENUE.  AS I EXPLAINED TO YOU EARLIER, THE GOVERNMENT MUST PROVE VENUE ONLY BY A PREPONDERANCE OF THE EVIDENCE.  I REMIND YOU THAT TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT.

TO ESTABLISH VENUE FOR A CONSPIRACY TO COMMIT SECURITIES FRAUD AS CHARGED IN COUNT ONE, THE GOVERNMENT MUST PROVE THAT IT IS MORE LIKELY THAN NOT THAT AN OVERT ACT IN

FURTHERANCE OF THE CONSPIRACY WAS COMMITTED

IN THE EASTERN DISTRICT OF NEW YORK.  THE OVERT

ACT DOES NOT HAVE TO BE AN OVERT ACT THAT IS

CHARGED IN THE INDICTMENT IN FURTHERANCE OF THE

CONSPIRACY.  IN THIS REGARD, THE GOVERNMENT NEED

NOT PROVE THAT THE CRIME CHARGED WAS

COMMITTED IN THE EASTERN DISTRICT OF NEW YORK

OR THAT THE DEFENDANT OR ANY ALLEGED CO-

CONSPIRATOR WAS EVEN PHYSICALLY PRESENT HERE.

IT IS SUFFICIENT TO SATISFY THE VENUE REQUIREMENT

IF AN OVERT ACT IN FURTHERANCE OF THE CONSPIRACY

OCCURRED IN WITHIN THE EASTERN DISTRICT OF NEW

YORK.  THIS INCLUDES NOT JUST ACTS BY THE

DEFENDANTS OR THEIR CO-CONSPIRATORS, BUT ALSO

ACTS THAT THE CONSPIRATORS CAUSED OTHERS TO

TAKE THAT MATERIALLY FURTHERED THE ENDS OF THE

CONSPIRACY.

THEREFORE, IF YOU FIND THAT IT IS MORE LIKELY

THAN NOT THAT AN OVERT ACT IN FURTHERANCE OF

THE CONSPIRACY TOOK PLACE IN THE EASTERN

DISTRICT OF NEW YORK, THE GOVERNMENT HAS

SATISFIED ITS BURDEN OF PROOF AS TO VENUE AS TO

COUNT ONE.  AGAIN, I CAUTION YOU THAT THE

PREPONDERANCE OF THE EVIDENCE STANDARD APPLIES

ONLY TO VENUE.  THE GOVERNMENT MUST PROVE EACH

OF THE ELEMENTS OF ALL THE COUNTS BEYOND A

REASONABLE DOUBT.

IN SUM, IF YOU FIND THAT THE GOVERNMENT HAS

FAILED TO PROVE ANY ONE OF THE ELEMENTS FOR

COUNT ONE AS TO EITHER DEFENDANT, BEYOND A

REASONABLE DOUBT, THEN YOU MUST FIND THAT

DEFENDANT NOT GUILTY OF SECURITIES FRAUD

CONSPIRACY FOR COUNT ONE.  TO FIND THE DEFENDANT

GUILTY OF CONSPIRING TO COMMIT SECURITIES FRAUD

AS CHARGED IN COUNT ONE, YOU MUST FIND THAT THE

GOVERNMENT HAS PROVEN, BEYOND A REASONABLE

DOUBT, EACH ELEMENT OF THE CONSPIRACY TO

COMMIT SECURITIES FRAUD, AND THAT THE

GOVERNMENT HAS ALSO ESTABLISHED VENUE FOR THE

COUNT BY A PREPONDERANCE OF THE EVIDENCE.

## COUNT THREE – SECURITIES FRAUD (CODESMART)

COUNT THREE CHARGES ABRAXAS DISCALA WITH

SECURITIES FRAUD IN CONNECTION WITH THE SECURITY

CODESMART.

THAT CHARGE READS:

IN OR ABOUT AND BETWEEN

OCTOBER 2012 AND JULY 2014, BOTH

DATES BEING APPROXIMATE AND

INCLUSIVE, WITHIN THE EASTERN

DISTRICT OF NEW YORK AND

ELSEWHERE, THE DEFENDANT

ABRAXAS J. DISCALA, TOGETHER WITH

OTHERS, DID KNOWINGLY AND

WILLFULLY USE AND EMPLOY ONE OR

MORE MANIPULATIVE AND DECEPTIVE
DEVICES AND CONTRIVANCES,
CONTRARY TO RULE 10B-5 OF THE
RULES AND REGULATIONS OF THE
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION, TITLE 17,
CODE OF FEDERAL REGULATIONS,
SECTION 240.10B-5, BY (A) EMPLOYING
ONE OR MORE DEVICES, SCHEMES AND
ARTIFICES TO DEFRAUD; (B) MAKING
ONE OR MORE UNTRUE STATEMENTS
OF MATERIAL FACT AND OMITTING TO
STATE ONE OR MORE MATERIAL FACTS
NECESSARY IN ORDER TO MAKE THE

