```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                    :
                                             :
              -against-                      :
                                             :        MEMORANDUM & ORDER
MICHAEL MORRIS, et al                        :
                                             :        14-cr-399 (ENV)
                            Defendants.      :
                                             :
------------------------------------------------------------ :
                                             X
```

VITALIANO, D.J.

On December 28, 2017, attorney Maranda Fritz of Thompson Hines LLP, was, upon the government's *Curcio*[1] motion and the objection of co-defendant Craig Josephberg, ordered disqualified as counsel for defendant Michael Morris. *United States v. DiScala*, 2017 WL 6623985 (E.D.N.Y. Dec. 28, 2017). The Court adhered to its ruling when Morris sought reconsideration, Dkt No. 469, and made clear that the disqualification of Attorney Fritz generally extended to the Thompson Hines firm. In quest of new counsel, Morris gave notice of his desire to retain Attorney Brian D. Waller, Esq., a senior counsel at Thompson Hines, to represent him in this case. The government opposes his application; Josephberg makes no objection.[2] For the reasons and to the extent set forth below, Morris's motion to retain Attorney Waller is granted.

---

[1] *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

[2] The government arguably lacks standing to oppose Morris's application. *See United States v. Cunningham*, 672 F.2d 1064 (2d Cir. 1982). The Court does not reach the issue of the government's standing, however, given its independent obligation to ensure that proceedings are conducted in conformity with the disciplinary rules. *See Wheat v. United States*, 486 U.S. 153, 160, 108 S. Ct. 1692, 1698, 100 L. Ed. 2d 140 (1988); *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).

1

Discussion

The background facts, procedural history, and the applicable rules and authorities are set out in the Court's decisions noted above. The familiarity of the parties with them is presumed and they will not be repeated or supplemented here needlessly. The only issue presented on Morris's application is whether his proposed retention of Attorney Waller is permissible under the disciplinary rules and ethical norms governing practice in the federal courts. Morris contends that, given the facts and circumstances of his affiliation with Thompson Hines, retention of Attorney Waller fits within an exception to the ordinary rule disqualifying all attorneys at a firm where one attorney at the firm has been disqualified from the subject representation. *See generally* N.Y. Prof. Rule of Conduct 1.10.

The presumption that the disqualification of one attorney at a firm disqualifies all can be rebutted by a showing that, "in appropriate cases and on convincing facts, isolation-whether it results from the intentional construction of a 'Chinese Wall,' or from *de facto* separation that effectively protects against any sharing of confidential information- [adequately protects] against taint." *Hempstead Video, Inc.*, 409 F.3d at 138. Factors in this analysis, for example, include the timing of any screening mechanisms. *See, e.g., First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 73 (S.D.N.Y. 2017) (using erection of screen post-disqualification motion in disqualification analysis); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2016 WL 727171, at *4 (E.D.N.Y. Feb. 23, 2016) (time gap).

A fair review of the facts and circumstances here shows that sufficient steps had effectively been taken which avoid Attorney Waller's disqualification on account of his mere association with Thompson Hine. Indeed, he has shown that there was a degree of *de facto* separation in place before he was asked by Morris to serve as counsel. Attorney Waller declares

that he became associated with Thompson Hine in August 2015; that he was not associated with Attorney Fritz's prior firm; and that he had not met her before coming to Thompson Hine. Dkt. No. 578 at 1-2, ¶s 1-3. Additionally, it stands uncontested that Attorney Fritz's representation of Josephberg ended before she joined Thompson Hine. Attorney Waller, moreover, avers in a declaration that he "[has] never had any discussions with Maranda Fritz or attorney Brian Steinwascher regarding the underlying facts or allegations in the case," and, further, that he has "had no discussions with [either of them] about trial strategy in the case." Dkt. No. 578 at 1-2, ¶ 5. At the most, he says, Attorneys Fritz and Steinwascher discussed the reconsideration motion with him. Dkt. No. 578 at 2, ¶ 6. Attorney Waller also makes clear that he does not possess nor does he have access to any of Josephberg's "confidential or privileged information." *Id.* at 3, ¶ 11. *See Papyrus Tech. Corp. v. New York Stock Exchange, Inc.*, 325 F. Supp. 2d 270, 279 (S.D.N.Y. 2004). Such unpenetrated separation between Attorney Waller and the tainted attorneys at Thompson Hine walls off an untainted attorney from imputation of taint simply related to his association with the tainted firm.[3] *See Cummin v. Cummin*, 264 A.D.2d 637, 639, 695 N.Y.S. 346, 347 (1st Dep't 1999) (reversing disqualification of law firm based on imputation, where tainted attorney had not shared information with firm associates).[4]