STATEMENTS MADE, IN LIGHT OF THE

CIRCUMSTANCES UNDER WHICH THEY

WERE MADE, NOT MISLEADING; AND (C)

ENGAGING IN ONE OR MORE ACTS,

PRACTICES AND COURSES OF BUSINESS

WHICH WOULD AND DID OPERATE AS A

FRAUD AND DECEIT UPON ONE OR

MORE INVESTORS OR POTENTIAL

INVESTORS IN CODESMART, IN

CONNECTION WITH THE PURCHASES

AND SALES INVESTMENTS IN

CODESMART, DIRECTLY AND

INDIRECTLY, BY USE OF MEANS AND

INSTRUMENTALITIES OF INTERSTATE

COMMERCE AND THE MAILS,

CONTRARY TO TITLE 15, UNITED

STATES CODE, SECTIONS 78J(B) AND

78FF, TITLE 18, UNITED STATES CODE,

SECTIONS 2 AND 3551.

I HAVE ALREADY PROVIDED YOU WITH THE

ELEMENTS OF SECURITIES FRAUD AND YOU SHOULD

APPLY THOSE ELEMENTS HERE.  TO SUMMARIZE,

SECURITIES FRAUD HAS THE FOLLOWING

ELEMENTS:

**FIRST**, THAT IN CONNECTION WITH THE PURCHASE

OR SALE OF A SECURITY, SPECIFICALLY CODESMART IN

THE CASE OF COUNT THREE, THE DEFENDANT DID ANY

ONE OR MORE OF THE FOLLOWING:

**(1) EMPLOYED A DEVICE, SCHEME OR ARTIFICE**

**TO DEFRAUD, OR**

**(2) MADE AN UNTRUE STATEMENT OF A**

**MATERIAL FACT OR OMITTED TO STATE A**

**MATERIAL FACT WHICH MADE WHAT WAS SAID,**

**UNDER THE CIRCUMSTANCES, MISLEADING, OR**

**(3) ENGAGED IN AN ACT, PRACTICE OR COURSE**

**OF BUSINESS THAT OPERATED, OR WOULD**

**OPERATE, AS A FRAUD OR DECEIT UPON A**

**PURCHASER OR SELLER.**

**SECOND, THAT THE DEFENDANT ACTED WILLFULLY,**

**KNOWINGLY AND WITH THE INTENT TO DEFRAUD.**

**THIRD, THAT THE DEFENDANT KNOWINGLY USED,**

**OR CAUSED TO BE USED, ANY MEANS OR INSTRUMENTS**

OF TRANSPORTATION OR COMMUNICATION IN INTERSTATE COMMERCE OR THE USE OF THE MAILS IN FURTHERANCE OF THE FRAUDULENT CONDUCT.

IF YOU FIND THAT THE GOVERNMENT HAS NOT PROVED EACH OF THOSE THREE ELEMENTS BEYOND A REASONABLE DOUBT WITH RESPECT TO DISCALA'S CONDUCT IN CONNECTION WITH THE SECURITY ITEN, YOU MUST FIND HIM NOT GUILTY.

## COUNT FOUR – SECURITIES FRAUD (CUBED)

**COUNT FOUR CHARGES ABRAXAS DISCALA AND**

**KYLEEN CANE WITH SECURITIES FRAUD IN CONNECTION**

**WITH THE SECURITY CUBED.**

**COUNT FOUR READS:**

**IN OR ABOUT AND BETWEEN**

**MARCH 2014 AND JULY 2014, BOTH**

**DATES BEING APPROXIMATE AND**

**INCLUSIVE, WITHIN THE EASTERN**

**DISTRICT OF NEW YORK AND**

**ELSEWHERE, THE DEFENDANTS**

**ABRAXAS J. DISCALA AND KYLEEN**

**CANE, TOGETHER WITH OTHERS, DID**

**KNOWINGLY AND WILLFULLY USE AND**

EMPLOY ONE OR MORE MANIPULATIVE

AND DECEPTIVE DEVICES AND

CONTRIVANCES, CONTRARY TO RULE

10B-5 OF THE RULES AND REGULATIONS

OF THE UNITED STATES SECURITIES

AND EXCHANGE COMMISSION, TITLE

17, CODE OF FEDERAL REGULATIONS,

SECTION 240.10B-5, BY (A) EMPLOYING

ONE OR MORE DEVICES, SCHEMES AND

ARTIFICES TO DEFRAUD; (B) MAKING

ONE OR MORE UNTRUE STATEMENTS

OF MATERIAL FACT AND OMITTING TO

STATE ONE OR MORE MATERIAL FACTS

NECESSARY IN ORDER TO MAKE THE

STATEMENTS MADE, IN LIGHT OF THE

CIRCUMSTANCES UNDER WHICH THEY

WERE MADE, NOT MISLEADING; AND (C)

ENGAGING IN ONE OR MORE ACTS,

PRACTICES AND COURSES OF BUSINESS

WHICH WOULD AND DID OPERATE AS A

FRAUD AND DECEIT UPON ONE OR

MORE INVESTORS OR POTENTIAL

INVESTORS IN CUBED, IN CONNECTION

WITH THE PURCHASES AND SALES

INVESTMENTS IN CUBED, DIRECTLY

AND INDIRECTLY, BY USE OF MEANS

AND INSTRUMENTALITIES OF

INTERSTATE COMMERCE AND THE

MAILS, CONTRARY TO TITLE 15, UNITED

STATES CODE, SECTIONS 78J(B) AND

78FF, TITLE 18, UNITED STATES CODE,

SECTIONS 2 AND 3551.

YOU SHOULD APPLY THE ELEMENTS OF SECURITIES

FRAUD TO THIS CHARGE.  TO SUMMARIZE FOR THE

FINAL TIME, SECURITIES FRAUD HAS THE FOLLOWING

ELEMENTS:

**FIRST**, THAT IN CONNECTION WITH THE PURCHASE

OR SALE OF A SECURITY, SPECIFICALLY CUBED, THE

DEFENDANTS DID ANY ONE OR MORE OF THE

FOLLOWING:

(1) EMPLOYED A DEVICE, SCHEME OR ARTIFICE

TO DEFRAUD, OR

188

**(2) MADE AN UNTRUE STATEMENT OF A**

**MATERIAL FACT OR OMITTED TO STATE A**

**MATERIAL FACT WHICH MADE WHAT WAS SAID,**

**UNDER THE CIRCUMSTANCES, MISLEADING, OR**

**(3) ENGAGED IN AN ACT, PRACTICE OR COURSE**

**OF BUSINESS THAT OPERATED, OR WOULD**

**OPERATE, AS A FRAUD OR DECEIT UPON A**

**PURCHASER OR SELLER.**

**SECOND, THAT THE DEFENDANTS ACTED**

**WILLFULLY, KNOWINGLY AND WITH THE INTENT TO**

**DEFRAUD.**

**THIRD, THAT THE DEFENDANTS KNOWINGLY USED,**

**OR CAUSED TO BE USED, ANY MEANS OR INSTRUMENTS**

**OF TRANSPORTATION OR COMMUNICATION IN**

INTERSTATE COMMERCE OR THE USE OF THE MAILS IN

FURTHERANCE OF THE FRAUDULENT CONDUCT.

IF YOU FIND THAT THE GOVERNMENT HAS NOT

PROVED EACH OF THE THREE ELEMENTS OF SECURITIES

FRAUD BEYOND A REASONABLE DOUBT WITH RESPECT

TO DISCALA'S AND/OR CANE'S CONDUCT IN CONNECTION

WITH THE SECURITIES CUBED, YOU MUST FIND HIM

AND/OR HER NOT GUILTY.

## VENUE – SECURITIES FRAUD

**I HAVE EXPLAINED TO YOU THE ELEMENTS THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT AS TO THE SECURITIES FRAUD CHARGED IN COUNTS THREE AND FOUR. THE GOVERNMENT MUST ALSO PROVE VENUE FOR EACH COUNT. UNLIKE THE ELEMENTS I JUST EXPLAINED TO YOU THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, THE GOVERNMENT MUST PROVE VENUE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH A FACT BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE THAT THE FACT IS MORE LIKELY TRUE THAN NOT. A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE, BOTH DIRECT AND**

CIRCUMSTANTIAL. IT REFERS TO THE QUALITY AND

PERSUASIVENESS OF THE EVIDENCE, NOT TO THE

QUANTITY OF EVIDENCE.

TO ESTABLISH VENUE FOR SECURITIES FRAUD AS

CHARGED IN COUNTS THREE AND FOUR, THE

GOVERNMENT MUST PROVE THAT IT IS MORE LIKELY

THAN NOT THAT (1) THE DEFENDANT INTENTIONALLY

AND KNOWINGLY CAUSED AN ACT OR TRANSACTION

CONSTITUTING A SECURITIES FRAUD TO OCCUR, AT

LEAST IN PART, IN THE EASTERN DISTRICT OF NEW

YORK, WHICH CONSISTS OF THE COUNTIES OF KINGS

(ALSO KNOWN AS BROOKLYN), QUEENS, RICHMOND

(ALSO KNOWN AS STATEN ISLAND), NASSAU, AND

SUFFOLK, OR (2) IT WAS FORESEEABLE THAT SUCH AN

ACT OR TRANSACTION WOULD OCCUR IN THE EASTERN DISTRICT OF NEW YORK, AND IT DID. THE GOVERNMENT NEED NOT PROVE THAT THE DEFENDANT PERSONALLY WAS PRESENT IN THE EASTERN DISTRICT OF NEW YORK. IT IS SUFFICIENT TO SATISFY THE VENUE REQUIREMENT IF THE DEFENDANT INTENTIONALLY AND KNOWINGLY CAUSED AN ACT OR TRANSACTION CONSTITUTING A SECURITIES FRAUD TO OCCUR, AT LEAST IN PART, WITHIN THE EASTERN DISTRICT OF NEW YORK.

THE GOVERNMENT ALSO MUST PROVE THAT THE ACT OR TRANSACTION MUST BE A PART OF THE ACTUAL CRIME OF SECURITIES FRAUD AND NOT MERELY A STEP TAKEN IN PREPARATION FOR THE COMMISSION OF THE CRIME.

THEREFORE, IF YOU FIND THAT IT IS MORE LIKELY THAN

NOT THAT AN ACT OR TRANSACTION IN FURTHERANCE

OF THE SECURITIES FRAUD TOOK PLACE IN THE

EASTERN DISTRICT OF NEW YORK, THE GOVERNMENT

HAS SATISFIED ITS BURDEN OF PROOF AS TO VENUE AS

TO COUNTS THREE AND FOUR.

AGAIN, I CAUTION YOU THAT THE PREPONDERANCE

OF THE EVIDENCE STANDARD APPLIES ONLY TO VENUE.

THE GOVERNMENT MUST PROVE EACH OF THE

ELEMENTS OF SECURITIES FRAUD IN COUNTS THREE AND

FOUR BEYOND A REASONABLE DOUBT.

IN SUM, TO FIND A DEFENDANT GUILTY OF

SECURITIES FRAUD AS CHARGED IN COUNT THREE AND

COUNT FOUR, YOU MUST FIND THAT THE GOVERNMENT

HAS PROVEN, BEYOND A REASONABLE DOUBT, EACH

ELEMENT OF SECURITIES FRAUD FOR THAT COUNT, AND

THAT THE GOVERNMENT HAS ALSO ESTABLISHED VENUE

FOR THAT COUNT BY A PREPONDERANCE OF THE

EVIDENCE.

## COUNTS FIVE THROUGH TEN - WIRE FRAUD

COUNTS FIVE THROUGH TEN EACH CHARGE WIRE

FRAUD.  EACH INDIVIDUAL WIRE IN FURTHERANCE OF A

FRAUDULENT SCHEME IS A SEPARATE CRIME.  COUNTS

FIVE THROUGH TEN CHARGE SIX SEPARATE CRIMES

RELATING TO SIX SEPARATE USES OF THE WIRES IN

FURTHERANCE OF ONE SCHEME.

COUNTS FIVE THROUGH TEN READ:

IN OR ABOUT AND BETWEEN

OCTOBER 2012 AND JULY 2014, BOTH

DATES BEING APPROXIMATE AND

INCLUSIVE, WITHIN THE EASTERN

DISTRICT OF NEW YORK AND

ELSEWHERE, THE DEFENDANT

ABRAXAS J. DISCALA, TOGETHER WITH

OTHERS, DID KNOWINGLY AND

INTENTIONALLY DEVISE A SCHEME

AND ARTIFICE TO DEFRAUD INVESTORS

AND POTENTIAL INVESTORS IN

CERTAIN OF THE MANIPULATED

PUBLIC COMPANIES, AND TO OBTAIN

MONEY AND PROPERTY FROM THEM BY

MEANS OF MATERIALLY FALSE AND

FRAUDULENT PRETENSES,

REPRESENTATIONS AND PROMISES,

AND FOR THE PURPOSE OF EXECUTING

SUCH SCHEME AND ARTIFICE, THE

DEFENDANT ABRAXAS J. DISCALA,

TOGETHER WITH OTHERS, DID

TRANSMIT AND CAUSE TO BE

TRANSMITTED BY MEANS OF WIRE

COMMUNICATION IN INTERSTATE AND

FOREIGN COMMERCE, WRITINGS,

SIGNS, SIGNALS, PICTURES, AND

SOUNDS.

ON OR ABOUT THE DATES SET FORTH BELOW, FOR

THE PURPOSE OF EXECUTING SUCH SCHEME AND

ARTIFICE, THE DEFENDANT ABRAXAS DISCALA,

TOGETHER WITH OTHERS, DID TRANSMIT AND CAUSE TO

BE TRANSMITTED, BY MEANS OF WIRE COMMUNICATION

IN INTERSTATE AND FOREIGN COMMERCE, WRITINGS,

SIGNS, SIGNALS, PICTURES, AND SOUNDS, AS SET FORTH

**BELOW:**

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE WIRE |
|---|---|---|
| FIVE | MAY 9, 2014 | TELEPHONE CALL FROM DISCALA TO GOODRICH DISCUSSING, AMONG OTHER THINGS, THE MANIPULATION OF CUBED'S STOCK. |
| SIX | MAY 9, 2014 | TELEPHONE CALL FROM DISCALA TO BROKER 1, AN INDIVIDUAL WHOSE IDENTITY IS KNOWN TO |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE WIRE |
|---|---|---|
| | | THE GRAND JURY, DISCUSSING, AMONG OTHER THINGS, THE MANIPULATION OF CUBED'S STOCK. |
| SEVEN | MAY 9, 2014 | TELEPHONE CALL FROM DISCALA TO CO-CONSPIRATOR 2 DISCUSSING, AMONG OTHER THINGS, THE MANIPULATION OF |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE WIRE |
|---|---|---|
| | | CUBED'S AND STARSTREAM'S STOCKS. |
| EIGHT | JUNE 12, 2014 | TELEPHONE CALL FROM DISCALA TO TRADER 1, AN INDIVIDUAL WHOSE IDENTITY IS KNOWN TO THE GRAND JURY, DISCUSSING, AMONG OTHER THINGS, THE MANIPULATION OF STARSTREAM'S STOCK. |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE WIRE |
|---|---|---|
| NINE | JUNE 12, 2014 | TELEPHONE CALL FROM DISCALA TO JOSEPHBERG DISCUSSING, AMONG OTHER THINGS, THE MANIPULATION OF STARSTREAM'S STOCK. |
| TEN | JUNE 12, 2014 | TELEPHONE CALL FROM DISCALA TO CO-CONSPIRATOR 3 DISCUSSING, AMONG OTHER THINGS, THE |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF THE WIRE |
|-------|------------------|-------------------------|
|       |                  | MANIPULATION OF CODESMART'S, CUBED'S, AND STARSTREAM'S STOCK. |

I HAVE ALREADY DESCRIBED THE ELEMENTS OF

WIRE FRAUD.  THOSE ELEMENTS APPLY TO THESE

CHARGES AS WELL.

NOTABLY, WITH RESPECT TO THE USE OF THE

WIRES, THE GOVERNMENT MUST ESTABLISH BEYOND A

REASONABLE DOUBT THE PARTICULAR USE CHARGED IN

THE INDICTMENT.  HOWEVER, THE GOVERNMENT DOES

NOT HAVE TO PROVE THAT THE WIRES WERE USED ON

THE EXACT DATE CHARGED IN THE INDICTMENT.  IT IS

SUFFICIENT IF THE EVIDENCE ESTABLISHES BEYOND A

REASONABLE DOUBT THAT THE WIRES WERE USED ON A

DATE SUBSTANTIALLY SIMILAR TO THE DATES CHARGED

IN THE INDICTMENT.

## GOOD FAITH

I HAVE ALREADY GIVEN YOU CERTAIN

INSTRUCTIONS REGARDING THE DEFENSE OF GOOD

FAITH.  I NOW WANT TO IMPRESS UPON YOU THAT GOOD

FAITH IS A COMPLETE DEFENSE TO THE CHARGES IN

THIS CASE.

AS I HAVE ALREADY TOLD YOU, SOME OF THE

CHARGES IN THIS CASE DEAL WITH FALSE STATEMENTS.

A STATEMENT MADE WITH GOOD FAITH BELIEF IN ITS

ACCURACY DOES NOT AMOUNT TO A FALSE STATEMENT

AND IS NOT A CRIME.  THIS IS SO EVEN IF THE

STATEMENT IS, IN FACT, ERRONEOUS.

OTHER OF THE CHARGES IN THIS CASE DEAL

WITH FRAUD.  IF A DEFENDANT BELIEVED IN GOOD

FAITH THAT HE OR SHE WAS ACTING PROPERLY, EVEN IF

HE WAS MISTAKEN IN THAT BELIEF, AND EVEN IF

OTHERS WERE INJURED BY HIS CONDUCT, THERE WOULD

BE NO CRIME.

THE BURDEN OF ESTABLISHING LACK OF GOOD

FAITH AND CRIMINAL INTENT RESTS ON THE

GOVERNMENT.  A DEFENDANT IS UNDER NO BURDEN TO

PROVE HIS OR HER GOOD FAITH; RATHER, AS I HAVE

CHARGED YOU, THE GOVERNMENT MUST PROVE BAD

FAITH OR KNOWLEDGE OF FALSITY, AS APPROPRIATE,

BEYOND A REASONABLE DOUBT.

## FRAUD REQUIRES MORE THAN DECEIT

NOT EVERY DECEITFUL STATEMENT IS A BASIS FOR

FRAUD, FOR FRAUD REQUIRES MORE THAN JUST DECEIT.

A LIE CAN SUPPORT A FRAUD CONVICTION ONLY IF IT IS

MATERIAL – THAT IS, IF IT WOULD AFFECT A

REASONABLE PERSON'S EVALUATION OF A PROPOSAL.

IN GENERAL, A FALSE STATEMENT IS MATERIAL IF IT

HAS A NATURAL TENDENCY TO INFLUENCE, OR IS

CAPABLE OF INFLUENCING, THE DECISION OF THE

DECISION-MAKER TO WHICH IT WAS ADDRESSED.

IN ADDITION TO BEING MATERIAL, THE DECEIT

MUST ALSO BE COUPLED WITH A CONTEMPLATED HARM

TO THE VICTIM.  IT IS NOT SUFFICIENT THAT THE

DEFENDANT REALIZES THAT THE ALLEGED SCHEME IS

**FRAUDULENT AND THAT IT HAS THE CAPACITY TO**

**CAUSE HARM TO ITS VICTIMS, BUT, INSTEAD, PROOF**

**MUST DEMONSTRATE THAT THE DEFENDANT HAD**

**CONSCIOUS, KNOWING INTENT TO DEFRAUD AND THAT**

**THE DEFENDANT CONTEMPLATED OR INTENDED SOME**

**HARM TO THE PROPERTY RIGHTS OF THE VICTIM.**

## USING MOTIVE FOR INTENT

PROOF OF MOTIVE IS NOT A NECESSARY ELEMENT OF THE CRIMES WITH WHICH THE DEFENDANTS ARE CHARGED.

PROOF OF MOTIVE DOES NOT ESTABLISH GUILT, NOR DOES LACK OF MOTIVE ESTABLISH THAT A DEFENDANT IS INNOCENT.

IF THE GUILT OF THE DEFENDANT IS SHOWN BEYOND A REASONABLE DOUBT, IT IS IMMATERIAL WHAT THE MOTIVE FOR THE CRIMES MAY BE, OR WHETHER ANY MOTIVE BE SHOWN, BUT THE PRESENCE OR ABSENCE OF MOTIVE IS A CIRCUMSTANCE WHICH YOU MAY CONSIDER AS BEARING ON THE INTENT OF A DEFENDANT.

# III. RULES GOVERNING JURY DELIBERATIONS

## INTRO.  TO DELIBERATIONS AND SELECTING FOREPERSON

YOU ARE ABOUT TO GO INTO THE JURY ROOM, MEMBERS OF THE JURY, TO BEGIN YOUR DELIBERATIONS.  THAT BRINGS US TO THE THIRD AND FINAL PART OF MY CHARGE WHICH PROVIDES SOME GENERAL RULES REGARDING YOUR DELIBERATIONS.

IN ORDER THAT YOUR DELIBERATIONS MAY PROCEED IN AN ORDERLY FASHION, FIRST YOU SHOULD HAVE A FOREPERSON.  TRADITIONALLY, JUROR NUMBER ONE ACTS AS FOREPERSON.  OF COURSE, HIS OR HER VOTE IS ENTITLED TO NO GREATER WEIGHT THAN THAT OF ANY OTHER JUROR.

## DELIBERATIONS

KEEP IN MIND THAT NOTHING I HAVE SAID IN THESE INSTRUCTIONS IS INTENDED TO SUGGEST TO YOU IN ANY WAY WHAT I THINK YOUR VERDICT SHOULD BE.  THAT IS ENTIRELY FOR YOU TO DECIDE.

BY WAY OF REMINDER, I CHARGE YOU ONCE AGAIN THAT IT IS YOUR RESPONSIBILITY TO JUDGE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED DURING THE TRIAL AND TO APPLY THE LAW AS I HAVE GIVEN IT TO YOU TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE.

WHEN YOU RETIRE, IT IS YOUR DUTY TO DISCUSS THE CASE FOR THE PURPOSE OF REACHING AGREEMENT IF YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE

CASE FOR YOURSELF, BUT SHOULD ONLY DO SO AFTER

CONSIDERING ALL THE EVIDENCE, LISTENING TO THE

VIEWS OF YOUR FELLOW JURORS, AND DISCUSSING IT

FULLY.  IT IS IMPORTANT THAT YOU REACH A VERDICT

IF YOU CAN DO SO CONSCIENTIOUSLY.  YOU SHOULD NOT

HESITATE TO RECONSIDER YOUR OPINIONS FROM TIME

TO TIME AND TO CHANGE THEM IF YOU ARE CONVINCED

THAT THEY ARE WRONG.  HOWEVER, DO NOT

SURRENDER AN HONEST CONVICTION AS TO WEIGHT

AND EFFECT OF THE EVIDENCE SIMPLY TO ARRIVE AT A

VERDICT.

## <u>UNANIMOUS VERDICT</u>

ANY VERDICT YOU REACH MUST BE UNANIMOUS.

THAT IS, WITH RESPECT TO EACH COUNT, FOR EACH

DEFENDANT, YOU MUST ALL AGREE AS TO WHETHER

YOUR VERDICT IS GUILTY OR NOT GUILTY AS TO THAT

COUNT.

## TIME AND PLACE OF DELIBERATIONS

DELIBERATIONS ARE TO TAKE PLACE ONLY IN THE

JURY ROOM.  YOU WILL NOT DISCUSS THIS CASE WITH

ANYONE OUTSIDE THE JURY ROOM.  AND THAT

INCLUDES YOUR FELLOW JURORS.  YOU WILL ONLY

DISCUSS THE CASE WHEN ALL 12 DELIBERATING JURORS

ARE TOGETHER, IN THE JURY ROOM, WITH NO ONE ELSE

PRESENT, BEHIND THE CLOSED DOOR.  AT NO OTHER

TIME IS THERE TO BE ANY DISCUSSION ABOUT THE

MERITS OF THE CASE.  PERIOD.

## NO CONSIDERATION OF PUNISHMENT

FINALLY, YOU CANNOT ALLOW A CONSIDERATION

OF THE PUNISHMENT WHICH MAY BE IMPOSED UPON A

DEFENDANT, IF CONVICTED, TO INFLUENCE YOUR

VERDICT IN ANY WAY OR TO ENTER INTO YOUR

DELIBERATIONS.

REGARDLESS, THE DUTY OF IMPOSING A SENTENCE

RESTS EXCLUSIVELY WITH ME. YOUR DUTY IS TO WEIGH

THE EVIDENCE IN THE CASE AND TO DETERMINE

WHETHER THE GOVERNMENT HAS PROVEN EVERY

ELEMENT BEYOND A REASONABLE DOUBT SOLELY UPON

SUCH EVIDENCE AND UPON THE LAW WITHOUT BEING

INFLUENCED BY ANY ASSUMPTION, CONJECTURE,

**SYMPATHY, OR INFERENCE NOT WARRANTED BY THE**

**FACTS.**

## NO COMMUNICATIONS RULE

AS I AM SURE YOU CAN IMAGINE, IT IS VERY

IMPORTANT THAT YOU NOT COMMUNICATE WITH

ANYONE OUTSIDE THE JURY ROOM ABOUT YOUR

DELIBERATIONS OR ABOUT ANYTHING TOUCHING THIS

CASE.  THERE IS ONLY ONE EXCEPTION TO THIS RULE.  IF

IT BECOMES NECESSARY DURING YOUR DELIBERATIONS

TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE,

THROUGH THE MARSHAL, SIGNED BY YOUR FOREPERSON

OR BY ONE OR MORE MEMBERS OF THE JURY.  NO

MEMBER OF THE JURY SHOULD EVER ATTEMPT TO

COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING,

AND I WILL NEVER COMMUNICATE WITH ANY MEMBER

OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS

OF THE CASE OTHER THAN IN WRITING, OR ORALLY

HERE IN OPEN COURT.  IF YOU SEND ANY NOTES TO THE

COURT, DO NOT DISCLOSE ANYTHING ABOUT YOUR

DELIBERATIONS.  SPECIFICALLY, DO NOT DISCLOSE TO

ANYONE— NOT EVEN TO ME— HOW THE JURY STANDS,

NUMERICALLY OR OTHERWISE, ON THE QUESTION OF

THE GUILT OR INNOCENCE OF THE DEFENDANT, UNTIL

AFTER YOU HAVE REACHED A UNANIMOUS VERDICT ON

EACH COUNT OR HAVE BEEN DISCHARGED.

## JURY RECOLLECTION AND JURY NOTES

KEEP IN MIND TOO THAT IN DELIBERATIONS, THE

JURY'S RECOLLECTION GOVERNS, NOBODY ELSE'S.  NOT

THE COURT'S -- IF I HAVE MADE REFERENCE TO THE

TESTIMONY -- AND NOT COUNSEL'S RECOLLECTION.  IT

IS YOUR RECOLLECTION THAT MUST GOVERN DURING

YOUR DELIBERATIONS.  IF NECESSARY, DURING THOSE

DELIBERATIONS, YOU MAY REQUEST BY JURY NOTE A

READING FROM THE TRIAL TRANSCRIPT THAT MAY

REFRESH YOUR RECOLLECTION.

PLEASE, AS BEST YOU CAN, TRY TO BE AS SPECIFIC

AS POSSIBLE IN YOUR REQUESTS FOR READ BACKS; IN

OTHER WORDS, IF YOU ARE INTERESTED ONLY IN A

PARTICULAR PART OF A WITNESS'S TESTIMONY, PLEASE

INDICATE THAT TO US.  IT MAY TAKE SOME TIME FOR US

TO LOCATE THE TESTIMONY IN THE TRANSCRIPTS, SO

PLEASE BE PATIENT.  AND, AS A GENERAL MATTER, IF

THERE IS EVER A DELAY IN RESPONDING TO A JURY

NOTE, PLEASE UNDERSTAND THERE IS A REASON FOR IT.

NONE OF US GOES ANYWHERE.  AS SOON AS A JURY NOTE

IS DELIVERED TO THE COURT BY THE MARSHAL, WE

TURN OUR ATTENTION TO IT IMMEDIATELY.

IN THE SAME WAY, IF YOU HAVE ANY QUESTIONS

ABOUT THE APPLICABLE LAW OR YOU WANT A FURTHER

EXPLANATION FROM ME, SEND ME A NOTE.  WE WILL

PROVIDE A RESPONSE AS SOON AS WE CAN.

## COMPLETION OF VERDICT SHEET

I HAVE PROVIDED THE JURY WITH A VERDICT SHEET, WHICH IS SELF-EXPLANATORY.  NEEDLESS TO SAY, HOWEVER, IF YOU HAVE ANY QUESTIONS ABOUT THE VERDICT SHEET, DO NOT HESITATE TO SEND THE COURT A NOTE ASKING FOR FURTHER INSTRUCTIONS.

WITH RESPECT TO EACH COUNT, YOU ARE TO RESOLVE INDIVIDUALLY THE ISSUE OF WHETHER THE GOVERNMENT HAS ESTABLISHED BEYOND A REASONABLE DOUBT THE ESSENTIAL ELEMENTS OF THE OFFENSE AS I HAVE DESCRIBED THEM TO YOU.  THAT IS, YOU MUST ALL AGREE UNANIMOUSLY AS TO WHETHER YOUR VERDICT IS GUILTY OR NOT GUILTY.

**WHEN YOU HAVE REACHED A DECISION, HAVE THE FOREPERSON RECORD THE ANSWERS, SIGN THE VERDICT FORM, AND PUT THE DATE ON IT -- AND NOTIFY THE MARSHAL BY NOTE THAT YOU HAVE REACHED A VERDICT.  BRING THE COMPLETED VERDICT SHEET WITH YOU WHEN SUMMONED BY THE COURT.**

## BIAS

YOU MUST NOT BE INFLUENCED BY SYMPATHY,

PREJUDICE, OR PUBLIC OPINION.  I REMIND YOU AT THE

OUTSET THAT EACH OF YOU HAS UNDERTAKEN A

SOLEMN OBLIGATION, A SWORN OBLIGATION, TO

DECIDE THIS CASE SOLELY ON THE EVIDENCE.  YOU

MUST CAREFULLY AND IMPARTIALLY CONSIDER THE

EVIDENCE, FOLLOW THE LAW AS I STATE IT, AND REACH

A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

## JUROR'S OATH OF DUTY

AS YOU BEGIN YOUR DELIBERATIONS, REMEMBER

YOUR OATH SUMS UP YOUR DUTY – AND THAT IS –

WITHOUT FEAR OR FAVOR TO ANY PERSON OR PARTY,

YOU WILL WELL AND TRULY TRY THE ISSUES IN THIS

CASE ACCORDING TO THE EVIDENCE GIVEN TO YOU IN

COURT AND THE LAWS OF THE UNITED STATES.

## <u>DISMISSAL OF ALTERNATE JURORS</u>

IN A FEW MINUTES, I AM GOING TO EXCUSE OUR

ALTERNATE JURORS.  AS I TOLD YOU BEFORE, YOUR

SERVICES WERE REQUIRED AS A SAFEGUARD AGAINST

THE POSSIBILITY THAT ONE OF THE REGULAR JURORS

MIGHT BE UNABLE TO COMPLETE HIS OR HER SERVICE.  I

COMMEND THE ALTERNATE JURORS FOR THEIR

FAITHFUL ATTENDANCE AND ATTENTION.  ON BEHALF

OF THE COURT AND THE PARTIES, I THANK YOU FOR

YOUR SERVICE.

## <u>PAUSE FOR EXCEPTIONS TO CHARGE</u>

**MEMBERS OF THE JURY, I ASK YOUR PATIENCE FOR A FEW MOMENTS LONGER.  IT MAY BE NECESSARY FOR ME TO SPEND A FEW MOMENTS WITH COUNSEL AND THE REPORTER AT THE SIDE BAR.  IF SO, I WILL ASK YOU TO REMAIN PATIENTLY IN THE BOX, WITHOUT SPEAKING TO EACH OTHER, AND WE WILL RETURN IN JUST A MOMENT TO SUBMIT THE CASE TO YOU.**

**THANK YOU AGAIN FOR YOUR TIME AND ATTENTIVENESS.**