Equally important, Attorney Waller appears to have a plan to ensure that the wall of

---

[3] Attorney Waller's status as senior counsel to the Thompson Hine firm also weighs in favor of his application. *See Bison Plumbing City, Inc. v. Benderson*, 281 A.D.2d 955, 722 N.Y.S.2d 660, 661 (4th Dep't. 2001) (determining that, even if firm should be disqualified, attorney's status as "special counsel" did not warrant his disqualification).

[4] Though not binding on a district court, relevant state precedents interpreting state disciplinary rules are very helpful guideposts in determining the appropriateness of attorney disqualification. *See First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 56 (S.D.N.Y. 2017); *Kassis v. Teacher's Ins. and Annuity Ass'n*, 93 N.Y. 2d 611, 695 N.Y.S. 2d 515, 717 N.E. 2d 674 (1999) (citations and quotation marks omitted).

separation would not be penetrated going forward. He represents that: (a) any "work product containing notes or comments about Ms. Fritz's prior representation of [Josephberg] in connection with the 2012 FINRA examination, if any exists, would be 'scrubbed' and not provided to me;" (b) that a case transfer between Attorney Fritz and himself would be limited to "her providing me with the case files, explaining the general case background, including her analysis of the CodeSmart trading events and the legal issues concerning the government's claim of market manipulation;" and (c) Attorney Fritz would not "discuss defense trial strategy with me to the extent that it pertained in any way to [Josephberg]." Dkt. No. 577 at 2. He reiterated this at the March 9 hearing. Trans. at 19, 7:25.

Upon these facts, circumstances, and Attorney Waller's representation that the wall of separation will be maintained as he handles Morris's defense, Morris's motion to retain Attorney Waller as his counsel of record is granted,[5] but only to the extent it is in accord with the following terms and conditions.

First, any work product containing notes or comments about Attorney Fritz's prior representation of Josephberg in connection with the 2012 FINRA examination, if it exists, must be scrubbed and such information withheld from Attorney Waller. Second, the case transfer between Attorney Fritz and Attorney Waller must be limited to providing the case files, but there shall be no discussion with respect to any aspect of trial strategy or case analysis. Any such discussion or contacts between Attorney Waller and any other Thompson Hine attorney

---

[5] Notwithstanding Attorney Steinwascher's representations as set forth in his declaration, the Court cannot countenance a screening mechanism put in place after the horse has left the barn. He has worked on the case since September 2016. *See* Dkt. No. 256 (Motion to Substitute Counsel). To the extent Morris's motion seeks to allow Attorney Steinwascher to assist in his defense, the motion is denied.

4

regarding Morris's defense in this case shall be limited to effecting a seamless transfer of Morris's case file. No other attorney or Thompson Hine support staff who had any contact touching on Attorney Fritz's defense of Morris shall be in any way involved in the file transition or with Attorney Waller's representation of Morris going forward. Thompson Hine shall take all necessary steps to ensure strict compliance with this order.

## Conclusion

In line with the foregoing, Morris's motion to retain Attorney Waller as his attorney of record in this case is granted to the extent indicated. All other Thompson Hine attorneys currently of record for Morris shall be terminated from the docket.

Morris and Attorney Waller shall appear for the status conference calendared for May 11, 2018.

Dated: Brooklyn, New York
April 30, 2018

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge